IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Acton No. 16-cv-00230-CMA-MJW

JOAN OBESLO, et al., on behalf of GREAT-WEST FUNDS, INC.,

*Plaintiffs*,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

*Defendant.*

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Scheduling Conference – March 29, 2016 at 10:30 a.m.

| Counsel for all Plaintiffs: | Counsel for Defendant: |
|---|---|
| Jerome J. Schlichter | Edward C. Stewart, #23834 |
| Michael A. Wolff | Wheeler Trigg O'Donnell LLP |
| Mark G. Boyko | 370 Seventeenth Street, Suite 4500 |
| Sean E. Soyars | Denver, CO 80202-5647 |
| Schlichter Bogard and Denton, LLP | Tel: (303) 244-1800 |
| 100 South 4th Street, Suite 1200 | Fax: (303) 244-1879 |
| St. Louis, MO 63102 | |
| Phone: (314) 621-6115 | Sean M. Murphy |
| Fax: (314) 621-5934 | Milbank, Tweed, Hadley & McCloy LLP |
| | 28 Liberty Street, 47th Floor |
| | New York, NY 10005-1413 |
| | Tel: (212) 530-5000 |
| | Fax: (212) 822-5688 |
| | |
| | Robert M. Little |
| | Great-West Financial |
| | 8525 E. Orchard Road, 2T3 |
| | Greenwood Village, CO 80111 |

|  | Tel: (303) 737-5089 |
|---|---|
|  | Fax: (303) 737-1699 |

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction under 15 U.S.C. §80a-35(b)(5) and §80a-43, and 28 U.S.C. §1331 because this is an action arising under §36(b) of the Investment Company Act, 15 U.S.C. §80a-35(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiffs:

Section 36(b) of the Investment Company Act imposes a "fiduciary duty [on investment advisers] with respect to the receipt of compensation for services." 15 U.S.C. §80-a(35)(B). Great-West Capital Management, LLC ("Defendant") is investment adviser to Great-West Funds, Inc. mutual funds. The mutual funds are different series of shares of stock in Great-West Funds, Inc. Defendant hires sub-advisers to do the actual work of investment management. These sub-advisers receive modest compensation for their efforts, while Defendant retains the windfall of excessive investment management fees charged to shareholders of Great-West Funds, Inc. Plaintiffs are retirement investors who, by virtue of their investments, are shareholders of Great-West Funds, Inc.

In addition, Defendant manages various Great-West asset allocation funds, which do not directly invest in stocks and bonds themselves, but, rather, invest in other mutual funds — nearly all of which are Great-West mutual funds managed by

Defendant. Defendant takes an additional investment management fee for the service of having chosen its own underlying funds for each of the asset allocation funds.

Defendant collects excessive and unreasonable fees at the expense of all shareholders. The fees Defendant takes for investment management are so disproportionate to the services it actually renders to the mutual funds that they could not have been the result of an arm's-length transaction with Great-West Funds, Inc. Defendant has not appropriately shared the economies of scale or collateral benefits with Great-West Funds, Inc shareholders. The mark-up retained by Defendant is greatly disproportionate to the low-quality of the investment management services provided and the poor investment performance experienced by the mutual funds under Defendant's management. The Board of Directors of Great-West Funds, Inc. that is charged with protecting shareholders did not negotiate Defendant's fees in an arm's-length transaction, but instead allowed Defendant to set excessively high fees for itself. As a result, the Great-West Funds, Inc. mutual funds each have suffered damages due to the excessive management fees paid to Defendant.

By virtue of the above, and as alleged in the Complaint, Defendant violated and continues to violate 15 U.S.C. §80a-35(b) through the receipt of excessive investment advisory fees from the Funds.

### b. Defendant:

Defendant denies that the fees charged to any Great-West mutual funds are excessive or that it breached its fiduciary duty. Defendant further asserts that: (1) the fees at issue were approved annually by a majority of statutorily-disinterested trustees whose judgment is entitled to substantial deference, (2) the Complaint fails to state a cause of action upon which relief may be granted, (3) the Plaintiffs lack standing to pursue claims, (4) any potential relief for the alleged breach of fiduciary duty is limited to actual damages for the one year period immediately following the filing of the Complaint, and (5) there is no right to a jury trial under Section 36(b).

