IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:16-cv-00230-CMA-MJW

JOAN OBESLO,
ROYCE HORTON,
DANIEL FISHER,
NATHAN COMER,
STEVE MIGOTTI,
VALERIE MIGOTTI,
JAMES DIMAGGIO,
ANNE HALL,
CAROL A. REYNON-LONGORIA,
on behalf of GREAT-WEST FUNDS, INC.,

     Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

     Defendant.

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, consistent with the standards governing entry of protective orders, upon stipulation of the parties and their counsel for the entry of a protective order governing the disclosure of certain specified documents and other information of a privileged, confidential, private or commercial nature, and finding good cause for such a protective order in order to facilitate and expedite discovery while protecting the confidentiality of information obtained from the parties and non-parties, it is hereby ORDERED as follows:

     1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, oral disclosures, expert reports,

- 2 -

deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that a party in good faith believes to contain or constitute that party's trade secrets, customer names, addresses or contact information, customer agreements, business proposals, participation agreements, marketing or competitive strategies, private financial information, cost and profitability data, pricing information or policies, or other non-public, sensitive confidential information or proprietary information, including confidential or sensitive research or commercial information, the public disclosure of which would be damaging and which could be expected to result in current or future injury to the producing party or provide a competitive advantage to one or more of the producing party's competitors. CONFIDENTIAL information also includes the categories of information described in Federal Rule of Civil Procedure 5.2(a). CONFIDENTIAL information may include confidential, personal, and private information for or of persons who are not parties to this litigation. Information that is available to the public shall not be designated CONFIDENTIAL.

4. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL."

5. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case (including any appeal).

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;

   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   c. the named parties or, if the named party is a corporation or other entity, representatives of the named party, including a party's current directors, affiliates, officers, employees, attorneys and agents who have a need to review or otherwise inspect documents and information in order to assist the prosecution or defense of this action;

   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   e. the Court and its employees ("Court Personnel");

   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      g.      deponents, witnesses, or potential witnesses;

      h.      data recovery vendors, graphic consultants, or outside copy services; and

      i.      other persons by written agreement of the parties.

7.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by or associated with counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a signed agreement in the form of the Acknowledgment attached hereto as Exhibit A.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof may be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as

CONFIDENTIAL to file an appropriate motion within fourteen (14) days thereafter requesting that the Court determine whether the disputed information is properly designated CONFIDENTIAL. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this action, including appeals, upon written request, the parties and their counsel shall promptly return to counsel for the party who requested the "CONFIDENTIAL" designation all originally produced documents (the "Produced Documents"), designated as "CONFIDENTIAL." Within sixty (60) days of the conclusion of this action, all copies, extracts and summaries of Produced Documents designated as "CONFIDENTIAL" and Confidential Materials shall be destroyed, and counsel shall confirm in writing to all other counsel that such destruction has occurred. This provision shall not preclude the parties from maintaining for their records a secured electronic copy of any document that is designated as CONFIDENTIAL in this case.

11. When the parties file information designated as CONFIDENTIAL with the Court, the information shall be filed as Level 1 Restricted documents in accordance with the requirements of D.C.COLO.LCivR 7.2. To the extent practicable, information

- 6 -

designated as CONFIDENTIAL shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may be freely disseminated.

12. Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) shall govern any inadvertent production of privileged materials.

13. In the event any party or person subject to this Stipulation And Protective Order violates or threatens to violate any of its terms, an aggrieved party may immediately apply to the Court for injunctive relief against the person or party, and the existence of an adequate remedy at law shall not constitute a valid defense to such an application for injunctive relief.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this _____ day of _____, 2016.

BY THE COURT:

_____
MICHAEL WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

/s/ Sean M. Murphy
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street, 47th Floor
New York, NY 10005-1413
Tel: 212.530.5000
Fax: 212.822.5688
Email: smurphy@milbank.com

Edward C. Stewart, #23834
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel: 303.244.1800
Fax: 303.244.1879
Email: stewart@wtotrial.com

Robert M. Little
Great-West Financial
8525 E. Orchard Road, 2T3
Greenwood Village, CO 80111
Tel: 303.737.5089
Fax: 303.737.1699
Email: bob.little@greatwest.com

*Attorneys for Defendant Great-West Capital Management, LLC*


/s/ Sean E. Soyars
SCHLICHTER, BOGARD, & DENTON LLP
Jerome J. Schlichter
Michael A. Wolff
Sean E. Soyars
100 South Fourth Street
Suite 1200
St. Louis, Missouri 63102
Tel: 314.621.6115
Fax: 314.621.5934
Email: JSchlichter@uselaws.com
MWolff@uselaws.com
SSoyars@uselaws.com

*Attorneys for Plaintiffs*

**EXHIBIT A - ACKNOWLEDGMENT**

I, _____, have reviewed the Stipulation And Protective Order entered in the case of *Obeslo et al. v. Great-West Capital Management, LLC*, Case No. 1:16-cv-00230-CMA-MJW (D. Colo.), and I agree to abide by its terms.  I understand that all Confidential Materials and the information contained in them shall not be disclosed pursuant to terms of the Stipulation And Protective Order and that all such information must be destroyed or returned to the producing party within 60 days following the resolution of this case.

_____
Signature

Date:  _____