IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv-00230-CMA-MJW

JOAN OBESLO,
ROYCE HORTON,
DANIEL FISHER,
NATHAN COMER,
STEVE MIGOTTI,
VALERIE MIGOTTI,
JAMES DIMAGGIO,
ANNE HALL,
CAROL A. REYNON-LONGORIA,
on behalf of GREAT-WEST FUNDS, INC.,

    Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

**DEFENDANT'S MOTION TO CONSOLIDATE AND FOR A PROTECTIVE ORDER STAYING DISCOVERY**

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................. ii

CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1 ........................ 1

PRELIMINARY STATEMENT ............................................................................................ 1

RELEVANT FACTS............................................................................................................ 2

        A.      General Background ............................................................................... 2

        B.      Section 36(b) and the *Gartenberg* Factors................................................ 3

        C.      The *Obeslo* Complaint Against GWCM......................................................... 4

        D.      The *Duplass* Complaint Against GWCM ....................................................... 4

        E.      Case Status ................................................................................................. 6

ARGUMENT....................................................................................................................... 7

I.      LEGAL STANDARD ................................................................................................. 7

II.     THE *OBESLO* AND *DUPLASS* ACTIONS SHARE COMMON
       QUESTIONS OF LAW AND FACT .......................................................................... 8

III.    CONSOLIDATION IS WARRANTED TO PROMOTE JUDICIAL
       EFFICIENCY, AVOID DUPLICATION OF EFFORT AND COST, AND
       AVOID PREJUDICE TO GWCM ............................................................................. 9

        A.      Consolidation Will Result in Large Savings of Time and Effort ................. 9

        B.      Courts Have Consolidated Numerous Prior Section 36(b) Cases............ 11

IV.   THE COURT SHOULD ENTER A PROTECTIVE ORDER STAYING
       DISCOVERY PENDING RESOLUTION OF THIS MOTION.............................. 11

CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Veolia Transp.*,
  No. 11-cv-02491-PAB-KMT, 2012 WL 171470 (D. Colo. Jan. 20, 2012) .................. 7

*Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*,
  No. 09-cv-01717-LTB, 2010 WL 2035577 (D. Colo. May 21, 2010) .......................... 7

*Franklin v. Medtronic, Inc.*,
  No. 09-cv-02301-REB-KMT, 2010 WL 1413098 (D. Colo. Apr. 1, 2010)
  ........................................................................................................................................ 12

*Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*,
  694 F.2d 923 (2d Cir. 1982) ................................................................................... 3, 4

*Gillette Motor Transp., Inc. v. N. Okla. Butane Co.*,
  179 F.2d 711 (10th Cir. 1950) ..................................................................................... 8

*Jones v. Harris Assoc. L.P.*,
  559 U.S. 335 (2010) ...................................................................................................... 3

*Leprino Foods Co. v. DCI, Inc.*,
  No. 13-cv-02430-RM-KMT, 2015 WL 134235 (D. Colo. Jan. 9, 2015) .................. 7, 9

*Otter Prods., LLC v. Treefrog Devs., Inc.*,
  Nos. 11–CV–02180–WJM–KMT, 1:12–CV–03115–WJM–KMT, 2013
  WL 490964 (D. Colo. Feb. 7, 2013) ......................................................................... 10

*SBM Site Servs., LLC v. Garrett*,
  No. 10-cv-00385-WJM-BNB, 2012 WL 975878 (D. Colo. Mar. 22,
  2012) ........................................................................................................................... 12

*Sentry Ins. v. Shivers*,
  164 F.R.D. 255 (D. Kan. 1996) ................................................................................. 12

*Sins v. Janus Capital Mgmt., LLC*,
  Nos. 04-CV 01647-WDM-MEH, 04-cv-02395-MSK-CBS, 2006 WL
  3746130 (D. Colo. Dec. 15, 2006) ............................................................................... 4

*Walker v. Deutsche Bank, AG*,
   Nos. 04 Civ.1921(DAB), 04 Civ. 3501(DAB), 04 Civ. 3637(DAB), 2005
   WL 2207041 (S.D.N.Y. Sept. 6, 2005) .................................................................. 11

*Zinna v. Bd of Cty. Comm'rs of the Cty. of Jefferson*,
   250 F.R.D. 527 (D. Colo. 2007) ............................................................................... 12

