IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv-00230-CMA-MJW (Consolidated for all purposes with Civil Action No. 1:16-cv-01215-CMA-MJW)

JOAN OBESLO,
ROYCE HORTON,
DANIEL FISHER,
NATHAN COMER,
STEVE MIGOTTI,
VALERIE MIGOTTI,
JAMES DIMAGGIO,
ANNE HALL,
CAROL A. REYNON-LONGORIA,
on behalf of GREAT-WEST FUNDS, INC.,

    Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK APLC 401(K)
PLAN,

    Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE *OBESLO* PLAINTIFFS**

**TABLE OF CONTENTS**

**Page(s)**

CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1 ......................... 1

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ......................................................................................................................... 2

    I.    GWCM'S DOCUMENT REQUESTS AND THE PARTIES' NEGOTIATIONS .................................................................................................. 2

    II.    THE LEGAL STANDARD ................................................................................ 4

ARGUMENT ............................................................................................................................... 5

    I.    PLAINTIFFS SHOULD BE COMPELLED TO PRODUCE ADVERTISEMENTS OR SOLICITATIONS RELATED TO THIS LAWSUIT ................................................................................................................ 5

    II.    PLAINTIFFS SHOULD BE COMPELLED TO PRODUCE DOCUMENTS REGARDING THEIR NON-GREAT WEST MUTUAL FUND INVESTMENTS .......................................................................................... 8

CONCLUSION ......................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Equal Employment Opportunity Commission v. CRST Van Expedited, Inc.*,
   No. C07-0095, 2009 WL 136025 (N.D. Iowa Jan. 20, 2009) ................................. 6, 8

*Fangman v. Genuine Title, LLC*,
   No. RDB-14-0081, 2016 WL 3362538 (D. Md. June 17, 2016) ................................. 6

*Great Plains Ventures, Inc. v. Liberty Mutual Fire Insurance Co.*,
   No. 14-1136-JAR-JPO, 2015 WL 1978356 (D. Kan. May 1, 2015) ...................... 4, 11

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*,
   209 F.R.D. 208 (D. Kan. 2002) .............................................................................. 5, 11

*Horton v. United States*,
   204 F.R.D. 670 (D. Colo. 2002) ................................................................................. 8

*J & J Sport Productions, Inc. v. Wofford*,
   No. 6:13-cv-02403-GRA, 2014 WL 2980250 (D.S.C. June 30, 2014) ....................... 6

*Jones v. Harris Associates L.P.*,
   559 U.S. 335 (2010) .................................................................................................. 10

*Lloyd v. Del-Jen, Inc./Fluor Co., LRJCC*,
   No. 4:06-CV-01546 GTE, 2007 WL 2156405 (E.D. Ark. July 25, 2007) ................... 7

*Miller v. Schmitz*,
   No. 1:12-cv-0137 LJO SAB, 2013 WL 5754945 (E.D. Cal. Oct. 23, 2013) ............... 6

*Montoya v. Village of Cuba*,
   No. CIV 11-0814 JB/SMV, 2013 WL 6504291 (D.N.M. Nov. 30, 2013) ................... 6

*Pivitol Colorado II, LLC v. Triple M Beteiligungs-GMBH & Co KG*,
   No. 07-cv-01991-WDM-KMT, 2008 WL 349059 (D. Colo. Feb. 6, 2008) ................. 5

*Roe v. Catholic Health Initiatives Colorado*,
   281 F.R.D. 632 (D. Colo. 2012) ................................................................................. 8

*Sivolella v. AXA Equitable Life Insurance Co.*,
   No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857 (D.N.J. Aug. 25, 2016) ................. 7

**Statutes**

15 U.S.C. § 80a-35(b) ..................................................................................................... 2

Federal Rule of Civil Procedure 26(b)(1) ........................................................................ 4

Federal Rule of Civil Procedure 26(b)(5) ........................................................................ 8

Defendant Great-West Capital Management, LLC ("GWCM"), through its undersigned counsel, hereby moves this Court to compel production of two categories of documents from the *Obeslo* Plaintiffs. As grounds for this Motion, GWCM states as follows:

**CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1, the undersigned certifies that they conferred with counsel to the *Obeslo* Plaintiffs, via written correspondence on October 11, 2016 and telephone on October 22, 2016, in a good faith effort to resolve the issues raised herein and were unable to resolve the need for filing this Motion.

