IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:16-cv-00230-CMA-MJW (Consolidated for all purposes with Civil Action No. 1:16-cv-01215-CMA-MJW)

JOAN OBESLO,
ROYCE HORTON,
DANIEL FISHER,
NATHAN COMER,
STEVE MIGOTTI,
VALERIE MIGOTTI,
JAMES DIMAGGIO,
ANNE HALL,
CAROL A. REYNON-LONGORIA,
on behalf of GREAT-WEST FUNDS, INC.,

       Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

       Defendant.

---

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK APLC 401(K)
PLAN,

       Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

       Defendant.

---

## DEFENDANT'S MOTION TO CONSOLIDATE

**TABLE OF CONTENTS**

**Page(s)**

CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1 ....................... 1

PRELIMINARY STATEMENT ........................................................................... 1

RELEVANT FACTS......................................................................................... 3

    I.      GENERAL BACKGROUND ...................................................... 3

    II.     THE *OBESLO/DUPLASS* ACTION AND ITS CONSOLIDATION .............. 3

    III.    THE *OBESLO* PLAINTIFFS' NEWLY PROPOSED SECOND
             AMENDED COMPLAINT IN THE *OBESLO/DUPLASS* ACTION  ............. 4

    IV.    THE STATUS OF THE *OBESLO/DUPLASS* ACTION .............................. 5

    V.     THE NEW *OBESLO* ACTION .................................................... 7

ARGUMENT.................................................................................................. 7

    I.      LEGAL STANDARD ............................................................... 7

    II.     THE *OBESLO/DUPLASS* ACTION AND THE NEW *OBESLO*
             ACTION SHARE COMMON QUESTIONS OF LAW AND FACT............... 8

          A.     Common Questions of Law.............................................. 8

          B.     Common Questions of Fact  .......................................... 8

    III.    CONSOLIDATION WILL PROMOTE JUDICIAL ECONOMY AND
             AVOID DUPLICATION OF EFFORT AND COST .................................. 11

          A.     Consolidation Will Save the Time and Effort of the Court  ........... 11

          B.     Consolidation Will Save the Time and Effort of the Parties  ......... 11

    IV.    ADDITIONAL CONSIDERATIONS FAVOR CONSOLIDATION  ............. 14

          A.     Section 36(b) Cases Are Regularly Consolidated ........................ 14

          B.     Section 36(b) Claims Challenging Different Fees Are
                Commonly Litigated Together ....................................... 14

C.    Consolidation Will Help Bring Order to the Ongoing Litigation of These Cases ............................................................................ 15

CONCLUSION ................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*Adams v. Veolia Transportation*,
No. 11-cv-02491-PAB-KMT, 2012 WL 171470 (D. Colo. Jan. 20, 2012) ................... 7

*Ayyad v. Gonzales*,
No. 05-cv-02342-WYD-MJW, 2008 WL 178470 (D. Colo. Jan. 18,
2008).............................................................................................................. 13

*Employers Mutual Casualty Co. v. Western Skyways, Inc.*,
No. 09-cv-01717-LTB, 2010 WL 2035577 (D. Colo. May 21, 2010) ......................... 8

*Gardner v. CafePress, Inc.*,
No. 3:13-cv-1108-GPC-JLP, 2014 WL 7183600 (S.D. Cal. Dec. 16,
2014)............................................................................................................... 12

*Gartenberg v. Merrill Lynch Asset Management, Inc.*,
694 F.2d 923 (2d Cir. 1982) ..................................................................... 3

*Gillette Motor Transportation, Inc. v. Northern Oklahoma Butane Co.*,
179 F.2d 711 (10th Cir. 1950) ................................................................. 10

*Internet Law Library v. Southridge Capital Management, LLC*,
208 F.R.D. 59 (S.D.N.Y. 2002) ................................................................ 13

*Jones v. Harris Associates L.P.*,
559 U.S. 335 (2010) .................................................................................. 3

*Leprino Foods Co. v. DCI, Inc.*,
No. 13-cv-02430-RM-KMT, 2015 WL 134235 (D. Colo. Jan. 9, 2015)........... 7, 11, 13

*Maiteki v. Marten Transportation Ltd.*,
No. 12-cv-2021-WJM-CBS, 2014 WL 4331664 (D. Colo. Sept. 2, 2014)........... 12, 13

