IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:16-cv-00230-CMA-MJW (Consolidated for all purposes with Civil Action No. 1:16-cv-01215-CMA-MJW)

JOAN OBESLO,
ROYCE HORTON,
DANIEL FISHER,
NATHAN COMER,
STEVE MIGOTTI,
VALERIE MIGOTTI,
JAMES DIMAGGIO,
ANNE HALL,
CAROL A. REYNON-LONGORIA,
on behalf of GREAT-WEST FUNDS, INC.,

Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

Defendant.

---

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK APLC 401(K)
PLAN,

Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

Defendant.

---

**DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES FROM THE *DUPLASS* PLAINTIFF**

---

## TABLE OF CONTENTS

**Page(s)**

CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1 .......................... 1

BACKGROUND ............................................................................................................ 1

APPLICABLE LEGAL STANDARD ............................................................................. 4

ARGUMENT................................................................................................................. 5

I. THE *DUPLASS* PLAINTIFF SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO GWCM'S DOCUMENT REQUEST NO. 25 ................................................................ 5

II. THE *DUPLASS* PLAINTIFF SHOULD BE COMPELLED TO PROVIDE INFORMATION RESPONSIVE TO GWCM'S INTERROGATORY NO. 14 ........................................................................ 8

CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re American Mutual Funds Fee Litigation*,
No. CV 04-5593 GAF (RNBx), 2009 WL 5215755 (C.D. Cal. Dec. 28, 2009) ........ 7, 8

*Anderson Living Trust v. XTO Energy, Inc.*,
No. 13-941 SWS/KK, 2016 WL 3567046 (D.N.M. Mar. 29, 2016) ........ 9

*Atchison v. Saddleback Metropolitan District*,
No. 08-cv-00564-WDM-KLM, 2008 WL 4681915 (D. Colo. Oct. 21, 2008) ........ 10

*Cardenas v. Dorel Juvenile Group Inc.*,
232 F.R.D. 377 (D. Kan. 2005) ........ 7

*Great Plains Ventures, Inc. v. Liberty Mutual Fire Insurance Co.*,
No. 14-1136-JAR-JPO, 2015 WL 1978356 (D. Kan. May 1, 2015) ........ 4, 6

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*,
209 F.R.D. 208 (D. Kan. 2002) ........ 5

*Jones v. Harris Associates L.P.*,
559 U.S. 335 (2010) ........ 6

*Pivitol Colorado II, LLC v. Triple M Beteiligungs-GMBH & Co KG*,
No. 07-cv-01991-WDM-KMT, 2008 WL 349059 (D. Colo. Feb. 6, 2008) ........ 5

*Pro Fit Management, Inc. v. Lady of America Franchise Corp.*,
No. 08-CV-2662-JAR-DJW, 2011 WL 1434626 (D. Kan. Apr. 14, 2011) ........ 7

*Sivolella v. AXA Equitable Life Insurance Co.*,
No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857 (D.N.J. Aug. 25, 2016) ........ 6, 9

## Statutes

15 U.S.C. § 80a-35(b) ........ 1

## Other Authorities

Federal Rule of Civil Procedure 26(b)(1) ........ 4

Defendant Great-West Capital Management, LLC ("GWCM"), through its undersigned counsel, moves to compel the *Duplass* Plaintiff ("Plaintiff") to produce documents responsive to GWCM's Document Request No. 25 and to provide all information responsive to GWCM's Interrogatory No. 14. As grounds for this Motion, GWCM states as follows:

**CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1**

Pursuant to Local Rule 7.1, the undersigned certifies that they conferred with counsel to the *Duplass* Plaintiff, via written correspondence on December 9, 2016, December 15, 2016, December 21, 2016, and January 3, 2017 and by telephone on November 30, 2016, in a good faith effort to resolve the issues raised herein, and were unable to resolve the need for filing this Motion.

