IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

Civil Action No. 16-cv-230-CMA-MJW

JOAN OBESLO *et al.*,

*Plaintiffs,*

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

*Defendant.*

---

Civil Action No. 16-cv-1215-CMA-MJW

DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK APLC 401(K) PLAN,

*Plaintiff,*

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

*Defendant.*

---

Civil Action No. 16-cv-3162-CMA-MJW

JOAN OBESLO *et al.*

*Plaintiffs,*

v.

GREAT-WEST LIFE & ANNUITY INSURANCE CO. *et al.*,

*Defendants.*

---

**[PROPOSED] AMENDED CONSOLIDATED SCHEDULING ORDER**

---

This is a consolidation of 3 cases brought under §36(b) of the Investment Company Act ("ICA"), 15 U.S.C. §80a-35(b). The first action, *Obeslo v. Great-West Capital Management, LLC* (Case No. 16-230), commenced on January 29, 2016. Doc 1.[1] It challenges the investment advisory fees Defendant (GWCM) received from Great-West Funds Inc., a registered investment company. The parties held a Rule 16(b) conference with the Court on March 29, 2016, after which the Court issued an initial Scheduling Order (Doc. 25).

The second action, *Duplass, Zwain, Boureois, Pfister & Weinstock APLC 401(k) Plan v. Great-West Capital Management, LLC* (Case No. 16-1215), commenced on May 20, 2016. No. 16-1215 Doc. 1. *Duplass* challenges Defendant's investment advisory fees with respect to specific mutual funds managed by Defendant, including four index funds, four asset allocation or target date funds and most of the Great-West funds in which Defendant invested the target date funds, referred to as the "underlying funds." Although the *Duplass* parties held a Rule 16(b) conference on July 28, 2016 before the Magistrate Judge Shaffer (Case No. 16-1215 Doc. 17), the Court did not enter a scheduling order.

On August 22, 2016, over the objections of both the *Obeslo* and *Duplass* plaintiffs, the Court granted Defendant's motion to consolidate *Duplass* with *Obeslo* (Doc. 78). On September 22, 2016 the Court entered a Consolidated Scheduling Order

---

[1] As used herein, "Doc.," with no Case No. before it, refers to the document number on the ECF page header for docket entries in Case No. 16-230, the lead case in these consolidated proceedings. "Case No. 16-1215 Doc. __" or "Case No. 16-3162 Doc. __" refers to documents filed in the other cases prior to consolidation.

(Doc. 91). On February 27, 2017, the Court stayed all discovery in both actions. No. 16-230 Doc. 181. On March 22, 2017, the Court ordered the parties to submit a proposed Amended Consolidated Scheduling Order by May 2, 2017 and set a Scheduling Conference for May 9, 2017. *Id.* Doc. 195.

The third action, *Obeslo v. Great-West Life & Annuity Insurance Co.* (No. 16-3162), commenced on December 23, 2016. No. 16-3162 Doc. 1. It challenges the administrative services fees Defendant Great-West Life & Annuity Insurance Co. (GWLA) received from Great-West Funds Inc. *Id.* On April 20, 2017, the Court consolidated this action with the *Obeslo* and *Duplass* cases. Doc. 202.

In accordance with the consolidation of these cases, as well as the Court's order of March 22 (*id.* Doc. 195), the parties in all actions jointly submit this Proposed Amended Consolidated Scheduling Order for all consolidated cases.

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Scheduling Conference – May 9, 2017, 11:00 a.m.

| Counsel for Plaintiffs in Nos. 16-230 and 16-3162: | Counsel for Defendants in all actions: |
|---|---|
| Jerome J. Schlichter<br>Michael A. Wolff<br>Stephen M. Hoeplinger<br>Schlichter Bogard and Denton, LLP<br>100 South 4th Street, Suite 1200<br>St. Louis, MO 63102<br>Phone: (314) 621-6115<br>Fax: (314) 621-5934 | Edward C. Stewart, #23834<br>Wheeler Trigg O'Donnell LLP<br>370 Seventeenth Street, Suite 4500<br>Denver, CO 80202-5647<br>Tel: (303) 244-1800<br>Fax: (303) 244-1879 |
| **Counsel for Plaintiff in No. 16-1215:** | Sean M. Murphy<br>Benjamin J. Reed<br>Milbank, Tweed, Hadley & McCloy LLP<br>28 Liberty Street, 47th Floor<br>New York, NY 10005-1413 |
| Todd M. Schneider | |