With respect to standing and failure to state a cause of action, Defendant intends to move to dismiss on the following grounds:

Plaintiffs brought suit on behalf of sixty-three funds but lack standing for all but four of those funds because they do not own shares in the other fifty-nine funds.

The Complaint takes a "group pleading" approach, and the failure to make specific and individualized allegations is insufficient under *Iqbal* and *Twombley*.

The Complaint fails to sufficiently plead a Section 36(b) claim when assessed in accordance with the "*Gartenberg* factors." For instance: (1) the Complaint focuses almost exclusively on the Funds' alleged underperformance, but those allegations are directly contradicted by the Funds' public filings; (2) the Complaint provides comparative fee data for only one of the four funds Plaintiffs own and there is no data available for the other three; (3) the Complaint contains no allegations about

the profitability of any Fund or GWCM's overall profitability; (4) Plaintiffs do not allege that any potential benefits meet the "but for" test, and merely alleging that other fees collected on the funds qualify as fall-out benefits is insufficient without a showing that those fees are excessive; (5) only one of the four funds Plaintiffs own uses a sub-adviser, who has flat-fee schedule, and therefore Defendant does not realize economies of scale for that cost; and (6) Plaintiffs' conclusory allegation that the Board "rubber stamped" the fees at issue, without more, is insufficient to rebut the presumption that trustees are disinterested under 15 U.S.C. § 80a-2(a)(9).

c. **Other Parties**: *none.*

### 4. UNDISPUTED FACTS

The following facts are undisputed:

As of the date of the Complaint, Plaintiffs were shareholders in the Great-West S&P Index Fund, the Great-West Aggressive Profile II Fund, the Great-West Moderately Aggressive Profile II Fund and the Great-West Moderate Profile II Fund. These mutual funds are different series of shares in the stock of Great-West Funds, Inc.

Great-West Funds, Inc. is a registered investment company under the ICA.

Defendant a registered investment adviser under the Investment Advisers Act of 1940, acts as investment adviser to the Great-West mutual funds under the terms of an Investment Advisory Agreement. For its services, Defendant is paid a fee which varies by fund.

### 5. COMPUTATION OF DAMAGES

<u>Plaintiffs</u>: Advisers that breach their fiduciary duty under §36(b) are obligated to return excessive investment management fees to the investment company, as well as being subject to full equitable relief. Damages thus are to be determined by determining what would have been reasonable compensation for the services Defendant rendered and recovering the excess over that amount that Defendant received from one year preceding the commencement of this action through to the date of trial. Those damages must be brought current using an appropriate measure of the lost investment returns that would have been gained on recovered excessive fees. Discovery and expert analysis are necessary for Plaintiffs to provide that computation of damages.

Plaintiffs, through their counsel, can only estimate damages at this point. Defendant has received well over $100 million in fees from the Great-West mutual funds each year for the past two years. Plaintiffs believe those damages will exceed $50 million per year.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting:**

The parties had an initial meeting on March 8, 2016 and a more comprehensive meeting on March 11, 2016. Several subsequent meetings via teleconference and email communications occurred as part of preparing this report.

b. **Names of each participant and party he/she represented.**

Michael Wolff, Mark Boyko, and Sean Soyars attended for the Plaintiffs.

Sean Murphy and Edward Stewart attended for the Defendant.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.** ⎯ Served by April 22, 2016

~~Plaintiffs proposed that Rule 26(a)(1) disclosures be exchanged on March 22, 2016, in accordance with Rule 26(a)(1)(C).~~

~~Defendant proposes that Rule 26(a)(1) disclosures be exchanged on April 5, 2016, which would allow the parties to respond after the amended complaint has been filed and eliminate any need to amend the initial disclosures following the filing of the amended complaint.~~

d. **Proposed changes, if any, in the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Defendant's proposal for Rule 26(a)(1) disclosures requires amendment of the deadline imposed by Rule 26(a)(1)(C).

e. **Statement concerning any agreements to conduct informal discovery.**

In addition to the exchange of Rule 26(a)(1) disclosures, the parties agree to meet-and-confer on electronically stored information ("ESI") discovery issues as discussed in 6(g) below.