**Statutes**

15 U.S.C. § 80a-35(b) ........................................................................................................ 3

Fed. R. Civ. P. 42(a)(2) ..................................................................................................... 7

Fed. R. Civ. P. 26(c) ........................................................................................................ 12

Pursuant to Federal Rule of Civil Procedure 42(a), Defendant Great-West Capital Management, LLC moves this Court for an Order consolidating *Obeslo v. Great-West Capital Management, LLC* (1:16-cv-00230-CMA-MJW) and *Duplass, Zwain, Bourgeois, Pfister & Weinstock APLC 401(K) Plan v. Great-West Capital Management, LLC* (1:16-cv-01215-CBS), and for a protective order pursuant to Federal Rule of Civil Procedure 26(c) staying all discovery pending consolidation. As grounds for this Motion, GWCM states as follows:

## **CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1, the undersigned certifies that they have conferred with counsel to the plaintiffs in both the *Obeslo* and *Duplass* Actions via telephone in a good faith effort to resolve the issues raised herein. Counsel for the plaintiffs in both actions oppose the requested relief.

## **PRELIMINARY STATEMENT**

Shareholders of mutual funds advised by Defendant Great-West Capital Management, LLC ("GWCM") have filed two derivative actions in this District alleging GWCM violated Section 36(b) of the Investment Company Act ("ICA"). The instant action (the "*Obeslo* Action"), whose operative complaint was filed on April 8, 2016, alleges that GWCM charged excessive investment advisory fees to 63 Great-West mutual funds in violation of Section 36(b). The second action, captioned *Duplass, Zwain, Bourgeois, Pfister & Weinstock APLC 401(K) Plan v. Great-West Capital Management, LLC* (1:16-cv-01215-CBS) and filed on May 20, 2016 (the "*Duplass* Action"), also alleges that GWCM charged excessive investment advisory fees to eight

of those same 63 Great-West mutual funds, also in violation of Section 36(b). The *Obeslo* Action and the *Duplass* Action should be consolidated, and the Court should issue a protective order staying all discovery while this motion for consolidation is pending.

The two Actions involve virtually identical questions of law and fact. Both Actions are brought against the same defendant, are premised on the same theory that the investment advisory fee GWCM charges is "excessive" because GWCM delegates certain investment advisory functions to sub-advisers, and seek the same relief. And in the event the Actions survive a motion to dismiss, the discovery, motion practice and trial in the Actions will be entirely or almost identical. Accordingly, the Actions should be consolidated.

Relatedly, in light of the amount of duplication that would be required to conduct discovery in the Actions on separate tracks, good cause exists for the issuance of a protective order staying all discovery while the Actions are consolidated. The Court should exercise its discretion and issue a protective order so that GWCM may efficiently coordinate discovery with the *Obeslo* and *Duplass* plaintiffs: at one time, and in a single action.

## RELEVANT FACTS

### A. General Background

Plaintiffs in the *Obeslo* Action and the *Duplass* Action are shareholders in mutual funds that are series within Great-West Funds, Inc., a registered investment company under the ICA. Each of the Great-West mutual funds (the "Great West Funds" or the

2

"Funds") is overseen by a board of directors (the "Board"). GWCM serves as investment adviser to the Great-West Funds pursuant to a single Investment Advisory Agreement. Pursuant to the Investment Advisory Agreement, each of the Funds pays GWCM a fee for investment advisory services. Plaintiffs in both Actions purport to allege derivative claims against GWCM on behalf of Great-West Funds, Inc., alleging that GWCM charges the Funds excessive fees in violation of Section 36(b) of the ICA, 15 U.S.C. § 80a-35(b).

### B. Section 36(b) and the *Gartenberg* Factors

Section 36(b) provides that an adviser owes a "fiduciary duty with respect to the receipt of compensation" from a mutual fund. 15 U.S.C. § 80a-35(b). The statute provides a limited remedy for a plaintiff who can meet the burden of showing that the fund's adviser charged a fee that "is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 351 (2010) (adopting standard in *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928-29 (2d Cir. 1982)).