**PRELIMINARY STATEMENT**

GWCM moves to compel the *Obeslo* Plaintiffs ("Plaintiffs") to produce documents they refuse to turn over based primarily on a groundless relevance objection. Specifically, GWCM seeks the production of: (i) advertisements or solicitations from Plaintiffs' counsel seeking potential plaintiffs for a Section 36(b) suit against GWCM or its affiliates, and (ii) documents that show Plaintiffs' investments in mutual funds other than the Great-West Funds. GWCM seeks the first category of documents in order to fully understand Plaintiffs' motivations and interest in this action. GWCM seeks the second category of documents for this same reason, as well as to understand how the fees charged to the Great-West Funds owned by Plaintiffs compare to the fees charged to non-Great-West mutual fund investments owned by Plaintiffs and to understand the process and logic by which Plaintiffs concluded that the fees charged to the Great-West Funds are purportedly excessive.

The requested discovery is limited and reasonably calculated to lead to the discovery of admissible evidence. Indeed, one of the plaintiffs in the *Sivolella* Section 36(b) action tried earlier this year was questioned at trial about a solicitation to which he responded that sought potential plaintiffs for an action against the adviser in that case. That plaintiff was also questioned at trial about the fees he paid on a mutual fund managed by a different investment adviser. Plaintiffs here must be compelled to produce documents concerning these same issues.

## BACKGROUND

Plaintiffs are nine individuals who are purported shareholders in mutual funds that are series within Great-West Funds, Inc., a registered investment company under the Investment Company Act of 1940 ("ICA"). GWCM serves as investment adviser to the Great-West Funds. Plaintiffs allege derivative claims against GWCM on behalf of Great-West Funds, Inc., contending that GWCM charges the Great-West Funds excessive fees in violation of Section 36(b) of the ICA. 15 U.S.C. § 80a-35(b).

**I.     GWCM'S DOCUMENT REQUESTS AND THE PARTIES' NEGOTIATIONS**

On June 3, 2016, GWCM issued 21 document requests to Plaintiffs. *See* Ex. A, Defendant Great-West Capital Management, LLC's First Request for Production of Documents Propounded to Plaintiffs (June 3, 2016). Among the categories of documents GWCM requested were documents related to solicitations of Plaintiffs to become involved in this lawsuit and documents related to Plaintiffs' investments in non-Great-West mutual funds. GWCM's document requests include:

> 1. All documents, such as any media announcements, mailings, public notices, or other communications, concerning becoming a plaintiff in an action against Great-West Capital Management, LLC or any other advisor to mutual funds for excessive fees. (Document Request 10)
>
> 2. All documents concerning your investments in mutual funds other than the [Great-West] Funds. (Document Request 8)
>
> 3. Any documents used by you to evaluate the fees charged by Great-West, including, but not limited to, documents relating to the fees charged on other investments you have made. (Document Request 9)
>
> 4. All documents relating to your research and understanding of the fees paid by any and all of your mutual fund investments, including but not limited to your investment in the [Great-West] Funds. (Document Request 17)

*Id*.

Plaintiffs issued responses and objections to GWCM's document requests on July 5, 2016. *See* Ex. B, Plaintiffs' Responses and Objections to Defendant Great-West Capital Management, LLC's First Request for Production of Documents Propounded to Plaintiffs (July 5, 2016). There are nine individual Plaintiffs. The entire document production for these nine individuals totals only 120 documents, consisting mainly of account statements and shareholder reports related to their Great-West Funds investments.

One of the reasons Plaintiffs' document production is so small is because Plaintiffs objected liberally to GWCM's document requests. Plaintiffs objected outright to producing any documents in response to the first three document requests listed above (Document Requests 8, 9, and 10). *See id.* at 4-5. With respect to the fourth request listed above (Document Request 17), Plaintiffs agreed to produce account statements regarding their investments in the Great-West Funds but did not agree to

3

produce any documents related to their non-Great-West Funds investments. *See id.* at 6.

On October 11, 2016, counsel for GWCM sent a letter to counsel for Plaintiffs requesting that Plaintiffs produce these categories of documents, explaining the relevance of the documents and the inadequacy of Plaintiffs' objections. *See* Ex. C, Letter from R. Liubicic to M. Wolff (Oct. 11, 2016). On October 22, 2016, the parties held a meet and confer. At the conclusion of the meet and confer, Plaintiffs' counsel stated Plaintiffs needed a few days to consider GWCM's positions. In subsequent email correspondence, Plaintiffs' counsel stated: "we still feel that the information you seek is not relevant." *See* Ex. D, Email from S. Hoeplinger to B. Reed (Oct. 31, 2016).

## II.    THE LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Great Plains Ventures*, *Inc. v. Liberty Mut. Fire Ins. Co.*, No. 14-1136-JAR-JPO, 2015 WL 1978356, at *2 (D. Kan. May 1, 2015) (quoting *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)). In other words, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Id.* (quoting *Snowden ex rel. Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 329 (D. Kan. 1991)).