*McClure v. Russell Investment Management Co.*,
14-cv-14358-WGY (D. Mass. Dec. 8, 2014) ........................................... 15

*McClure v. Russell Investment Management Co.*,
13-cv-12631-WGY (D. Mass. Mar. 10, 2015)........................................... 15

*Monzo v. American Airlines, Inc.*,
94 F.R.D. 672 (S.D.N.Y. 1982) ................................................................ 14

*Obeslo v. Great-West Life & Annuity Insurance Co.*,
 No. 16-cv-03162-RM-STV (D. Colo. Dec. 23, 2016) .......................................... 9, 10

*Ocean Ships, Inc. v. Stiles*,
 No. 00 Civ. 5469(RCC), 2003 WL 22741457 (S.D.N.Y. Nov. 19, 2003) .................. 12

*Otter Products, LLC v. Treefrog Developments., Inc.*,
 Nos. 11–CV–02180–WJM–KMT, 1:12–CV–03115–WJM–KMT, 2013
 WL 490964 (D. Colo. Feb. 7, 2013) ........................................................................ 11

*Sivolella v. AXA Equitable Life Insurance Co.*,
 No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857 (D.N.J. Aug. 25,
 2016).......................................................................................................................... 15

*Wells ex rel. Molycorp, Inc. v. Smith*,
 No. 12-cv-0447-WJM-KLM, 2014 WL 3881496 (D. Colo. Aug. 7, 2014).................. 13

## **Statutes**

15 U.S.C. § 80a-35(b) ................................................................................................... 3

Federal Rule of Civil Procedure 42(a)(2)........................................................................ 7

Defendant Great-West Capital Management, LLC ("GWCM") moves this Court for an Order consolidating (i) the *Obeslo* and *Duplass* actions presently before this Court, with (ii) *Obeslo v. Great-West Life & Annuity Insurance Co. and Great-West Capital Management, LLC* (1:16-cv-03162-RM-STV), filed December 23, 2016.  As grounds, GWCM states as follows:

### CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1

The undersigned certifies that they have conferred with counsel for the Plaintiffs in both the *Obeslo* and *Duplass* matters by email dated December 28, 2016 in an effort to resolve the issues raised herein.  Counsel for the *Obeslo* Plaintiffs opposes the requested relief.  Counsel for the *Duplass* Plaintiff has not responded.

### PRELIMINARY STATEMENT

This consolidated case (the "*Obeslo/Duplass* Action"), brought by alleged shareholders of mutual funds advised by GWCM, challenges the advisory fee and the acquired fund fee charged to Great-West mutual funds (the "Great-West Funds" or the "Funds").  On December 23, 2016, the *Obeslo* Plaintiffs filed a motion to amend their complaint in the *Obeslo/Duplass* Action, attaching a new complaint that is essentially a complete re-write of their claim.  That same day, the *Obeslo* Plaintiffs filed a brand new Section 36(b) action against GWCM and its parent Great-West Life & Annuity Insurance Company ("GWL&A"), challenging a third fee—the administrative fee—charged to the Funds (the "New *Obeslo* Action").  The New *Obeslo* Action, which is pending before Judge Moore, is brought by the same group of *Obeslo* Plaintiffs as in this Action, represented by the same counsel, on behalf of the same Funds.  The New *Obeslo*

Action should be consolidated with the *Obeslo/Duplass* Action.

First, the two Actions share numerous common questions of law and fact.  Both Actions raise identical legal issues concerning the *Obeslo* Plaintiffs' standing, their entitlement to a jury trial, and the *Gartenberg* factors under which the claims at issue will be adjudicated.  The administrative fee at issue in the New *Obeslo* Action covers services that were, until recently, paid for under the advisory fee at issue in the *Obeslo/Duplass* Action.  The complaints in the two Actions contain numerous overlapping factual allegations, and Plaintiffs in the *Obeslo/Duplass* Action have requested and obtained discovery concerning the administrative fee.  Fact and expert witnesses will substantially overlap in the two Actions.

Second, consolidation will promote judicial economy and avoid injury to the parties.  Neither the Court nor the parties should be required to engage in duplicative tracks of case management, discovery, and trial.  In light of open questions in the *Obeslo/Duplass* Action, including a pending motion to compel, the majority of discovery in the *Obeslo/Duplass* Action remains to be completed.  Consolidation will allow discovery into all claims to be conducted in the most efficient manner.