**BACKGROUND**

Plaintiff is a 401k plan that alleges it is a shareholder in mutual funds that are series within Great-West Funds, Inc., a registered investment company under the Investment Company Act of 1940 ("ICA"). GWCM is the investment adviser to the Great-West Funds (the "Funds"). Plaintiff alleges derivative claims against GWCM on behalf of Great-West Funds, Inc., contending that GWCM charges the Great-West Funds excessive fees in violation of Section 36(b) of the ICA. 15 U.S.C. § 80a-35(b). Plaintiff's case is consolidated with a substantially similar case brought by the *Obeslo* Plaintiffs. GWCM's motion to consolidate this *Obeslo/Duplass* Action with a new Section 36(b) action filed by the *Obeslo* Plaintiffs (No. 1:16-cv-03162-RM-STV, presently before Judge Moore) is pending.

At issue in this motion are two GWCM discovery requests with respect to which the *Duplass* Plaintiff has refused, in whole or in part, to provide responses.

First, in its First Request for Production of Documents Propounded to *Duplass* Plaintiff ("First Request for Production"), GWCM asked Plaintiff to produce "[a]ll documents relating to the Plan or Plan sponsor's analysis of the fees paid by any of the investment options offered under the Plan, including, but not limited to, the Funds." Ex. A, First Request for Production, Request No. 25. In its Responses and Objections to GWCM's First Request for Production, Plaintiff indicated it will not produce information related to non-Great-West Funds:

> Plaintiff objects to this request as overbroad and seeking documents that are not reasonably calculated to lead to the discovery of evidence relevant to any party's claims or defenses in this action. For example, this request seeks documents related to fees paid under the Plan that do not relate to the Fund. Plaintiff also objects to this request because it seeks documents that Defendant already has in its possession, custody and control.
>
> Subject to the foregoing objections, Plaintiff will produce non-privileged documents in its possession custody or control responsive to this request regarding the fees paid by the Plan for investments in the Great-West Funds at issue in this case.

Ex. B, Pl.'s Resps. and Objs. to GWCM's First Request for Production at 13. In subsequent meet-and-confer correspondence, Plaintiff asserted that "[t]he Plan's subjective opinions about [GWCM's] fees, including any analysis of the fees it might have engaged in, are not among the *Gartenberg* factors to be considered or otherwise relevant. The same is true, to an even greater extent, for any documents relating to the Plan's analysis of the fees for other investment options in the Plan." Ex. C, December 15, 2016 Letter from M. Johnson to R. Liubicic at 3. In response to GWCM's assertion

that such documents are relevant to *Gartenberg's* "comparative fees" factor,[1] Plaintiff argued that such documents are not relevant "absent any indication that the other investment options are proper 'comparators' to the funds at issue in this case." *Id.* Plaintiff refuses to produce documents relating to its analysis of the fees paid by any investment options it offers other than the Great-West Funds at issue in this case.[2]

Second, in its First Set of Interrogatories Propounded to *Duplass* Plaintiff ("First Set of Interrogatories"), GWCM asked Plaintiff to "[i]dentify any Plan participant, who, at any point in time during which the Funds have been investment options in the Plan, has stated or suggested that the fees charged to the Funds are excessive; if any, provide the date of such statement or suggestion and the Fund(s) at issue." Ex. D, First Set of Interrogatories, Interrogatory No. 14. Unlike most plaintiffs in Section 36(b) actions, the *Duplass* Plaintiff is a 401k plan, as opposed to an individual shareholder who personally owns shares. The Duplass 401k Plan is sponsored by a law firm named Duplass, Zwain, Bourgeois, Pfister & Weinstock, APLC, and the individual participants in the Duplass 401k Plan are current or former employees of that firm. In its Responses and Objections to GWCM's First Set of Interrogatories, Plaintiff stated:

> Plaintiff objects to this request as seeking information that is not relevant to any party's claims or defenses in this case and outside the scope of discovery permitted by the Federal Rules of Civil Procedure. For example, the subjective opinions of individual Plan participants has no bearing on the issues raised by the Complaint or Defendant's Answer in

---

[1] The "*Gartenberg* factors" applicable to Plaintiff's ICA Section 36(b) claim are discussed in footnote 3, *infra*.