| | |
|---|---|
| Mark T. Johnson<br>Kyle G. Bates<br>Schneider Wallace Cottrell Konecky<br>Wotkyns LLP<br>2000 Powell Street, Suite 1400<br>Emeryville, CA 94608<br>Telephone: (415) 421-7100<br>Facsimile: (415) 421-7105<br><br>Garrett W. Wotkyns<br>Michael C. McKay<br>Schneider Wallace Cottrell Konecky<br>Wotkyns LLP<br>8501 North Scottsdale Rd. Suite 270<br>Scottsdale, AZ 85253<br>Telephone: (480) 428-0142<br>Facsimile: (866) 505-8036<br><br>Joseph C. Peiffer<br>Peiffer Rosca Wolf<br>Abdullah Carr & Kane<br>A Professional Law Corporation<br>201 St. Charles Avenue. Suite 4610<br>New Orleans, LA 70170<br><br>Lydia M. Floyd<br>Peiffer Rosca Wolf<br>Abdullah Carr & Kane<br>A Professional Law Corporation<br>Hannah Building, Suite 1610<br>1422 Euclid Avenue<br>Cleveland, OH 44115<br>Telephone: (216) 589-9280<br>Facsimile: (888) 411-0038 | Tel: (212) 530-5000<br>Fax: (212) 822-5688<br><br>Robert Liubicic<br>Milbank, Tweed, Hadley & McCloy LLP<br>2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067-3019<br>Tel: (424) 386-4525<br>Fax: (213) 892-4725<br><br>Robert M. Little<br>Great-West Financial<br>8525 E. Orchard Road, 2T3<br>Greenwood Village, CO 80111<br>Tel: (303) 737-5089<br>Fax: (303) 737-1699 |

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction under 15 U.S.C. §80a-35(b)(5) and §80a-43, and 28

U.S.C. §1331 because these cases arise under §36(b) of the Investment Company Act,

15 U.S.C. §80a-35(b).

### 3. STATEMENT OF CLAIMS AND DEFENSES

The statements of claims and defenses in Case No. 16-230 are included in Doc. 25 of that case.

The following are the statements of claims and defenses in Case No. 16-1215, also known as the *Duplass* matter:

**a.      Plaintiff:**

Defendant GWCM is an investment adviser within the meaning of the 15 U.S.C. 80a-2(a)(20) ICA and, pursuant to Section 36(b) of the ICA, owes a fiduciary duty to the mutual funds for which it serves as an adviser with respect to its compensation or any payments of a material nature it receives from the funds. Defendant breached its duty to the funds in which Plaintiff is invested by collecting fees from those funds that are disproportionate to the value of the services Defendant provided to the funds and in excess of fees that would result from arms-length negotiations. Defendant also failed to provide the Board of Directors of Great-West Funds Inc. with sufficient information to evaluate the various factors to be considered in determining the fairness of Defendant's fees and approving those fees. As a result, the Great-West funds in which Plaintiff invested and the holders of shares of those funds, including Plaintiff, suffered losses in the form of excessive fees for which recovery is sought in this action.

**b.      Defendant:**

Defendant GWCM denies that the advisory fees charged to any of the Great-West Funds in which Plaintiff is allegedly invested are excessive or that it breached its fiduciary duty to shareholders.  Defendant further asserts that: (1) the fees at issue were

approved annually by a majority of statutorily-disinterested directors whose judgment is entitled to substantial deference, (2) Plaintiff lacks standing to bring the claims asserted in the Complaint, (3) the Complaint fails to state a cause of action upon which relief may be granted, and (4) any potential relief for the alleged breach of fiduciary duty is limited to actual damages for the one-year period immediately preceding the filing of the Complaint.

The following are statements of the claims and defenses in Case No. 16-3162. *See* No. 16-3162 Doc. 26.

### a.   Plaintiffs:

ICA §36(b) imposes a "fiduciary duty [on an investment adviser] with respect to the receipt of compensation for services." 15 U.S.C. §80a-35(b). Great-West Funds Inc. is a registered, open-ended management investment company under 15 U.S.C. §80a-3 and §80a-4. It issues shares of its stock in a series of 63 funds (the "Funds"). Plaintiffs are shareholders in Great-West Funds Inc. Defendant GWLA provides administrative services to the Funds under an Administrative Services Agreement ("ASA"). Defendant GWCM is a wholly-owned subsidiary of GWLA and investment adviser to Great-West Funds Inc.