Plaintiffs asked Defendant to deliver all documents identified in its Rule 26(a)(1) disclosures within 60 days after providing the disclosure and to produce with its disclosure all insurance agreements under which an insurance business may be

liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy they judgment. Defendant rejected this.

   f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

None.

   g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties anticipate that this case may involve the production of a large volume of electronically stored information ("ESI"). Guided by this Court's Guidelines for Addressing the Discovery of Electronically Stored Information, the parties will engage in discussions regarding an ESI protocol that would address a variety of issues including the following:

- Production format of hard copy documents and ESI;
- Database production;
- Processing specifications of ESI;
- Metadata fields;
- Custodians and search terms;
- Search methodologies;
- Locations and sources of hard copy documents and ESI;
- Preservation of hard copy documents and ESI.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

Plaintiffs contend they will not be in a position to discuss settlement of this case without completion of a substantial amount of discovery. Defendant contends settlement discussions would not be useful until after its motion to dismiss has been decided and substantial discovery has been completed.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.** 25 Interrogatories per side without of Court

~~None at this time, although Plaintiffs reserve the right to seek to expand the number of depositions and interrogatories it may request in light of the course of discovery in this case.~~ 15 Fact Depositions per side plus the experts without of Court.

b. **Limitations which any party proposes on the length of depositions.**

Other than depositions taken pursuant to Rule 30(b)(6), the parties propose compliance with Rule 30(d) of the Federal Rules of Civil Procedure which limits depositions to 1 day of 7 hours. — Per Deponent

c. **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties agree to limit: (1) the number of requests for production to 50; and (2) the number of requests for admission to 25 / per side / Plaintiffs reserve the right to request an expansion of these limitations in light of Defendant's response to Plaintiffs'

discovery requests.

### d. Other Planning or Discovery Orders

Once fact discovery begins, Defendant shall complete production of documents within 90 days after service of Plaintiffs' first set of requests for production of documents or the parties' agreement on the hard copy document and ESI protocol, including search terms, whichever is later. If the volume of documents is substantial, or other circumstances exist making it impractical to complete production in 90 days, Defendant reserves the right to seek to extend this time either through agreement among the parties or with the Court's permission.

## 9. CASE PLAN AND SCHEDULE

Defendant intends to file a motion to dismiss that it believes can be dispositive of the entire case, or at a minimum, greatly reduce the scope of the case (and potential discovery) by limiting the number of mutual funds at issue from 63 down to four. Plaintiffs anticipate filing an amended complaint. Defendant has requested additional time to respond to the complaint to allow for Plaintiffs to file an amended complaint and avoid refiling of Defendant's intended motion to dismiss.

In light of the anticipated motion to dismiss, the parties disagree over the schedule for discovery. Plaintiffs believe the case should proceed to discovery despite the motion to dismiss, and they propose a 15-month period for fact discovery. In addition, Plaintiffs believe that Defendant should produce all Rule 26(a)(1) disclosed documents immediately and without Plaintiff having to request

same through a request for production of documents. Defendant believes that discovery should be limited pending resolution of the motion to dismiss, and that the period for fact discovery should it be necessary be limited to 9 months instead of the 15 month period proposed by Plaintiffs. The parties' proposed positions are set out below:

~~Plaintiffs' Position on Disc~~overy

~~Plaintiffs believe discovery should begin while the motion to dism~~iss is pending and ~~proceed on the following schedule:~~

   a. **Deadline for Joinder of Parties and Amendment of Pleadings:** ~~March 1, 2017. Plaintiffs contend that this amendment deadline presumes that substantial factual discovery is complete (including production, review time, and necessary depositions) allowing the parties to know the precise identities of all entities and individuals who were responsible for breaches of fiduciary duties.~~ May 31, 2016

   b. **Discovery Cut-off:** ~~Fact discovery cut-off of June 30, 2017. Deadline~~ to ~~issue written discovery of April 3, 2017.~~ October 31, 2016

   c. **Dispositive Motion Deadline:** ~~January 15, 2008.~~ November 30, 2016

   d. **Expert Witness Disclosure**

      1. **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs anticipate calling experts in fields related to finance, investment management, and the compensation of advisers to mutual funds.