In Section 36(b) cases, courts consider the six "*Gartenberg* factors" in reviewing the reasonableness of fees charged by investment advisers like GWCM: (1) the nature and quality of services provided to the funds; (2) the independence and conscientiousness of the funds' board of trustees; (3) whether the adviser realized and shared economies of scale; (4) the fees charged to comparable mutual funds; (5) the adviser's profitability; and (6) fall-out benefits to the adviser. *Jones*, 559 U.S. at 344 &

3

n.5; see *Gartenberg*, 694 F.2d at 928-29; *Sins v. Janus Capital Mgmt., LLC*, Nos. 04-cv-01647-WDM-MEH, 04-cv-02395-MSK-CBS, 2006 WL 3746130, at *3 (D. Colo. Dec. 15, 2006). The claims in both Actions will therefore be litigated in light of these same factors.

### C.     The *Obeslo* Complaint Against GWCM

The *Obeslo* complaint was originally filed on January 29, 2016 by three plaintiff shareholders of various Great-West Funds, alleging that GWCM charged the Funds excessive fees in violation of Section 36(b). On April 8, 2016, plaintiffs filed an amended complaint naming six additional shareholder plaintiffs. The *Obeslo* complaint alleges that the investment advisory fees GWCM charges to the Funds are excessive because GWCM delegates the bulk of the investment management work for the Funds to sub-advisers but keeps the majority of the advisory fees. See *Obeslo* Am. Compl. ¶ 4. While plaintiffs allege that they are shareholders of 17 of the Great-West Funds, they purport to bring claims on behalf of all 63 Funds in the Great-West mutual fund complex.

### D.     The *Duplass* Complaint Against GWCM

The *Duplass* complaint was filed on May 20, 2016 by one plaintiff shareholder of eight of the Great-West Funds, alleging that GWCM charges those Funds excessive fees in violation of Section 36(b). See Exh. A, *Duplass* Complaint. Because the *Obeslo* plaintiffs purport to bring claims on behalf of all 63 of the Funds, each of the eight funds

at issue in *Duplass* are also at-issue in *Obeslo*.[1]  Just like the *Obeslo* plaintiffs, the *Duplass* plaintiff alleges that although GWCM delegates the bulk of the investment management work for the Funds to sub-advisers, GWCM keeps the vast majority of the fees.  *See* Exh. A, *Duplass* Compl. ¶¶ 58-60.  Most of the key allegations in the *Duplass* Action are the same as the allegations in the *Obeslo* Action.  By way of example:

- **Nature and Quality of Services**:  Plaintiffs in both Actions allege that GWCM has delegated nearly all of its investment advisory services to sub-advisers and therefore performs minimal services for the fees that it receives.  *Compare Obeslo* Am. Compl. ¶ 61 ("Defendant . . . has delegated virtually all investment advisory services for the Index Funds to Mellon Capital Management Corporation under the terms of a Sub-Advisory Agreement."), *with* Exh. A, *Duplass* Compl. ¶ 58 ("Although Defendant delegates virtually all of the investment advisory services for the Index Funds to the sub-adviser for those funds, it collects and retains for itself the vast majority of the management fees from the Index Funds.").

- **Profitability**:  Plaintiffs in both Actions allege that GWCM receives large profits from the Great-West Funds by virtue of providing few services and incurring minimal costs.  *Compare Obeslo* Am. Compl. ¶ 83 ("Defendant performs almost no services for the Fund . . . . Consequently, the cost of the services Defendant provides to the Fund is limited, resulting in excessive profits to Defendant."), *with* Exh. A, *Duplass* Compl. ¶ 80 ("Defendant's costs of providing services to the Index Funds are nominal while the revenue it pockets from the fund is massive.").

- **Fall-Out Benefits**:  Plaintiffs in both Actions allege that GWCM receives and fails to account for fall-out benefits from its ability to select other Great-West Funds as underlying funds within Great-West asset allocation funds.  *Compare Obeslo* Am. Compl. ¶ 110 ("Given that Defendant uses the investments in the asset allocation Funds to invest in other Great-West Funds, and consequently gains fall-out benefits from boosting those Funds' assets under management and the fees that it generates for itself therefrom, a proper fiduciary would have agreed to a lower

---

[1] GWCM filed a motion to dismiss plaintiffs' claims in *Obeslo* on May 2, 2016, including on the basis that plaintiffs lack standing with respect to the Funds in which they are not invested.  The plaintiff in *Duplass* brings claims on three of the 17 Funds in which the *Obeslo* plaintiffs are shareholders.

fee (if any fee) for managing the asset allocation Funds."), *with* Exh. A, *Duplass* Compl. ¶ 118 ("By investing the assets of the Lifetime Funds in these underlying Great-West Funds, Defendant . . . increases the net assets under management of each of the more than 20 underlying funds for which it serves as the investment adviser and, accordingly, increases its own investment advisory fees for the underlying funds . . . .").