Information may be discoverable, even if not admissible at trial, if such information will have some "probable effect on the organization and presentation of the party's case or will otherwise aid in his or her preparation for trial." *Pivitol Colo. II, LLC v. Triple M Beteiligungs-GMBH & Co KG*, No. 07-cv-01991-WDM-KMT, 2008 WL 349059, at *3 (D. Colo. Feb. 6, 2008) (citing *Smith v. Schlesigner*, 513 F.2d 462, 473 (D.C. Cir. 1975)).

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Horizon Holdings*, *L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 n.7 (D. Kan. 2001)).

## **ARGUMENT**

### I. **PLAINTIFFS SHOULD BE COMPELLED TO PRODUCE ADVERTISEMENTS OR SOLICITATIONS RELATED TO THIS LAWSUIT**

Plaintiffs have objected, on relevance grounds, to producing advertisements or solicitation materials related to potentially participating as a plaintiff in a lawsuit concerning excessive mutual fund fees. GWCM's Document Request 10 seeks: "All documents, such as any media announcements, mailings, public notices, or other communications, concerning becoming a plaintiff in an action against Great-West Capital Management, LLC or any other advisor to mutual funds for excessive fees." *See* Ex. A, Defendant Great-West Capital Management, LLC's First Request for

5

Production of Documents Propounded to Plaintiffs, at 6 (June 3, 2016). Plaintiffs' refusal to produce documents responsive to this request is baseless.

The advertisements and solicitation documents GWCM requests are squarely relevant to Plaintiffs' credibility as witnesses and their reasons for bringing this lawsuit. *See Equal Emp't Opportunity Comm'n v. CRST Van Expedited, Inc.*, No. C07-0095, 2009 WL 136025, at *4 (N.D. Iowa Jan. 20, 2009) ("The Court believes that representations made to prospective class members in order to induce their participation in the lawsuit is relevant to the issue of their credibility."); *Fangman v. Genuine Title, LLC*, No. RDB-14-0081, 2016 WL 3362538, at *3 (D. Md. June 17, 2016) (holding that solicitations sent by plaintiffs' law firm to potential plaintiffs were discoverable). As Section 36(b) cases are often driven by plaintiffs' counsel, GWCM must be permitted to probe the circumstances under which Plaintiffs became involved in this action in order to understand their interest in the case and any biases or motivations that may have influenced their claims against GWCM.

Courts have routinely held that plaintiffs' motives for bringing lawsuits are relevant. *J & J Sport Prods., Inc. v. Wofford*, No. 6:13-cv-02403-GRA, 2014 WL 2980250, at *5-6 (D.S.C. June 30, 2014) (ordering plaintiff to comply with defendant's request for production of documents related to, among other things, "concerns as to Plaintiff's motive in bringing [the] lawsuit"); *Montoya v. Village of Cuba*, No. CIV 11-0814 JB/SMV, 2013 WL 6504291, at *18 (D.N.M. Nov. 30, 2013) (plaintiff's prior interactions with defendant police officer were "relevant in relation to the plaintiff's motive for bringing a lawsuit"); *Miller v. Schmitz*, No. 1:12-cv-0137 LJO SAB, 2013

6

WL 5754945, at *3 (E.D. Cal. Oct. 23, 2013) ("Evidence suggesting that Plaintiff was pressured into filing this lawsuit may go to the issue of Plaintiff's motives, bias, and credibility. It is therefore improper to preclude Defendants from exploring this matter altogether."); *Lloyd v. Del-Jen, Inc./Fluor Co., LRJCC*, No. 4:06-CV-01546 GTE, 2007 WL 2156405, at *8 (E.D. Ark. July 25, 2007) (requiring plaintiff to produce documents about prior lawsuit "because they may demonstrate motive and opportunity as it relates to Plaintiff filing the present lawsuit . . . [and] reflect on Plaintiff's credibility").

In the recent *Sivolella* Section 36(b) action, decided in favor of the adviser (AXA Equitable) in August 2016 following trial, the court assessed the credibility of all witnesses. In a section of the court's opinion titled "Plaintiffs' Credibility[,]" the court noted that the "Plaintiffs had little interest in the trial or its impact upon them[,]" and they "may not have had a significant issue at stake" in the case. *Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857, at *17 (D.N.J. Aug. 25, 2016). The court noted that few facts were presented about most of the plaintiffs "or their reason for bringing the suit[.]" *Id.* at *6. Indeed, the single plaintiff who testified at the *Sivolella* trial was questioned *by his own counsel* about how he became involved in the lawsuit, including his response to an advertisement in a newspaper seeking potential plaintiffs for a suit against the adviser. *See* Ex. E, Transcript of Trial Record at 150, *Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857 (D.N.J. Aug. 25, 2016) ("I saw an ad in a newspaper, and I don't recall exactly what the ad said, something to the effect if you have mutual funds or if you have funds invested in AXA and you feel you're being charged excessive fees, to call.").