Third, additional considerations weigh in favor of consolidation.  Section 36(b) cases are regularly consolidated.  Indeed, this Court consolidated the *Obeslo/Duplass* Action in August 2016.  In multiple recent Section 36(b) cases plaintiffs have challenged advisory fees and administrative fees in a single action.  Finally, consolidation will allow for greater order to be brought to the litigation of the *Obeslo/Duplass* Action, which to date has been procedurally challenging.

## RELEVANT FACTS

### I.    GENERAL BACKGROUND

Plaintiffs in both the *Obeslo/Duplass* Action and the New *Obeslo* Action purport to allege derivative claims alleging that the Funds are charged excessive fees in violation of Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b).  Courts consider the six "*Gartenberg* factors" in reviewing the reasonableness of fees charged by investment advisers:  (1) the nature and quality of services provided to the funds; (2) the independence and conscientiousness of the funds' board of directors; (3) whether the adviser realized and shared economies of scale; (4) the fees charged to comparable mutual funds; (5) the adviser's profitability; and (6) fall-out benefits to the adviser.  *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 344 & n.5 (2010); *see Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928-29 (2d Cir. 1982).  The claims in both the *Obeslo/Duplass* Action and the New *Obeslo* Action will be litigated in light of these same factors.

### II.    THE *OBESLO/DUPLASS* ACTION AND ITS CONSOLIDATION

This Court consolidated the *Obeslo/Duplass* Action in August 2016.  The operative Complaint in *Obeslo* alleges that the investment advisory fees GWCM charges to the Funds are excessive.  *See Obeslo* Am. Compl. ¶ 4.  While the *Obeslo* Plaintiffs allege they are shareholders of only certain Great-West Funds, they purport to bring claims on behalf of all 63 Funds in the Great-West Funds complex.

Like the *Obeslo* complaint, the *Duplass* complaint alleges that the investment advisory fees GWCM charges to the Funds are excessive.  *See Duplass* Compl. ¶ 4.

*Duplass* also alleges that a second fee paid by certain Funds, the acquired fund fee, is excessive.  *See id.* ¶ 129.  The *Duplass* Plaintiff purports to bring a claim on behalf of eight Funds it alleges that it and its plan participants own.

The Court will recall that Plaintiffs vigorously opposed consolidation of the *Obeslo/Duplass* Action.  Plaintiffs claimed that consolidation would not be efficient, that GWCM's motion was a delay tactic, and that it was somehow both too late *and* premature to consolidate the cases.  *See generally* Pls.' Resp. to Def.'s Mot. to Consolidate & for Protective Order, ECF No. 57.  The Court granted GWCM's motion, finding that consolidation was appropriate to "promote judicial efficiency" and as "an effort to avoid injury to the parties[.]"  Order Granting in Part & Den. in Part Def.'s Mot. to Consolidate & for Protective Order 1, ECF No. 78.

## III.   THE *OBESLO* PLAINTIFFS' NEWLY PROPOSED SECOND AMENDED COMPLAINT IN THE *OBESLO/DUPLASS* ACTION

The *Obeslo* Plaintiffs' deadline to amend their complaint in the *Obeslo/Duplass* Action was May 31, 2016.  Scheduling Order 11, ECF No. 25.  On December 23, 2016, nearly seven months after their deadline, the *Obeslo* Plaintiffs filed a Motion for Leave to File Second Amended Complaint ("Motion for Leave").  Pls.' Mot. for Leave, ECF No. 119.  The Proposed Second Amended Complaint is a substantive re-write of the *Obeslo* claim in this Action.[1]  *See generally* Ex. 1 to Pls.' Mot. for Leave, ECF No. 119.  Among the many new proposed allegations is a claim that the administrative fee charged by GWL&A—*i.e.*, *the same fee challenged in the New Obeslo Action*—is a fall-out benefit relevant to assessing the reasonableness of the advisory fee.  *See* Ex. 2 to Pls.' Mot. for

---

[1] GWCM intends to file an opposition to the Motion for Leave.