[2] Plaintiff also has refused to provide information regarding its document collection process, including the custodians for the document searches Plaintiff has performed and the search terms used.

> this action and are not relevant to any party's claims or defenses in the action. Plaintiff further objects to this request as seeking privileged attorney-client communications.

Ex. E, Pl.'s Resps. and Objs. to GWCM's First Set of Interrogatories at 14-15. Based on the foregoing objections, Plaintiff responds that it will not provide the requested information. *Id.* at 15. In subsequent meet-and-confer correspondence, Plaintiff claimed in relevant part that "neither the subjective views of Plan participants on whether GWCM's fees are excessive, nor their reasons for investing in the Funds, have any bearing on whether GWCM breached its fiduciary duties with respect to its compensation for services or payments of a material nature that it collected from the Funds." Ex. F, January 3, 2017 Letter from M. Johnson to R. Liubicic at 2.

**APPLICABLE LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Great Plains Ventures, Inc. v. Liberty Mut. Fire Ins. Co.*, No. 14-1136-JAR-JPO, 2015 WL 1978356, at *2 (D. Kan. May 1, 2015) (quoting *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)). In other words, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Id.* (quoting *Snowden ex rel. Victor v. Connaught Labs., Inc.*, 137 F.R.D. 325, 329 (D. Kan. 1991)).

Information may be discoverable, even if not admissible at trial, if such information will have some "probable effect on the organization and presentation of the party's case or will otherwise aid in his or her preparation for trial." *Pivitol Colo. II, LLC v. Triple M Beteiligungs-GMBH & Co KG*, No. 07-cv-01991-WDM-KMT, 2008 WL 349059, at *3 (D. Colo. Feb. 6, 2008) (citing *Smith v. Schlesigner*, 513 F.2d 462, 473 (D.C. Cir. 1975)).

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002) (citing *Sheldon v. Vermonty*, 204 F.R.D. 679, 690 n.7 (D. Kan. 2001)).

## ARGUMENT

### I. THE *DUPLASS* PLAINTIFF SHOULD BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO GWCM'S DOCUMENT REQUEST NO. 25

In accordance with GWCM's Document Request No. 25, Plaintiff should be compelled to produce documents relating to any analysis by Plaintiff of the fees paid by any of the investment options it offers, including both the Funds alleged to be at issue in this action *and* any other investments Plaintiff offers. The information contained in such documents is potentially relevant to at least two of the "*Gartenberg* factors" applicable to Plaintiff's ICA Section 36(b) claim.[3]

[3] To determine whether a fee is excessive, courts consider the often referred to *Gartenberg* factors:

First, the documents in question are potentially relevant to the "comparative fee structures" *Gartenberg* factor because they likely contain information bearing on the fees charged by investment products that are comparable to the allegedly at-issue funds. As noted, Plaintiff contends that there is no relevance based on the "comparative fee[s]" factor "absent any indication that the other investment options are proper 'comparators' to the funds at issue in this case." Ex. C, December 15, 2016 Letter from M. Johnson to R. Liubicic at 3. But GWCM does not bear a threshold burden of establishing that the Duplass 401k Plan's non-Great-West investment options are proper "comparators" before it can obtain discovery about those investment options. Rather, GWCM is entitled to such discovery if there is "*any possibility* the information sought *may be* relevant." *Great Plains Ventures, Inc.*, 2015 WL 1978356, at *2 (emphasis added). Plaintiff itself acknowledges this possibility insofar as it implicitly has conceded that information about its non-Great-West investment options *is* relevant to the extent those investment options *are* "proper 'comparators.'" Ex. C, December 15, 2016 Letter from M. Johnson to R. Liubicic at 3.

---

> They are: (1) the nature and quality of the services provided by the advisers to the shareholders; (2) the profitability of the mutual fund to the adviser; (3) "fall-out" benefits; (4) the economies of scale achieved by the mutual fund and whether such savings are passed on to the shareholders; (5) comparative fee structures with other similar funds; and (6) the independence and conscientiousness of the mutual fund's Board of Trustees.

*Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857, at *3 (D.N.J. Aug. 25, 2016) (citing, *inter alia*, *Gartenberg v. Merrill Lynch Asset Mgmt., Inc*., 694 F.2d 923, 929-30 (2d Cir. 1982)); *see also Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 345 n.5 (2010).

The broad scope of discovery envisioned by Rule 26 allows GWCM to obtain these documents as part of its efforts to find evidence that will be relevant to the ultimate determination of this case. *See, e.g.*, *Cardenas v. Dorel Juvenile Grp. Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon*, 204 F.R.D. at 689-90)); *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08-CV-2662-JAR-DJW, 2011 WL 1434626, at *2 (D. Kan. Apr. 14, 2011) ("If the discovery appears relevant, then the burden is on the party resisting discovery to show that the requested discovery is either not relevant or the relevance is outweighed by the potential harm caused by discovery." (citing *Johnson v. Kraft Foods N.A., Inc.*, 238 F.R.D. 648, 653 (D. Kan. Nov. 14, 2006))).

Second, the documents in question are potentially relevant to the "nature and qualify of [] services" *Gartenberg* factor insofar as they reflect satisfaction (or lack thereof) on the part of the Duplass 401k Plan and/or its individual participants with the at-issue funds. Shareholder satisfaction has been recognized as relevant to this *Gartenberg* factor. *See In re Am. Mut. Funds Fee Litig*., No. CV 04-5593 GAF (RNBx), 2009 WL 5215755, at *18 (C.D. Cal. Dec. 28, 2009) ("With respect to the overall nature and quality of services provided to the [f]unds, [p]laintiff failed to present evidence that any significant number of shareholders in the [f]unds were dissatisfied with the services provided.") (further noting that "[t]he [f]unds' very high shareholder retention rates and

low level of complaints are consistent with sharehold[er] satisfaction with the level of services provided"), *aff'd sub nom. Jelinek v. Capital Research & Mgmt. Co*., 448 Fed. App'x 716 (9th Cir. 2011). Plaintiff has conceded the relevance of documents pertaining to any analysis it has performed of the fees associated with the at-issue funds. But it is also reasonable to assume that Plaintiff's satisfaction with the at-issue funds does not arise in a vacuum but rather is at least in part a function of how those Great-West Funds compare to Plaintiff's other investment options. Accordingly, any analysis Plaintiff has performed with respect to the fees associated with investment products *other* than the at-issue Great-West Funds is relevant to the services factor and should be produced.

## II. THE *DUPLASS* PLAINTIFF SHOULD BE COMPELLED TO PROVIDE INFORMATION RESPONSIVE TO GWCM'S INTERROGATORY NO. 14

In accordance with GWCM's Interrogatory No. 14, Plaintiff should be compelled to identify any Plan participant who has stated or suggested that the fees charged to the Funds are excessive, and if any, provide the date of such statement or suggestion and the fund(s) that was/were the subject of such statement or suggestion. The information in question is potentially relevant in at least two respects.

First, any information responsive to this interrogatory would be relevant to shareholder satisfaction with the allegedly at-issue funds, which, as noted above, is relevant to the "nature and qualify of [] services" *Gartenberg* factor. Indeed, the court in *In re American Mutual Funds Fee Litigation* explicitly considered the "level of complaints" pertaining to the at-issue funds in evaluating the services factor. *See id.* at *18. This authority contradicts Plaintiff's argument that the opinions of Duplass 401k Plan participants regarding GWCM's fees and their reasons for investing in GWCM

funds are irrelevant. Complaints by Plan participants are relevant, and the absence of complaints by Plan participants are relevant. GWCM therefore should have access to information about expressions of dissatisfaction on the part of Plan participants regarding the at-issue Great-West Funds. GWCM is equally entitled to know if there have been no expressions of dissatisfaction on the part of Plan participants regarding those funds.