GWCM caused Great-West Funds to enter into the ASA with GWLA. Under the ASA, GWLA's fee is 35 basis points (0.35%) of the average daily net assets of the Funds. This fee is disproportionate to the value of the services GWLA actually provides and could not have been the product of an arm's-length transaction. Under 15 U.S.C. §80a-15(b), GWLA and GWCM had a duty to provide the Great-West Funds board with

sufficient information to fully evaluate the ASA and GWLA's profitability. They failed to do so. GWLA and GWCM also had a fiduciary duty with respect to the fees Great-West Funds pays GWLA (15 U.S.C. §80a-35(b)), which they violated and continue to violate, as Great-West Funds Inc. pays GWLA excessive compensation that is so disproportionate to the services rendered that it could not have been (and was not) the result of arm's-length bargaining. The ASA itself is unlawful for constituting a joint enterprise, joint arrangement, and/or profit sharing plan between GWLA and Great-West Funds. GWLA likewise had a duty not to take excessive compensation and is liable to restore to Great-West Funds the excessive compensation it received for the period from December 23, 2015 to the date of trial, plus lost investment returns as actual damages.

> **b.    Defendants:**

Defendants deny that the fees charged to Great-West Funds for administrative services are excessive or that they breached their fiduciary duties.  Defendants further assert that: (1) the fees at issue were approved annually by a majority of statutorily-disinterested directors whose judgment is entitled to substantial deference, (2) the Complaint fails to state a cause of action upon which relief may be granted, (3) the Plaintiffs lack standing to pursue claims, (4) any potential relief for the alleged breach of fiduciary duty is limited to actual damages for the one year period immediately preceding the filing of the Complaint, and (5) there is no right to a jury trial under Section 36(b).

With respect to standing and failure to state a cause of action, Defendants filed a

motion to dismiss on February 27, 2017 (No. 16-3162 Doc. 21), seeking dismissal of the Complaint on the following grounds:

Plaintiffs brought suit on behalf of each of the more than 60 mutual funds within the Great-West Funds, Inc. complex but lack standing because 1) Plaintiffs do not allege that they own all of the funds within Great-West Funds, Inc. and do not actually own shares of many of those funds, and 2) Plaintiffs fail to allege that they own share classes that actually pay the administrative fees alleged to be excessive.  Plaintiffs also have not pled sufficient facts to state a claim under Section 36(b) because the Complaint does not allege which funds Plaintiffs actually own.  The Complaint is thus defective and fails to make specific and individualized allegations that are sufficient to plead a Section 36(b) claim.

Plaintiffs filed their opposition to that motion on April 19, 2017 (No. 16-3162 Doc. 28).

      **c.**    **Other Parties:** None.

## 4. UNDISPUTED FACTS

Undisputed facts as to Case No. 16-230 are set forth in Doc. 25.

Undisputed facts as to Case No. 16-1215 are as follows:

1.     GWCM is a registered investment adviser under the ICA

2.     Plaintiff is a 401(k) defined contribution retirement plan.

3.     At all times since the filing of Case No. 16-1215, GWCM has served as the investment adviser for the series of funds at issue in the case.

The following facts are undisputed in No. 16-3162:

1.      Great-West Funds, Inc. is a registered investment company under the ICA.

2.      GWCM is a registered investment adviser under the Investment Advisers Act of 1940, and acts as investment adviser to the Funds.

3.       GWCM is a wholly-owned subsidiary of GWLA.

## 5. COMPUTATION OF DAMAGES

The parties' statements regarding computation of damages for Case No. 16-230 are set forth in Doc. 25.

The parties' statements regarding computation of damages for Case No. 16-1215 are as follows:

### a.      Plaintiff

Should Plaintiff establish Defendant's breach of its fiduciary duty under Section 36(b), recovery for the breach will include disgorgement of the excess fees collected by Defendant plus lost investment returns that would have been realized on those amounts. The calculation of Plaintiff's potential recovery on behalf of the funds will require discovery and expert analysis. Although Plaintiff believes such damages are continuing and recoverable in this action through the date of trial, given Defendant's position that recovery is limited to the one year period immediately preceding the filing of the Complaint, Plaintiff intends to file an "anniversary" complaint to cover the subsequent time period of one year after the filing of the complaint and, as necessary, subsequent years.