Defendants anticipate calling experts in the field of economics, accounting, portfolio management/finance, mutual funds and fund governance.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

Six per side, ~~not including rebuttal experts.~~

3. **Plaintiffs' Expert Disclosure:** July 1, 2016 ~~September 1, 2017.~~

4. **Defendant's Rebuttal Experts:** August 1, 2016 ~~October 13, 2017.~~

5. **Plaintiffs' Rebuttal Experts:** September 1, 2016 ~~November 13, 2017.~~

e. **Identification of Persons to Be Deposed:**

Without initial discovery Plaintiffs cannot determine all persons they intend to depose at this time. Those persons will include Great-West Funds Inc.'s directors Gail H. Klapper, Stephen G. McConahey, Donna L. Lynne, and Robert K. Shaw and likely will also include designees of Defendant, as well as the parties' expert witnesses. Each deposition is anticipated to take 1 day of 7 hours.

f. **Deadline for Interrogatories:**

~~April 3, 2017.~~ September 28, 2016

g. **Deadline for Requests for Production of Documents and/or Admissions:**

~~April 3, 2017.~~ September 28, 2016

**Defendant's Position on Discovery**

Defendant believes discovery should be largely stayed pending the motion to dismiss, except the parties shall (1) exchange Rule 26(a)(1) disclosures, and (2)

01955638.DOCX; 1                               12

meet-and-confer on discovery issues related to ESI, including identifying potential custodians and search terms. Should the case survive a motion to dismiss, Defendant believes discovery can be completed in a shorter period than the 15 months proposed by Plaintiffs, as reflected below:

*[handwritten margin note: MJW init 3/]*

*[entire block struck through by hand]*

a. **Deadline for Joinder of Parties and Amendment of Pleadings:** 6 months after the motion to dismiss is decided.

b. **Discovery Cut-off:** Fact discovery closes nine months from the decision on the motion to dismiss, should the motion be denied. Deadline to issue written discovery would be 60 days prior to the fact discovery cut off.

c. **Dispositive Motion Deadline:** Due 60 days after completion of expert discovery.

d. **Plaintiffs' Expert Disclosure:** Due 60 days after completion of fact discovery.

e. **Defendant's Rebuttal Experts:** Due 45 days after Plaintiffs' expert disclosures.

f. **Plaintiffs' Rebuttal Experts:** Due 30 days after Defendant's rebuttal expert disclosures.

g. **Deadline for Interrogatories:** Due 60 days prior to the close of fact discovery.

g. **Deadline for Requests for Production of Documents and/or Admissions:** Due 60 days prior to close of fact discovery.

## 10.   DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

*None set* [handwritten]

b. A final pretrial conference will be held in this case on ~~January~~ *January 30, 2017* at ~~9~~ *9:00 AM* o'clock ~~a.m.~~ *Mountain Time*. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

Counsel discussed informal and formal discovery during the time that Defendant's motion to dismiss remains pending. Plaintiffs offered a compromise of staying formal discovery during the pendency of the motion in return for Defendant agreeing to produce the documents identified in its Rule 26(a)(1) disclosures, as described in §6(e). Defendant offered to limit that production to the minutes of the Great-West Funds, Inc. board of directors regarding Defendant's compensation. After good faith efforts, the parties were unable to reach an agreement on this dispute. *None —*

**b. Anticipated length of trial and whether trial is to the court or jury.**

The parties anticipate the trial time will be approximately four weeks.

The Complaint has a demand for a jury, but Defendant intends to move to strike that demand on the basis that Section 36(b) is an equitable remedy for which there is no right to a jury trial.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402**

Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The parties agree that this scheduling order may be amended upon the showing of good cause which may include, among other things, the resolution of discovery disputes and the timing and volume of the production of documents.

Dated at Denver, Colorado, this 29TH day of March, 2016.

BY THE COURT:

*(signature)*

Magistrate Judge Michael J. Watanabe

APPROVED:

s/ Michael A. Wolff
Jerome J. Schlichter
Michael A. Wolff
Mark G. Boyko
Sean E. Soyars
Schlichter Bogard and Denton, LLP
100 South 4th Street, Suite 1200
St. Louis, MO 63102
Phone: 314.621.6115
Fax: 314.621.5934

Counsel for Plaintiffs

s/ Edward C. Stewart
Edward C. Stewart, #23834
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel: 303.244.1800
Fax: 303.244.1879

Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street, 47th Floor
New York, NY 10005-1413
Tel: 212.530.5000
Fax: 212.822.5688

Robert M. Little
Great-West Financial
8525 E. Orchard Road, 2T3
Greenwood Village, CO 80111
Tel: 303.737.5089
Fax: 303.737.1699

Counsel for Defendant