- **Comparative Fees:**  Plaintiffs in both Actions allege that the Great-West Funds' fees exceed those charged by some of the same funds within the industry. *Compare Obeslo* Am. Compl. ¶ 68 (comparing GWCM's management fees to that of S&P 500 Index Funds managed by Fidelity, Vanguard, BlackRock, and Schwab), *with* Exh. A, *Duplass* Compl. ¶ 68 (same).

- **Economies of Scale:**  Plaintiffs in both Actions allege that GWCM realizes economies of scale but fails to pass along those benefits to Great-West Funds. *Compare Obeslo* Am. Compl. ¶ 107 ("The Funds' investment advisory fee arrangements have enabled Defendant to retain for itself the benefits of economies of scale resulting from increases in the Funds' assets under management during recent years, without appropriately sharing those benefits with the Funds."), *with* Exh. A, *Duplass* Compl. ¶¶ 84-85 ("Because Defendant's fee revenue is based on a percentage of assets under management, it has enjoyed increased revenue in the same proportion without any comparable increase in costs. . . .  Defendant should have shared some of the economy of scale benefits with the Fund but did not.").

- **Independence and Conscientiousness of Directors:**  Plaintiffs in both Actions allege that the Great-West Funds' independent directors were not fully informed in approving the funds' fees. *Compare Obeslo* Am. Compl. ¶ 114 ("Defendant . . . has failed to provide the Board sufficient, complete, or accurate information about its compensation, the nature of the services it provides, and the market for similar services or has provided misleading information."), *with* Exh. A, *Duplass* Compl. ¶ 159 ("The materials provided by Defendant to the Board are inadequate and misleading.").

E.  **Case Status**

Both of the Actions are in their very early stages.  The *Duplass* complaint was filed less than two weeks ago, and GWCM's response is due on August 18, 2016. *Obeslo* is only somewhat further along.  GWCM moved to dismiss the *Obeslo* complaint on May 2, 2016; the *Obeslo* plaintiffs' opposition is due June 11, 2016.  The parties

6

have exchanged initial disclosures, entered a protective order, and begun document production, but document production is not complete.[2] Neither party has served interrogatories or requests for admission. No party depositions have been taken.

## ARGUMENT

### I. LEGAL STANDARD

It is well accepted that "[i]f actions before the court involve a common question of law or fact, the court may consolidate the actions." Fed. R. Civ. P. 42(a)(2). Pursuant to Local Rule 42.1, "[a] motion to consolidate shall be decided by the district judge to whom the lowest numbered case included in the proposed consolidation is assigned." D.C.COLO.LCivR 42.1. Rulings on motions to consolidate shall be given priority. *Id.*

The question of whether to consolidate actions involving common questions of law or fact is committed to the discretion of the trial court. *See Leprino Foods Co. v. DCI, Inc.*, No. 13-cv-02430-RM-KMT, 2015 WL 134235, at *2 (D. Colo. Jan. 9, 2015). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citation omitted). When considering a motion to consolidate, the court "generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay or expense that consolidation would cause." *Emp'rs Mut. Cas.*

---

[2] GWCM has produced documents in response to two document requests served by plaintiffs on April 1, 2016. Plaintiffs served 17 additional document requests on GWCM on May 27, 2016 and May 31, 2016.

7

*Co. v. W. Skyways, Inc.*, No. 09-cv-01717-LTB, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010).

Consolidation of the *Obeslo* Action and the *Duplass* Action is amply warranted under these standards. Both cases share common questions of law and fact. Consolidation will save the time and money of the parties, and the resources of the Court, that would otherwise be spent on duplicative discovery, motion practice, and trials. Those savings outweigh any slight delay that consolidation may cause.