7

GWCM must be permitted to obtain discovery probative of how Plaintiffs became involved in the lawsuit, their interest in this matter and its impact upon them, and the significance to them of the issues at stake. Those issues were relevant in *Sivolella*, and they are equally relevant here.[1]

## II. PLAINTIFFS SHOULD BE COMPELLED TO PRODUCE DOCUMENTS REGARDING THEIR NON-GREAT WEST MUTUAL FUND INVESTMENTS

Plaintiffs also object on relevance grounds to producing documents concerning their investments in mutual funds other than the Great-West Funds and the fees charged to those funds. The relevant document requests include: "All documents concerning your investments in mutual funds other than the [Great-West] Funds"; "Any documents used by you to evaluate the fees charged by Great-West, including, but not limited to, documents relating to the fees charged on other investments you have

---

[1] Plaintiffs also object to GWCM's document request as seeking documents protected by the attorney-client privilege. *See* Ex. B, Plaintiffs' Responses and Objections to Defendant Great-West Capital Management, LLC's First Request for Production of Documents Propounded to Plaintiffs, at 5 (July 5, 2016). This objection is unavailing. The attorney-client privilege does not protect advertisements and solicitations that were placed in the public domain or sent unsolicited to individuals with whom an attorney-client relationship had not yet been formed. *See Roe v. Catholic Health Initiatives Colo.*, 281 F.R.D. 632, 635, 638-39 (D. Colo. 2012) (communications sent to unrepresented parties for the purpose of establishing attorney-client relationship with them not subject to attorney-client privilege); *Equal Emp't Opportunity Comm'n*, 2009 WL 136025, at *4 ("Merely sending a letter to potential class members, or calling potential class members when they failed to respond to the letter, does not establish an attorney-client relationship." (citing *Hinsdale v. City of Liberal, Kan.*, 961 F. Supp. 1490, 1494 (D. Kan. 1997))). Even if these documents were privileged (which they are not), Plaintiffs are required to provide a privilege log supporting their claims of privilege, which they have not done. *Horton v. United States*, 204 F.R.D. 670, 673 (D. Colo. 2002) (citation omitted) ("To satisfy the burden established by Rule 26(b)(5), the party asserting the privilege must provide a privilege log that describes in detail the documents or information claimed to be privileged and the precise reasons the materials are subject to the privilege asserted.").

made"; and "All documents relating to your research and understanding of the fees paid by any and all of your mutual fund investments, including but not limited to your investment in the [Great-West] Funds." See Ex. A, Defendant Great-West Capital Management, LLC's First Request for Production of Documents Propounded to Plaintiffs, at 6, 8 (June 3, 2016). Plaintiffs should be compelled to produce these documents.

Like discovery of solicitations to participate in this lawsuit, discovery regarding Plaintiffs' non-Great-West mutual fund investments bears on Plaintiffs' credibility and reasons for bringing the lawsuit. GWCM may have relevant questions for Plaintiffs, for instance, regarding their knowledge about fees they pay on their non-Great-West mutual fund investments, why they challenged GWCM's fees while potentially paying higher fees on other mutual funds, or why they have remained invested in Great-West Funds if they are also invested in comparable mutual funds that charged lower fees. Discovery into these matters may show either that Plaintiffs' participation in this litigation was motivated by factors other than dissatisfaction with the fees charged on their Great-West investments, that Plaintiffs' conclusion that the fees charged by the Great-West Funds is excessive is not logical, or both. Indeed, at the Sivolella trial against adviser AXA Equitable one of the plaintiffs was cross-examined about fees that plaintiff paid for a non-AXA mutual fund he owned and how the fees on that non-AXA fund compared to the allegedly excessive fees the plaintiff was charged on the at-issue AXA funds. See Ex. E, Transcript of Trial Record at 155-58, Sivolella v. AXA Equitable Life Ins. Co., No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857 (D.N.J. Aug. 25, 2016).