Leave ¶130-32, ECF No. 119.  Indeed, the Proposed Second Amended Complaint is

chock full of allegations concerning the administrative fee and GWL&A.  *See, e.g.*, *id.* at

¶¶ 4, 11, 13, 25, 32-34, 39-40, 50-52, 54-55, 57, 59, 64, 77, 84, 114, 128, 129-34, 138,

144, 148-55, 157, 166.  The Proposed Second Amended Complaint also includes

dozens of new substantive allegations concerning each of the *Gartenberg* factors, drops

three individual plaintiffs who no longer own shares of the Great-West Funds, and adds

two new individual plaintiffs.  *See generally* Ex. 1 to Pls.' Mot. for Leave, ECF No. 119.

Numerous Section 36(b) cases have challenged both advisory and administrative

fees in a single action.  *See* Declaration of Robert J. Liubicic dated January 6, 2016,

filed contemporaneously herewith ("Liubicic Decl.") ¶¶ 2-4 (citing six such cases).

## IV.   THE STATUS OF THE *OBESLO/DUPLASS* ACTION

The Proposed Second Amended Complaint is the latest in a series of open

questions that leaves the *Obeslo/Duplass* Action in a procedural and practical limbo.

While the current scheduling order contemplates that document productions would be

substantially completed by December 30, 2016 and that fact discovery will be

completed by February 28, 2017, Consolidated Scheduling Order 2, ECF No. 91, these

open questions have slowed the pace of discovery.

Prime among these open issues is the scope of discovery of electronically stored

information ("ESI").  GWCM has produced approximately 130,000 pages of documents

to date, exclusive of emails.  GWCM is willing to also review more than 150,000 emails

and attachments yielded by an ESI search GWCM proposed after substantial

negotiation with Plaintiffs.  Plaintiffs demand that GWCM review many multiples of this

amount of ESI.  The *Obeslo* Plaintiffs filed a Motion to Compel ESI on September 6, 2016, which remains pending.  Docket, ECF Nos. 80, 94, 97.[2]

Accordingly, the bulk of discovery in the *Obeslo/Duplass* Action remains to be completed.  Plaintiffs have deposed just three non-party witnesses, and GWCM has deposed four of the individual *Obeslo* Plaintiffs.  Plaintiffs have not yet deposed any GWCM personnel.  On November 28, 2016, Plaintiffs made their first request for depositions of GWCM witnesses, seeking seven depositions in January and February 2017.  Ex. A, S. Hoeplinger Nov. 28, 2016 Email.  Plaintiffs have since requested January and February dates for four additional witnesses, Ex. A, M. Wolff Dec. 21, 2016 Email, *including a Rule 30(b)(6) deposition of GWL&A concerning several topics that correspond exactly to allegations in the New Obeslo Action*.  Ex. B, Dec. 21, 2016, Notice of Videotaped 30(b)(6) Deposition of GWL&A.

GWCM has provided deposition dates in January and February 2017 for a number of these witnesses.  GWCM has noted that it will make witnesses available for deposition only once.  Ex. A, R. Liubicic Dec. 2, 2016 Email; Ex. A, R. Liubicic Dec. 21, 2016 Email.  Plaintiffs, however, are reserving the right to take a second deposition of these witnesses after the Court rules on the Motion to Compel ESI and after GWCM's ESI production is completed.  Ex. A, M. Wolff Dec. 2, 2016 Email; Ex. A, M. Johnson

---

[2] Four other motions to compel, and GWCM's motion to strike the *Obeslo* Plaintiffs' jury demand, also remain pending.  Relatedly, the number of Funds actually at issue in this case remains unresolved given that the *Obeslo* Plaintiffs purport to bring their claims on behalf of all 63 Funds in the Great-West complex even though they do not own most of those Funds.  The parties briefed this standing issue in the context of GWCM's motion to dismiss filed May 2, 2016, which also remains pending.  Docket, ECF Nos. 35, 53, 61.

Dec. 2, 2016 Email; Ex. A, M. Johnson Dec. 14, 2016 Email.

As a result, GWCM is contemporaneously moving for a protective order providing that GWCM witnesses be deposed after Plaintiffs' Motion to Compel ESI, Plaintiffs' Motion for Leave, and this Motion to Consolidate have been decided.