Second, any information responsive to this interrogatory is potentially relevant to the credibility of any Duplass 401k Plan participant Plaintiff may seek to present as a witness in this matter. In the recent *Sivolella* post-trial opinion dismissing a Section 36(b) claim, the United States District Court for the District of New Jersey noted that among the factors to be considered in evaluating witness credibility was "[w]hether the witness has an interest in the outcome of the case or any motive, bias, or prejudice[.]" *Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-cv-4194 (PGS)(DEA), 2016 WL 4487857, at *11-12 (D.N.J. Aug. 25, 2016). And in a section entitled "Plaintiffs' Credibility[,]" the court further noted that the "[p]laintiffs had little interest in the trial or its impact upon them[,]" and they "may not have had a significant issue at stake" in the case. *See id*. at *17. Information regarding whether any Plan participant who has stated or suggested that the fees charged to the at-issue funds are excessive is therefore relevant to the credibility of any such person as a witness in this case.

Finally, to the extent Plaintiff objects to this interrogatory as seeking privileged attorney-client communications, Plaintiff must identify what purportedly privileged information responsive to this interrogatory it is withholding. *See, e.g.*, *Anderson Living*

*Trust v. XTO Energy, Inc.*, No. 13-941 SWS/KK, 2016 WL 3567046, at *3 (D.N.M. Mar. 29, 2016) ("If [p]laintiffs withhold any information responsive to [an interrogatory] on the basis of the attorney-client privilege or the attorney work-product doctrine, they are to include in their answers a privilege log or logs sufficient to allow [d]efendant and the [c]ourt to 'assess the claim' of privilege." (citing Fed. R. Civ. P. 26(b)(5))); *Atchison v. Saddleback Metro. Dist.*, No. 08-cv-00564-WDM-KLM, 2008 WL 4681915, at *6 (D. Colo. Oct. 21, 2008) (granting plaintiffs' motion to compel a response to his interrogatory and noting that, "to the extent that answering [the] interrogatory would require disclosure of privileged communications," defendant must "comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A)(ii)").

**CONCLUSION**

For the reasons stated above, GWCM respectfully requests that the Court grant GWCM's Motion and order the Plaintiff to immediately produce all documents responsive to GWCM's Document Request No. 25 and to provide a fulsome response to GWCM's Interrogatory No. 14.

Dated: January 27, 2017

Respectfully submitted,

*/s Sean M. Murphy*

Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone: 212.530.5688
Facsimile: 212.822.5688
smurphy@milbank.com

Robert J. Liubicic
Milbank, Tweed, Hadley & McCloy, LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424.386.4525
Facsimile: 213.629.5063
rliubicic@milbank.com

Edward C. Stewart (#23834)
Wheeler Trigg O'Donnell, LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
stewart@wtotrial.com

Robert Michael Little
Great-West Life & Annuity Insurance Company
8515 East Orchard Road, 2T3
Greenwood Village, CO 80111
Telephone: 303.737.5089
Facsimile: 303.737.1699
bob.little@greatwest.com

*Attorneys for Defendant, Great-West Capital Management, LLC*

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on January 27, 2017, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

- **Kyle Geoffrey Bates** kbates@schneiderwallace.com
- **Lydia M. Floyd** lfloyd@prwlegal.com
- **Stephen M. Hoeplinger** shoeplinger@uselaws.com
- **Mark T. Johnson** mjohnson@schneiderwallace.com
- **Robert Michael Little** bob.little@greatwest.com
- **Robert J. Liubicic** rliubicic@milbank.com
- **Sean Miles Murphy** smurphy@milbank.com
- **Lisa Marie Damm Northrup** lnorthrup@milbank.com
- **Joseph C. Peiffer** jpeiffer@prwlegal.com
- **Benjamin James Reed** breed@milbank.com
- **Jerome Joseph Schlichter** jschlichter@uselaws.com
- **Thomas W. Snyder** thomas.snyder@kutakrock.com
- **Sean E. Soyars** ssoyars@uselaws.com
- **Edward Craig Stewart** stewart@wtotrial.com
- **Michael Armin Wolff** mwolff@uselaws.com

*/s Sean M. Murphy*

Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone: 212.530.5688
Facsimile: 212.822.5688
smurphy@milbank.com

*Attorney for Defendant, Great-West Capital Management, LLC*