**b.    Defendant**

Under Section 36(b) of the ICA, Plaintiff's potential relief for the alleged breach of fiduciary duty is limited to actual damages for the one year period immediately preceding the filing of the Complaint.  Actual damages are limited to restitution of the allegedly excessive portion of the fees, or the amount by which the fee exceeded a fair fee.  Potential damages do not include the lost investment returns that Plaintiff allegedly would have gained on recovered fees.

The following statements regarding computation of damages pertain to Case No. 16-3162:

Plaintiffs:  Defendants that breach ICA §36(b) are obligated to return excessive fees to the investment company. Damages thus are based on what would have been reasonable compensation for the services GWLA rendered and recovering the excess over that amount that GWLA received. The damages period runs from December 23, 2015 through to the date of trial. Those damages include the lost investment returns that would have been gained on recovered excessive fees. Discovery and expert analysis are necessary for Plaintiffs to provide that computation of damages.

Plaintiffs, through their counsel, can only estimate damages at this point. GWLA has received approximately $50 million in administrative fees for services provided to Great-West Funds each year for the past two years. Plaintiffs believe their company's damages will exceed $10 million per year.

Defendants:  Under Section 36(b) of the ICA, Plaintiffs' potential relief for the alleged breach of fiduciary duty is limited to actual damages for the one year period

immediately preceding the filing of the Complaint.  Actual damages are limited to restitution of the allegedly excessive portion of the fees, or the amount by which the fee exceeded a fair fee.  Potential damages do not include the lost investment returns that Plaintiffs allegedly would have gained on recovered fees.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a.    Date of Rule 26(f) meeting:

The parties in Case No. 16-230 held an initial Rule 26(f) conference on March 8, 2016 and had a more comprehensive meeting on March 11, 2016. Doc. 25. The parties in Case No. 16-3162 had a meeting on February 14, 2017 and several subsequent communications. The parties in the three consolidated actions held another conference on April 25, 2017 and the *Obeslo* Plaintiffs and Defendants had a subsequent conference on May 1, 2017.

### b.    Names of each participant and party he/she represented.

In Case No. 16-230, Michael Wolff, Mark Boyko, and Sean Soyars attended for the Plaintiffs. Sean Murphy and Edward Stewart attended for the Defendant. Doc. 25.

In Case No. 16-3162, Michael Wolff and Stephen Hoeplinger attended for the Plaintiffs. Robert Liubicic and Benjamin Reed attended for the Defendants.

In the consolidated cases conference on April 25, 2017, Michael Wolff and Stephen Hoeplinger attended for the *Obeslo* Plaintiffs, Mark Johnson and Lydia Floyd attended for the *Duplass* Plaintiffs, and Robert Liubicic, James Whooley, and Edward Stewart attend for the Defendants.  In the conference on May 1, 2017, Stephen Hoeplinger attended for the *Obeslo* Plaintiffs and Sean Murphy and Benjamin Reed

attended for the Defendants.

**c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties in No. 16-230 exchanged Rule 26(a)(1) disclosures on April 22,

2016. The parties in No. 16-1215 exchanged Rule 26(a)(1) disclosures on September

15, 2016 and October 24, 2016. The parties in No. 16-3162 exchanged Rule 26(a)(1)

disclosures  on February 28, 2017.

**d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e.      Statement concerning any agreements to conduct informal discovery:**

None.

**f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties have agreed to use a unified exhibit numbering system.  Based on

the Court's original consolidation Order, the *Obeslo* and *Duplass* Plaintiffs have

agreed to coordinate the taking of depositions that are related to Case Nos. 16-230

and 16-1215.

**g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Court resolved the parties' dispute as to production of ESI in Nos. 16-230

and 16-1215 in its March 1, 2017 Order (Doc. 183). Since the Order, as of March 31,

2017, Defendant produced over 800,000 ESI documents. While the parties agree those

documents may be used in No. 16-3162, Plaintiffs in Case No. 16-3162 anticipate requesting further ESI specific to the allegations of that case. Additionally, the parties in No. 16-3162 will negotiate as to specific search terms covered by the Court's March 1 Order that will be applicable to individual custodians for that action.