## II.     THE *OBESLO* AND *DUPLASS* ACTIONS SHARE COMMON QUESTIONS OF LAW AND FACT

The *Obeslo* and *Duplass* Actions share numerous common, if not identical, questions of law and fact. Both Actions assert derivative claims under Section 36(b) on behalf of the same Funds and against the same defendant. Both Actions challenge the same advisory fee charged to the Funds by GWCM, which is provided for by a single Investment Advisory Agreement. Both Actions claim the advisory fee is excessive based in large part on GWCM's delegation of investment advisory services to sub-advisers. Both Actions involve the application of the same *Gartenberg* factors to virtually the same underlying facts. *See supra* pp. 4-6 (comparing complaint allegations). Both Actions seek the same relief, including the repayment of all purportedly excessive fees paid by the Funds during the statutorily provided period beginning one year prior to the filing of each action. And both Actions allege virtually the same damages period, given that they were filed only a few months apart.

Courts in this Circuit have consolidated actions where the underlying questions of law and fact were far less common than here. *See, e.g., Gillette Motor Transp., Inc. v.*

8

*N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950) (affirming district court's consolidation of (i) personal property action for damages to commercial vehicle with (ii) wrongful death action brought by estate of driver of vehicle); *Leprino Foods Co.,* 2015 WL 134235, at *2-3 (consolidating (i) action alleging acts or omissions that occurred in 2001 and 2007, with (ii) action alleging acts or omissions that occurred in 2010, where the two actions concerned "temporally separate" claims and three different contracts). The *Obeslo* and *Duplass* Actions should be similarly consolidated.

### III.   CONSOLIDATION IS WARRANTED TO PROMOTE JUDICIAL EFFICIENCY, AVOID DUPLICATION OF EFFORT AND COST, AND AVOID PREJUDICE TO GWCM

#### A.   Consolidation Will Result in Large Savings of Time and Effort

Because the two Actions are predicated on virtually the same facts, are brought against the same defendant, and seek the same relief, were they to survive motions to dismiss[3] all of the document discovery, deponents, motion practice, and issues for trial (if any) will overlap to a great degree. The efficiencies that will be gained by consolidation are therefore substantial.

With regard to document discovery, the *Obeslo* plaintiffs have requested that GWCM produce, among other things, documents provided to the Board in connection with the Board's approval of GWCM's advisory fees. The *Obeslo* plaintiffs also seek a broad range of electronically stored information ("ESI") relating to the six *Gartenberg* factors. The *Duplass* plaintiff will no doubt seek the same types of information. It would only make sense for GWCM to negotiate the scope of its document production (*e.g.,*

---

[3] GWCM will likely move to dismiss a consolidated complaint.

9

ESI custodians, specific search terms, and the like) once, produce those documents once, and bring any disputes concerning the production of those documents before one court.

The same is true for depositions. Given the common questions of law and fact discussed above, the same GWCM witnesses would be required to give testimony in both Actions. Depositions are labor-intensive for counsel and involve costly travel and time-consuming coordination efforts. That would be particularly true in these cases, where the parties are located in multiple states including Colorado, Georgia, and California; lead counsel for plaintiffs are located in Missouri (*Obeslo*), northern California (*Duplass*), and Arizona (*Duplass*); and lead counsel for GWCM are located in New York and Los Angeles. Consolidation would obviate otherwise duplicative and unnecessary travel expenses. *See Otter Prods., LLC v. Treefrog Devs., Inc.*, Nos. 11–CV–02180–WJM–KMT, 1:12–CV–03115–WJM–KMT, 2013 WL 490964, at *2 (D. Colo. Feb. 7, 2013) ("In short, it makes sense to consolidate so depositions are not duplicated.").

Similarly, both cases would require summary judgment motions on the exact same legal and factual issues. Expending judicial and party resources to litigate the same issues twice would be costly and inefficient.

Likewise, conducting two separate trials to adjudicate the same *Gartenberg* factors based on essentially identical underlying facts would be a waste of judicial resources and the parties' time and money. In addition, holding separate trials on common issues of law and fact would run the risk of inconsistent results.

In light of the foregoing, GWCM would be severely prejudiced if it were forced to litigate what are essentially identical cases on duplicative tracks. By contrast, the prejudice to plaintiffs from the short delay that consolidation would cause is comparatively slight or non-existent.

In sum, there is every reason to consolidate the two Actions.