In addition, one of the *Gartenberg* factors that courts consider in Section 36(b) cases is comparative fee structures, or "a comparison of the fees with those paid by similar funds[.]" *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 344 n.5 (2010). Plaintiffs' investments in non-Great-West mutual funds are relevant to this *Gartenberg* factor. A comparison of the fees Plaintiffs have chosen to pay on their non-Great-West Funds investments with the fees Plaintiffs have chosen to pay on their Great-West Funds investments is plainly relevant under this factor. Similarly, if Plaintiffs were to argue that GWCM's fees from one of the Great-West Funds exceeded the fees charged to a similar fund in the industry in which Plaintiffs were invested, GWCM may wish to probe Plaintiffs' investments in that comparator fund. Or if Plaintiffs argued that a certain non-Great-West mutual fund did not belong in a peer group of one of the Great-West Funds established by a third party like Lipper or Broadridge, a Plaintiff's ownership of that non-Great-West mutual fund could bear on whether the non-Great West mutual fund is comparable.

Notably, *Plaintiffs themselves* have made multiple comparative fee allegations against GWCM in their Complaint—Plaintiffs claim that the fees charged to the Great-West Funds compare poorly to the fees charged to non-Great West mutual funds by other investment advisers. *See Obeslo* Am. Compl. ¶¶ 57-58, 68, 75-79. Having made the choice to bring an action alleging that GWCM charges excessive fees to the Great-West Funds, and having made the choice to put the *Gartenberg* comparative fees factor squarely into play by making comparative fee allegations in their Complaint, discovery into Plaintiffs' non-Great-West mutual fund investments and the fees charged to

10

Plaintiffs' non-Great-West mutual funds is more than fair game. This discovery easily clears the low bar for relevance under the Federal Rules. *See Great Plains Ventures, Inc.*, 2015 WL 1978356, at *2 (noting that "[r]elevance is broadly construed at the discovery stage of the litigation").[2]

## **CONCLUSION**

For the reasons stated above, GWCM respectfully requests that the Court grant GWCM's Motion and order the Plaintiffs to immediately produce the following categories of documents:

1. All documents, such as any media announcements, mailings, public notices, or other communications, concerning becoming a plaintiff in an action against Great-West Capital Management, LLC or any other advisor to mutual funds for excessive fees. (Document Request 10)

2. All documents concerning your investments in mutual funds other than the [Great-West] Funds. (Document Request 8)

3. Any documents used by you to evaluate the fees charged by Great-West, including, but not limited to, documents relating to the fees charged on other investments you have made. (Document Request 9)

4. All documents relating to your research and understanding of the fees paid by any and all of your mutual fund investments, including but not limited to your investment in the [Great-West] Funds. (Document Request 17)

---

[2] Further, Plaintiffs have made no showing that producing documents such as account statements and shareholder reports showing Plaintiffs' investments in non-Great West mutual funds and the fees they are charged would impose any undue burdens on them. *See Horizon Holdings, L.L.C.*, 209 F.R.D. at 213 ("As the party resisting discovery, Defendants have the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." (citing *Snowden ex rel. Victor*, 137 F.R.D. at 332)).

Dated: December 9, 2016

Respectfully submitted,

*/s Sean M. Murphy*
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone: 212.530.5688
Facsimile: 212.822.5688
smurphy@milbank.com

Robert J. Liubicic
Milbank, Tweed, Hadley & McCloy, LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424.386.4525
Facsimile: 213.629.5063
rliubicic@milbank.com

Edward C. Stewart (#23834)
Wheeler Trigg O'Donnell, LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
stewart@wtotrial

Robert Michael Little
Great-West Life & Annuity Insurance Company
8515 East Orchard Road, 2T3
Greenwood Village, CO 80111
Telephone: 303.737.5089
Facsimile: 303.737.1699
bob.little@greatwest.com

*Attorneys for Defendant, Great-West Capital Management, LLC*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on December 9, 2016, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

- **Kyle Geoffrey Bates**
  kbates@schneiderwallace.com
- **Mark T. Johnson**
  mjohnson@schneiderwallace.com
- **Robert Michael Little**
  bob.little@greatwest.com
- **Robert J. Liubicic**
  rliubicic@milbank.com
- **Sean Miles Murphy**
  smurphy@milbank.com
- **Jerome Joseph Schlichter**
  jschlichter@uselaws.com
- **Thomas W. Snyder**
  thomas.snyder@kutakrock.com
- **Sean E. Soyars**
  ssoyars@uselaws.com
- **Edward Craig Stewart**
  stewart@wtotrial.com
- **Michael Armin Wolff**
  mwolff@uselaws.com

*/s Sean M. Murphy*
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone:  212.530.5688
Facsimile:  212.822.5688
smurphy@milbank.com

*Attorney for Defendant, Great-West Capital Management, LLC*