## V.     THE NEW *OBESLO* ACTION

The New *Obeslo* Action was filed on December 23, 2016—the same day that the *Obeslo* Plaintiffs moved for leave to drastically amend their Complaint in the *Obeslo/Duplass* Action.  The New *Obeslo* Action is brought by the same group of *Obeslo* Plaintiffs as in this Action, who are represented by the same *Obeslo* counsel as in this Action, on behalf of the same Funds as in this Action, and against the same defendant (GWCM) as in this Action.

## ARGUMENT

## I.     LEGAL STANDARD

It is well accepted that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]"  Fed. R. Civ. P. 42(a)(2). Whether to consolidate actions involving common questions of law or fact is committed to the discretion of the trial court.  *See Leprino Foods Co. v. DCI, Inc.*, No. 13-cv-02430-RM-KMT, 2015 WL 134235, at *2 (D. Colo. Jan. 9, 2015).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citation omitted).  The court "generally

weighs the saving of time and effort that consolidation would produce against any inconvenience, delay or expense that consolidation would cause." *Employers Mut. Cas. Co. v. Western Skyways, Inc.*, No. 09-cv-01717-LTB, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010) (citation omitted).  Consolidation of the *Obeslo/Duplass* Action and the New *Obeslo* Action is amply warranted under these standards.

## II.   THE *OBESLO/DUPLASS* ACTION AND THE NEW *OBESLO* ACTION SHARE COMMON QUESTIONS OF LAW AND FACT

The *Obeslo/Duplass* Action and the New *Obeslo* Action share numerous common, if not identical, questions of law and fact.

### A.   Common Questions of Law

Both Actions assert derivative claims under Section 36(b) and involve the application of the same *Gartenberg* factors.  Both Actions seek the same relief, including the repayment of all purportedly excessive fees paid by the Funds during the statutorily provided period.  Both Actions raise the same issue regarding standing (the subject of GWCM's pending Motion to Dismiss in this Action), because in both Actions the *Obeslo* Plaintiffs purport to bring a claim on behalf of Funds they do not own.  And both Actions raise the same issue regarding Plaintiffs' right to a jury trial (the subject of GWCM's pending Motion to Strike the *Obeslo* Plaintiffs' Demand for a Jury Trial in this Action, ECF No. 98).

### B.   Common Questions of Fact

Both Actions also share numerous common questions of fact.  While the Actions challenge different fees, there is substantial overlap in the underlying facts.  For example, the allegations in the two Actions concerning the independence and

conscientiousness of the Board—one of the primary *Gartenberg* factors—are virtually identical. *See* Liubicic Decl. ¶ 7.  The Board approved both the advisory fee challenged in the *Obeslo/Duplass* Action and the administrative fee challenged in the New *Obeslo* Action.  Similarly, the New *Obeslo* Action alleges that the advisory fee challenged in the *Obeslo/Duplass* Action is a fall-out benefit that informs the reasonableness of the administrative fee challenged in the New *Obeslo* Action.  New *Obeslo* Action Complaint ¶ 48, *Obeslo v. Great-West Life & Annuity Ins. Co.*, No. 16-cv-03162-RM-STV (D. Colo. Dec. 23, 2016).  And the New *Obeslo* Action not only contains multiple allegations concerning the profitability to GWCM from the advisory fee—an issue at the center of the *Obeslo/Duplass* Action—but also alleges that GWCM's and GWL&A's profitability from the advisory fee and administrative fee are intertwined.  *Id.* ¶ 25.[3]

These common factual issues are evident in the document discovery and written discovery to date in the *Obeslo/Duplass* Action.  Key documents in both Actions will be the same set of Section 15(c) materials provided to the Board, which form the basis of the Board's approval of both the advisory and administrative fees.  In addition, Plaintiffs have served 12 document requests in the *Obeslo/Duplass* Action that seek documents concerning the administrative fee.  Liubicic Decl. ¶ 8.  GWCM has produced numerous administrative fee-related documents in the *Obeslo/Duplass* Action in response to these requests.  *Id.* ¶ 9.  Indeed, a number of the allegations in the New *Obeslo* Action appear

---

[3] In addition, if the Court grants the Motion for Leave, the Proposed Second Amended Complaint contains even more allegations regarding the administrative fee, including that the administrative fee is a fall-out benefit relevant to assessing the reasonableness of the advisory fee.  *See* Ex. 2 to Pls.' Mot. for Leave ¶¶ 130-32.

to be based on (inaccurate) characterizations of information GWCM has provided to Plaintiffs in the *Obeslo/Duplass* Action.  *Id.* ¶ 11.  Plaintiffs in the *Obeslo/Duplass* Action have also requested that GWCM employ ESI search terms regarding the administrative fee.  *Id.* ¶ 10.