### h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties in Case Nos. 16-230 and 16-3162 agree that settlement discussions would not be useful until after Defendants' motions to dismiss (Doc. 197, No. 16-3162 Doc. 21) have been decided and discovery has been completed. The Duplass Plaintiff does not join in this agreement, as there is no motion to dismiss pending in Case No. 16-1215. Defendant in that case filed its Answer to the First Amended Complaint on August 15, 2016 (Case No. 16-1215 Doc. 23). Plaintiff in Case No. 16-1215 is open to participating in alternative dispute resolution as appropriate.  Defendant does not believe settlement discussions would be useful in No. 16-1215 at this time.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

### a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

In Nos. 16-230 and 16-1215, the Court allowed 25 interrogatories and 15 fact depositions (excluding experts) per side without seeking leave. Doc. 25 at 9. Defendant has taken the depositions of 5 *Obeslo* Plaintiffs. Plaintiffs have taken the depositions of

3 non-parties (unaffiliated directors of Great-West Funds Inc.). The intended depositions of 11 of Defendant's witnesses were stayed by Defendant's Motion For A Protective Order and  D.C.Colo.LCivR 30.2(a). No. 16-230 Doc. 133.

Plaintiffs in No. 16-3162 likewise propose that each side shall be allowed 15 fact depositions (excluding experts) without leave.  Given the consolidation of No. 16-3162 with Nos. 16-230 and 16-1215 and the possibility that the subject matter of these depositions might encompass facts and issues relevant to the claims asserted in Case No. 16-1215, *Duplass* Plaintiff intends to attend and, as appropriate, participate in the depositions. Plaintiffs in Case No. 16-3162 do not object to *Duplass* Plaintiff attending depositions taken solely in Case No. 16-3162, but do object to *Duplass* Plaintiff examining witnesses in those depositions.

Defendants propose that each side shall be allowed a total of 20 depositions (excluding experts) among the three consolidated actions without leave.

The parties have agreed that each side shall be allowed 18 interrogatories in No. 16-3162.

**b.      Limitations which any party proposes on the length of depositions.**

In Nos. 16-230 and 16-1215, the Court set a limit of 1 day of 7 hours per deponent for all Rule 30(b)(1) depositions. Doc. 25 at 9; Fed.R.Civ.P. 30(d).

Plaintiffs in No. 16-3162 request that they be allowed the same limit of 1 day of 7 hours per deponent for all Rule 30(b)(1) depositions in their case.

Defendants' position is that the parties should be allowed to depose each deponent once in the three consolidated cases, for a total of 1 day of 7 hours without

leave, as required by Federal Rule of Civil Procedure 30(d)(1).

    **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

In Case Nos. 16-230 and 16-1215, the parties agreed to limit (1) the number of requests for production to 25 per side, and (2) the number of requests for admission to 25 per side, without leave.

The parties in No. 16-3162 agree to limit the number of requests for production to 12 per side and the number of requests for admission to 10 per side.

    **d.**    **Other Planning or Discovery Orders**

None.

## 9. CASE PLAN AND SCHEDULE

    **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:**

Deadline passed in Nos. 16-230 and 16-1215. Doc. 25 at 11.

For Case No. 16-3162: November 3, 2017.

    **b.**    **Fact Discovery Cut-off:**

All actions: December 1, 2017.

    **c.**    **Dispositive Motion Deadline:**

Plaintiffs propose for all actions: January 5, 2018.

Defendants propose for all actions: May 3, 2018 (60 days following Defendants' proposed deadline for Plaintiffs' rebuttal reports).

### d.   Expert Witness Disclosure

#### 1.   The parties shall identify anticipated fields of expert testimony, if any.

Plaintiffs anticipate calling experts in fields related to finance, economics and accounting, mutual funds and fund governance, investment management, the compensation of advisers to mutual funds, investment company board fiduciary duties, administrative services, and the compensation mutual funds' administrative service providers.

Defendants anticipate calling experts in the field of economics, accounting, portfolio management/finance, mutual funds, and fund governance.

#### 2.   Limitations which the parties propose on the use or number of expert witnesses.

Plaintiffs propose six per side in each case.

Defendants propose a total of six per side among the three consolidated actions.

#### 3.   Initial expert disclosures.

Plaintiffs propose December 8, 2017 for both parties.

Defendants propose January 5, 2018 for Plaintiffs' opening reports.

#### 4.   Rebuttal expert disclosures.

Plaintiffs propose December 29, 2017 for both parties.