### B.     Courts Have Consolidated Numerous Prior Section 36(b) Cases

Follow-on complaints in Section 36(b) cases are relatively common, and courts do not hesitate to consolidate actions brought against the same investment adviser. *See, e.g., Walker v. Deutsche Bank, AG*, Nos. 04 Civ.1921(DAB), 04 Civ. 3501(DAB), 04 Civ. 3637(DAB), 2005 WL 2207041, at *2 (S.D.N.Y. Sept. 6, 2005) (consolidating three actions alleging violations of Section 36(b) where the factual allegations supporting the claims asserted were identical). Indeed, GWCM's counsel is aware of at least the following pending Section 36(b) actions that have been consolidated: *Goodman v. J.P. Morgan Investment Management, Inc.* (2:14-cv-00414) (S.D. Ohio); *In re BlackRock Mutual Funds Advisory Fee Litigation* (3:14-cv-01165) (D.N.J.); *In re Davis New York Venture Fund Fee Litigation* (1:14-cv-4318) (S.D.N.Y.); *Sivolella v. AXA Equitable Life Insurance Co.* (3:11-cv-04194) (D.N.J.); and *Zehrer v. Harbor Capital Advisors, Inc.* (1:14-cv-00789) (N.D. Ill.).

The *Obeslo* and *Duplass* Actions should be added to this list.

### IV.    THE COURT SHOULD ENTER A PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF THIS MOTION

Given the amount of duplication that would be required to conduct discovery in the Actions on separate tracks, the Court should exercise its discretion and stay all

discovery pending resolution of the consolidation issue.  "Such protection is warranted, upon a showing of good cause, to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Franklin v. Medtronic, Inc.*, No. 09-cv-02301-REB-KMT, 2010 WL 1413098, at *1 (D. Colo. Apr. 1, 2010) (quoting Fed. R. Civ. P. 26(c)); *see also Zinna v. Bd. of Cty. Comm'rs of the Cty. of Jefferson*, 250 F.R.D. 527, 529 (D. Colo. 2007).  When considering a stay, courts examine: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2012 WL 975878, at *2 (D. Colo. Mar. 22, 2012) (citation omitted).

   Here, the cost and inefficiency associated with duplicative discovery warrants a stay.  If a protective order is not granted and a stay not issued, GWCM would be required to duplicate all of the discovery discussed *supra* pp. 9-10:  ESI would have to be searched twice, document disputes would have to be litigated twice, and witnesses would need to be deposed twice. *See, e.g., Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996) ("[A] second deposition of the same person without a showing of good reason will generally support a finding of annoyance and undue burden or expense.") (internal quotation marks omitted).  Good cause therefore exists for a stay of all discovery.

## **CONCLUSION**

For the reasons stated above, GWCM respectfully requests that the Court grant this motion to consolidate the *Obeslo* and *Duplass* Actions and enter a protective order staying discovery.

Dated:  June 2, 2016                           Respectfully submitted,

*s/  Edward C. Stewart*
Edward C. Stewart (#23834)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone  303.244.1800
Facsimile  303.244.1879
stewart@wtotrial.com

Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005
Telephone  212.530.5688
Facsimile  212.822.5688
smurphy@milbank.com

Robert M. Little
Great-West Life & Annuity Insurance Company
8525 East Orchard Road, 2T3
Greenwood Village, CO 80111
Telephone:  303.737.5089
Facsimile:  303.737.1699
bob.little@gwl.com

*Attorneys for Defendant, Great-West Capital Management, LLC*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on June 2, 2016, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

- **Mark G. Boyko**
  mboyko@uselaws.com
- **Robert Michael Little**
  bob.little@greatwest.com
- **Sean Miles Murphy**
  smurphy@milbank.com, cfrye@milbank.com
- **Jerome Joseph Schlichter**
  jschlichter@uselaws.com, wballard@uselaws.com, rfreisinger@uselaws.com, hlea@uselaws.com, jredd@uselaws.com
- **Sean E. Soyars**
  ssoyars@uselaws.com
- **Edward Craig Stewart**
  stewart@wtotrial.com, powell@wtotrial.com, papsdorf@wtotrial.com
- **Michael Armin Wolff**
  mwolff@uselaws.com, rfreisinger@uselaws.com

*s/ Edward C. Stewart*
Edward C. Stewart (#23834)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
stewart@wtotrial.com

*Attorney for Defendant, Great-West Capital Management, LLC*