In addition, there will be substantial overlap between the witnesses in the two Actions.  In the three depositions Plaintiffs have taken thus far in the *Obeslo/Duplass* Action, Plaintiffs asked numerous questions about GWL&A and administrative fee issues that are now alleged in the New *Obeslo* Action.  *Id.* ¶ 12.  Similarly, Plaintiffs have noticed a Rule 30(b)(6) deposition of GWL&A in the *Obeslo/Duplass* Action, and *five of the six Rule 30(b)(6) topics on which Plaintiffs seek testimony from GWL&A are identical to factual allegations in the New Obeslo Action.*  *Id.* ¶ 14; Ex. B, Dec. 21, 2016, Notice of Videotaped 30(b)(6) Deposition of GWL&A.  GWCM anticipates that many of the witnesses Plaintiffs seek to depose in the *Obeslo/Duplass* Action will also be witnesses in the New *Obeslo* Action.  Liubicic Decl. ¶ 13.

None of this is surprising, particularly given that prior to May 2015 the services now covered by the administrative fee were included in the advisory fee.  New *Obeslo* Action Complaint, *supra* p. 9, at ¶ 26.  Indeed, the only surprising thing is that Plaintiffs hope to litigate the New *Obeslo* Action as a separate action before a different Judge.

Courts in this Circuit have consolidated actions where the underlying questions of law and fact were less common than here.  *See, e.g.*, *Gillette Motor Transp., Inc. v. Northern Okla. Butane Co.*, 179 F.2d 711, 711-12 (10th Cir. 1950) (affirming consolidation of (i) personal property action for damages to commercial vehicle with (ii)

wrongful death action brought by estate of driver of vehicle); *Leprino Foods Co.*, 2015 WL 134235, at *2-3 (consolidating (i) action alleging acts or omissions that occurred in 2001 and 2007, with (ii) action alleging acts or omissions that occurred in 2010, where the two actions concerned "temporally separate" claims and three different contracts). The *Obeslo/Duplass* Action and New *Obeslo* Action should be similarly consolidated.

III. **CONSOLIDATION WILL PROMOTE JUDICIAL ECONOMY AND AVOID DUPLICATION OF EFFORT AND COST**

A. **Consolidation Will Save the Time and Effort of the Court**

Given the common questions of law and fact detailed above, consolidation of the Actions will promote judicial efficiency.  In the absence of consolidation, two Judges will need to separately decide key legal issues that include standing and jury entitlement. Similarly, the Court would be required to spend unnecessary resources setting two case schedules, managing two dockets, holding separate status conferences, hearing two tracks of motion practice, and potentially holding multiple trials.  In addition, separate motions (standing, jury entitlement, and summary judgment) and trials, applied to common questions of law and fact, would run the risk of inconsistent results.

B. **Consolidation Will Save the Time and Effort of the Parties**

Consolidating the Actions now will also avoid injury to the parties.  It is plain that motion practice, document discovery, and written discovery in the Actions will overlap significantly.  *See supra* pp. 9-11.  And absent consolidation, numerous common witnesses will need to be deposed separately.  Duplicative depositions would require expensive, duplicative travel given the far-flung locations of the parties and counsel (Colorado, California, Missouri, Arizona, Louisiana, and New York).  *See Otter Prods.,*

*LLC v. Treefrog Devs., Inc.*, Nos. 11–CV–02180–WJM–KMT, 1:12–CV–03115–WJM–KMT, 2013 WL 490964, at *2 (D. Colo. Feb. 7, 2013) ("In short, it makes sense to consolidate so depositions are not duplicated."). The parties will also likely use the same experts (on issues such as profitability, economies of scale, and mutual fund board governance) in both Actions; absent consolidation, expert costs will be close to doubled. And of course, the parties will incur extraordinary additional expense if the *Obeslo/Duplass* Action and the New *Obeslo* Action are tried separately.