Defendants propose February 5, 2018 for Defendants' rebuttal reports (30 days following Plaintiffs' opening reports), and March 4, 2018 for Plaintiffs' rebuttal reports (30 days following Defendants' rebuttal reports).

**e.    Identification of Persons to Be Deposed:**

Plaintiffs in all actions, 2 new unaffiliated directors of Great-West Funds Inc. and

2 affiliated directors, 30(b)(6) depositions and fact witnesses identified by Defendants in

their Rule 26(a) disclosures and as disclosed in discovery, as well as expert witnesses.

**f.    Deadline for Interrogatories:**

Deadline passed in Nos. 16-230 and 16-1215. Doc. 25 at 12.

In No. 16-3162: October 1, 2017.

**g.    Deadline for Requests for Production of Documents and/or Admissions**

Deadline passed in Nos. 16-230 and 16-1215. Doc. 25 at 12.

In No. 16-3162: October 1, 2017.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.    Status conferences will be held in this case at the following dates and times:

_____.

b.    A final pretrial conference will be held in this case on _____at _____ o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.      Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs anticipate that trial in Nos. 16-230 and 16-1215 will take 4 weeks. The Court struck the Plaintiffs jury demand in No. 16-230. Doc. 183 at 3. Plaintiff in No. 16-1215 did not request a jury trial. Defendants anticipate that a trial of the three consolidated actions will take approximately 4 weeks.

Plaintiffs in No. 16-3162 demand a jury trial. Doc. 1. Defendants' position is that the Court in No. 16-230 has already concluded that the claim and relief sought in a Section 36(b) action is equitable and therefore not eligible for a trial by jury. Defendants believe it would be a waste of the Court and parties' resources for Defendants to litigate a second motion to strike before this same Court.

**c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.**

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The parties agree that this scheduling order may be amended upon the showing of good cause which may include, among other things, the resolution of discovery disputes and the timing and volume of the production of documents.

DATED at Denver, Colorado, this _____day of _____, 2017.

BY THE COURT:

_____
Magistrate Judge Michael J. Watanabe

APPROVED:


 s/ Michael A. Wolff _____          s/ Mark T. Johnson_____
Jerome J. Schlichter                  Todd M. Schneider
Michael A. Wolff                      Mark T. Johnson
Stephen M. Hoeplinger                 Kyle G. Bates
Schlichter Bogard and Denton, LLP     Schneider Wallace Cottrell Konecky Wotkyns
100 South 4th Street, Suite 1200      LLP
St. Louis, MO 63102                   2000 Powell Street, Suite 1400
Phone: 314.621.6115                   Emeryville, CA 94608
Fax: 314.621.5934                     Telephone: (415) 421-7100
                                      Facsimile: (415) 421-7105
*Counsel for Obeslo Plaintiffs*
                                      Garrett W. Wotkyns
                                      Michael C. McKay
                                      Schneider Wallace Cottrell Konecky Wotkyns
                                      LLP
                                      8501 North Scottsdale Rd. Suite 270
                                      Scottsdale, AZ 85253
                                      Telephone: (480) 428-0142
                                      Facsimile: (866) 505-8036

                                      Joseph C. Peiffer
                                      Peiffer Rosca Wolf
                                      Abdullah Carr & Kane
                                      A Professional Law Corporation
                                      201 St. Charles Avenue. Suite 4610
                                      New Orleans, LA 70170

                                      Lydia M. Floyd
                                      Peiffer Rosca Wolf
                                      Abdullah Carr & Kane
                                      A Professional Law Corporation
                                      Hannah Building, Suite 1610
                                      1422 Euclid Avenue
                                      Cleveland, OH 44115
                                      Telephone: (216) 589-9280
                                      Facsimile: (888) 411-0038

                                      *Counsel for Duplass Plaintiff*

s/ Edward C. Stewart
Edward C. Stewart, #23834
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel: 303.244.1800
Fax: 303.244.1879

Sean M. Murphy
Milbank, Tweed, Hadley & McCloy LLP
28 Liberty Street, 47th Floor
New York, NY 10005-1413
Tel: 212.530.5000
Fax: 212.822.5688

Robert Liubicic
Milbank, Tweed, Hadley & McCloy LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
Tel: (424) 386-4525
Fax: (213) 892-4725

Robert M. Little
Great-West Financial
8525 E. Orchard Road, 2T3
Greenwood Village, CO 80111
Tel: 303.737.5089
Fax: 303.737.1699

*Counsel for Defendants*