Plaintiffs will likely argue, as they did when GWCM moved to consolidate the *Obeslo/Duplass* Action, that consolidation will prejudice them because it will supposedly cause a delay. But as noted, open issues prevent the bulk of remaining discovery in the *Obeslo/Duplass* Action from going forward at this time regardless of consolidation. *See supra* pp. 5-7. Consolidation therefore does not work a prejudice. *See, e.g., Gardner v. CafePress, Inc.*, No. 3:13-cv-1108-GPC-JLP, 2014 WL 7183600, at *2 (S.D. Cal. Dec. 16, 2014) ("Because . . . consolidation would reduce the duplicative efforts to try both cases separately while creating minimal increased delay or expenses, consolidation . . . is appropriate[.]"); *Maiteki v. Marten Transp. Ltd.*, No. 12-cv-2021-WJM-CBS, 2014 WL 4331664, at *2 (D. Colo. Sept. 2, 2014) (ordering consolidation despite fact that earlier-filed case would be delayed, because "any such delay should be minimal" and "consolidation will undoubtedly further judicial economy"); *Ocean Ships, Inc. v. Stiles*, No. 00 Civ. 5469(RCC), 2003 WL 22741457, at *3 (S.D.N.Y. Nov. 19, 2003) ("Since the delay is small compared to the time that would be saved by sharing discovery in the two cases, consolidation is appropriate."). And even if consolidation were to result in a

modest amount of delay (which GWCM disputes), any delay would pale in comparison to the time, effort, and expense that consolidation will conserve.

Plaintiffs may also argue, as they did in opposition to GWCM's prior motion to consolidate, that consolidation is inappropriate because of the respective procedural statuses of the Actions.  But the difference in status is not a sufficient reason to deny consolidation.  As noted, the bulk of discovery in the *Obeslo/Duplass* Action has yet to occur.  *See supra* p. 6.  Consolidation will therefore allow the parties to complete the remaining discovery in both Actions in the most efficient manner.

Indeed, the procedural postures of the Actions are similar or closer than in other cases where consolidation has been granted.  *See, e.g.*, *Leprino Foods Co.*, 2015 WL 134235, at *1-3 (consolidating cases filed 13 months apart, where discovery in earlier-filed case was scheduled to cut off two months after complaint in later-filed case was filed); *Maiteki*, 2014 WL 4331664, at *1-2 (consolidating cases *sua sponte* where earlier-filed case was over two years old and "in the middle of discovery[,]" and in later-filed case defendant had only recently filed its responsive pleading); *Wells ex rel. Molycorp, Inc. v. Smith*, No. 12-cv-0447-WJM-KLM, 2014 WL 3881496, at *1 (D. Colo. Aug. 7, 2014) (denying motion to vacate *sua sponte* consolidation order where cases filed nine months apart); *Ayyad v. Gonzales*, No. 05-cv-02342-WYD-MJW, 2008 WL 178470, at *1 (D. Colo. Jan. 18, 2008) (consolidating cases where discovery re-opened in earlier-filed cases that was scheduled for trial and later-filed case was not scheduled for trial); *Internet Law Library v. Southridge Capital Mgmt., LLC*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002) ("The fact that discovery has progressed further in the [first] action

should not, standing alone, prevent consolidation and may, in fact, even favor it. Since the two actions share issues of law and fact, much of the discovery in the [first] action should be applicable to the [second] action."); *Monzo v. American Airlines, Inc.*, 94 F.R.D. 672, 673 (S.D.N.Y. 1982) (ordering consolidation where "[n]either case [was] scheduled for an immediate trial" and noting that "[t]he fact that the cases are at different discovery stages is not fatal to the consolidation motion" (citing 8 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 42.03(3) (2d ed. 1982))).

In sum, there is every reason to consolidate the Actions.

## IV.    ADDITIONAL CONSIDERATIONS FAVOR CONSOLIDATION

### A.    Section 36(b) Cases Are Regularly Consolidated

Follow-on complaints in Section 36(b) cases are relatively common, and courts do not hesitate to consolidate actions brought against the same investment adviser. The *Obeslo/Duplass* Action is just one example. GWCM's prior motion to consolidate noted six additional Section 36(b) actions which have been consolidated. Def.'s Mot. to Consolidate & for Protective Order Staying Disc. 11, ECF No. 44. Consolidation of the New *Obeslo* Action with the *Obeslo/Duplass* Action is consistent with these numerous precedents.

### B.    Section 36(b) Claims Challenging Different Fees Are Commonly Litigated Together

Any suggestion by Plaintiffs that consolidation is not appropriate because the Actions challenge different fees would not be well founded. Indeed, the consolidated *Obeslo/Duplass* Action already challenges two different fees: the advisory fee and the acquired fund fee. Similarly, multiple recent Section 36(b) cases have challenged both

advisory fees and administrative fees in a single, efficient action.  *See, e.g.*, *Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857, at *1 (D.N.J. Aug. 25, 2016); *McClure v. Russell Inv. Mgmt. Co.*, 14-cv-14358-WGY (D. Mass. Dec. 8, 2014), Verified Complaint ¶¶ 3, 5; *see also* Liubicic Decl. ¶ 4 (citing additional cases).  In *McClure*, the plaintiff's original complaint challenged only the advisory fee charged to the funds at issue.  Over a year later and in the middle of discovery, plaintiff filed a new complaint challenging the administrative fee.  The court consolidated the cases.  *See McClure v. Russell Inv. Mgmt. Co.*, 13-cv-12631-WGY (D. Mass. Mar. 10, 2015), Order on Mot. to Consolidate Cases.  The Actions here should be similarly consolidated so that claims concerning multiple fees charged to the same Funds can be adjudicated in a coordinated, efficient manner.

### C.   Consolidation Will Help Bring Order to the Ongoing Litigation of These Cases

For the reasons discussed, the litigation of the *Obeslo/Duplass* Action has been challenging on a procedural and practical level.  Litigating the New *Obeslo* Action as a separate case will only increase those challenges.  Consolidation of the New *Obeslo* Action with the *Obeslo/Duplass* Action—particularly if part of a resolution of open questions in the *Obeslo/Duplass* Action regarding standing, the scope of ESI discovery, and the *Obeslo* Plaintiffs' Motion for Leave to amend their Complaint—would allow the Actions to proceed in an efficient and predictable manner that would benefit all parties.

<u>CONCLUSION</u>

GWCM respectfully requests that the Court consolidate the *Obeslo/Duplass* Action and the New *Obeslo* Action.

Dated:  January 6, 2017                    Respectfully submitted,


*/s Sean M. Murphy*
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone: 212.530.5688
Facsimile: 212.822.5688
smurphy@milbank.com

Robert J. Liubicic
Milbank, Tweed, Hadley & McCloy, LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424.386.4525
Facsimile: 213.629.5063
rliubicic@milbank.com

Edward C. Stewart (#23834)
Wheeler Trigg O'Donnell, LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
stewart@wtotrial.com

Robert Michael Little
Great-West Life & Annuity Insurance Company
8515 East Orchard Road, 2T3
Greenwood Village, CO 80111
Telephone: 303.737.5089
Facsimile: 303.737.1699
bob.little@greatwest.com

*Attorneys for Defendant, Great-West Capital
Management, LLC*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 6, 2016, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

- **Kyle Geoffrey Bates**
  kbates@schneiderwallace.com
- **Stephen Hoeplinger**
  shoeplinger@uselaws.com
- **Mark T. Johnson**
  mjohnson@schneiderwallace.com
- **Robert Michael Little**
  bob.little@greatwest.com
- **Robert J. Liubicic**
  rliubicic@milbank.com
- **Sean Miles Murphy**
  smurphy@milbank.com
- **Lisa Marie Damm Northrup**
  lnorthrup@milbank.com

- **Benjamin James Reed**
  breed@milbank.com
- **Jerome Joseph Schlichter**
  jschlichter@uselaws.com
- **Thomas W. Snyder**
  thomas.snyder@kutakrock.com
- **Sean E. Soyars**
  ssoyars@uselaws.com
- **Edward Craig Stewart**
  stewart@wtotrial.com
- **Michael Armin Wolff**
  mwolff@uselaws.com

*/s Sean M. Murphy*
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone:  212.530.5688
Facsimile:  212.822.5688
smurphy@milbank.com

*Attorney for Defendant, Great-West Capital Management, LLC*