IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:16-cv-00230-CMA-MJW (Consolidated for all purposes with Civil Action Nos. 1:16-cv-01215-CMA-MJW and 1:16-cv-03162-CMA-MJW)

JOAN OBESLO *et al.*,

     Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

     Defendant.

---

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK APLC 401(K)
PLAN,

     Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

     Defendant.

---

JOAN OBESLO *et al.*,

     Plaintiffs,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE CO. *et al.*,

     Defendants.

---

## DEFENDANTS' MOTION TO DISMISS CONSOLIDATED THIRD AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

BACKGROUND .......................................................................................................... 3

    A.    Section 36(b) of the Investment Company Act ............................................ 3

    B.    The Parties ................................................................................................. 4

    C.    The Great-West Funds-of-Funds ............................................................... 5

LEGAL STANDARD ................................................................................................... 6

ARGUMENT ............................................................................................................... 6

I.    THE *OBESLO* PLAINTIFFS CANNOT PURSUE CLAIMS ON BEHALF OF FUNDS IN WHICH THEY DO NOT CURRENTLY OWN SHARES ..................... 6

II.    COUNT V MUST BE DISMISSED BECAUSE THE *OBESLO* PLAINTIFFS DO NOT ALLEGE THAT THEY OWN SHARE CLASSES THAT PAY THE ADMINISTRATIVE FEE ...................................................................................... 10

III.    THE *DUPLASS* 401(K) PLAN IS NOT A PROPER PLAINTIFF ........................ 11

IV.    COUNT IV MUST BE DISMISSED BECAUSE "FUND-OF-FUNDS" SHAREHOLDERS HAVE NO CLAIM CONCERNING FEES CHARGED TO "UNDERLYING FUNDS" THEY DO NOT OWN .......................................... 14

CONCLUSION ........................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen Oil & Gas, LLC v. Klish*,
   113 F. App'x 869 (10th Cir. 2004) ........................................................... 15

*In re AllianceBernstein Mutual Fund Excessive Fee Litigation*,
   No. 04 Civ. 4885 (SWK), 2005 WL 2677753 (S.D.N.Y. Oct. 19, 2005) ...................... 7

*American Chemicals & Equipment Inc. 401(k) Retirement Plan v. Principal Management Corp.*,
   864 F.3d 859 (8th Cir. 2017) ......................................................... 8, 12, 15

*Barrett v. Van Kampen Merritt, Inc.*,
   No. 93-366, 1993 WL 95832 (N.D. Ill. Mar. 26, 1993) ................................. 8

*Basso v. Utah Power & Light Co.*,
   495 F.2d 906 (10th Cir. 1974) ....................................................... 6

*Batra v. Investors Research Corp.*,
   No. 89-0528-CV-W-6, 1992 WL 278688 (W.D. Mo. Oct. 4, 1991) ........................ 8

*Burton v. Central Interstate Low-Level Radioactive Waste Compact Commission*,
   23 F.3d 208 (8th Cir. 1994) ......................................................... 11

*Curran v. Principal Management Corp., LLC*,
   No. 4:09-cv-00433 RP-CFB, 2011 WL 223872 (S.D. Iowa Jan. 24, 2011) ........................................................... 8, 13, 15

*Turner ex rel. Davis New York Venture Fund v. Davis Selected Advisers, LP*,
   626 F. App'x 713 (9th Cir. 2015) ................................................... 11

*In re Eaton Vance Corp. Securities Litigation*,
   219 F.R.D. 38 (D. Mass. 2003) ...................................................... 7

*Forsythe v. Sun Life Financial, Inc.*,
   417 F. Supp. 2d 100 (D. Mass. 2006) ............................................. 7, 9

*George v. Urban Settlement Services*,
   833 F.3d 1242 (10th Cir. 2016) ..................................................... 6

*Santomenno ex rel. John Hancock Trust v. John Hancock Life Insurance Co. (U.S.A.)*,
  677 F.3d 178 (3d Cir. 2012) ............................................................. 7, 9, 12

*Jones v. Harris Associates L.P.*,
  559 U.S. 335 (2010) ............................................................................ 12

*Kasilag v. Hartford Investment Financial Services, LLC*,
  Nos. 11-1083 (RMB/KMW), 14-1611 (RMB/KMW), 2016 WL 1394347
  (D.N.J. Apr. 7, 2016) ............................................................................ 7, 9

*Kasilag v. Hartford Investment Financial Services, LLC*,
  No. 11-1083 (RMB/KMW), 2012 WL 6568409 (D.N.J. Dec. 17, 2012) .................... 11

*In re Mutual Funds Investment Litigation*,
  519 F. Supp. 2d 580 (D. Md. 2007) .......................................................... 8

*Schutz v. Thorne*,
  415 F.3d 1128 (10th Cir. 2005) ................................................................ 6

*Siemers v. Wells Fargo & Co.*,
  No. C 05-04518 WHA, 2006 WL 2355411 (N.D. Cal. Aug. 14, 2006) .................... 7, 9

*Sivolella v. AXA Equitable Life Insurance Co.*,
  No. 11-4194 (PGS), 2012 WL 4464040 (D.N.J. Sept. 25, 2012) ............................ 13

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .......................................................................... 11

## Statutes

15 U.S.C. § 80a-35(b) ............................................................................ 1, 3, 12

## Other Authorities

Federal Rule of Civil Procedure 12(b)(1) ........................................................ 6

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 6

SEC, *IM Guidance Update No. 2014-03* (June 2014), *available at*
  https://www.sec.gov/divisions/investment/guidance/im-guidance-2014-
  03.pdf ................................................................................................ 8

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Great-West Capital Management, LLC ("GWCM") and Great-West Life & Annuity Insurance Company ("GWL&A") (collectively with GWCM, "Defendants") move to dismiss (in part) the Consolidated Third Amended Complaint of Joan Obeslo, *et al.* (the "*Obeslo* Individual Shareholders") and the Duplass, Zwain, Bourgeois, Pfister & Weinstock APLC 401(k) Plan (the "*Duplass* 401(k) Plan" or the "Plan") (collectively with the *Obeslo* Individual Shareholders, "Plaintiffs") (the "CAC," ECF No. 230, filed 9/27/17).

## CERTIFICATION OF CONFERRAL PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1, the undersigned counsel certify that they have conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised herein, including by advising Plaintiffs' counsel in writing of Defendants' positions with respect to standing and the right of action under Section 36(b).  The issues could not be resolved despite good faith efforts.

## INTRODUCTION

Plaintiffs allege that Defendants have charged excessive fees to mutual funds offered by Great-West Funds, Inc. (the "Great-West Funds" or the "Funds") in violation of Section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-35(b) ("Section 36(b)").  Plaintiffs collectively own a minority of the more than 60 Funds offered by Great-West, but the CAC attempts to bring claims on behalf of *all* of those Funds.  This motion raises the threshold question of whether Plaintiffs can seek relief on behalf of funds they do not own.  The answer to that question, which has major implications for the remaining discovery in this case and for Plaintiffs' alleged damages,

is No.

*First*, Counts I and V of the CAC, in which the *Obeslo* Individual Shareholders attempt to sue on behalf of "each and every" Great-West Fund, CAC ¶¶ 250, 262, cannot proceed as to Funds in which no *Obeslo* Individual Shareholder is a current shareholder.  Of the more than 60 Great-West Funds, the *Obeslo* Individual Shareholders actually own only 19.  *See* Appendix A attached hereto.  It is well-established that a plaintiff cannot assert a Section 36(b) claim with respect to a mutual fund that she does not currently own.  Similarly, the *Obeslo* Individual Shareholders cannot assert claims on behalf of any Fund that no longer exists or in which no *Obeslo* Individual Shareholders currently own shares.  Moreover, two of the nine *Obeslo* Individual Shareholders (Steve Migotti and Valerie Migotti) must be dismissed as Plaintiffs because they no longer own shares in any of the Great-West Funds.

*Second*, Count V fails because while the *Obeslo* Individual Shareholders assert that GWL&A's administrative fee is excessive, they do not allege that they own share classes that actually pay that fee.  As such, their allegations are insufficient to state any claim with respect to the administrative fee.

*Third*, Counts II, III, and IV of the CAC, brought by the *Duplass* 401(k) Plan, must be dismissed because the Plan has no right of action under Section 36(b).  The *Duplass* 401(k) Plan is a retirement plan that holds shares of Great-West Funds on behalf of individual participants in the Plan.  Those individuals—not their Plan—are the actual shareholders of the Funds who would benefit from any recovery in this action.  Because the *Duplass* 401(k) Plan does not truly own any shares of any Great-West Funds, it

lacks standing and must be dismissed as a Plaintiff.

*Fourth*, dismissal of Count IV, also brought by the *Duplass* 401(k) Plan, is independently warranted because under Section 36(b) a shareholder of a "fund-of-funds" (*i.e.*, a fund that invests in other, "underlying" mutual funds rather than individual securities) has no right of action with respect to the fees charged by those underlying mutual funds. Through its participants' investment in four Great-West "funds-of-funds," the *Duplass* 401(k) Plan is improperly attempting to bootstrap into this action a challenge to the fees charged to all of the separate, underlying mutual funds in which those four Funds invest. Section 36(b) does not allow for such a claim.

In sum, Plaintiffs have badly overreached in an attempt to artificially inflate their purported damages. The Court should grant this motion with prejudice and hold that Plaintiffs can proceed only as to those Funds that they own and for which they pay fees. Doing so will comport with well-settled law, appropriately narrow this case, and allow what remains of the case to proceed in a more orderly and efficient manner.

## BACKGROUND

### A.   Section 36(b) of the Investment Company Act

Plaintiffs assert five Counts for "Violation of Investment Company Act § 36(b)." *See* CAC ¶¶ 248-62 (asserting five Counts). Section 36(b) provides that an adviser owes a fiduciary duty with respect to compensation it receives for services rendered, "paid by such registered investment company or by the security holders thereof[.]" 15 U.S.C. § 80a-35(b). A Section 36(b) action may be brought by the Securities and Exchange Commission "or by a security holder of such registered investment company

on behalf of such company . . . for breach of fiduciary duty in respect of such compensation or payments[.]" *Id.*

### B.     The Parties

This is a consolidated action involving Civil Action Nos. 16-00230, 16-01215, and 16-03162.  The *Obeslo* Individual Shareholders (plaintiffs in Actions 16-00230 and 16-03162) are (or were) participants in retirement plans through which they own (or owned) shares of certain Great-West Funds.  *See* CAC ¶¶ 15-23.  None of those retirement plans is a Plaintiff in this action.  The *Duplass* 401(k) Plan, a defined contribution retirement plan located in New Orleans, is the purported plaintiff in Action 16-01215. *See id.* ¶ 24.  The *Duplass* 401(k) Plan attempts to sue "on behalf of its plan participants," *id.*, who are alleged shareholders of certain Funds.

GWCM is the sole Defendant in Actions 16-00230 and 16-01215, and the co-Defendant—along with GWL&A—in Action 16-03162.  As the Funds' adviser, GWCM is responsible for the investment and management of each Fund's assets according to its particular investment strategy and is paid an asset-based fee for its services (which varies by Fund), calculated in "basis points," or hundredths of a percent.  *See id.* ¶¶ 27, 55.  Plaintiffs allege that GWCM's advisory fees are excessive.

GWL&A provides administrative and recordkeeping services to the Funds under an Administrative Services Agreement.  *See id.* ¶ 144.  For certain share classes of the Funds, GWL&A receives an administrative fee of 35 basis points in exchange for providing those services.  *See id.* ¶¶ 141, 144.  Plaintiffs allege that GWL&A's administrative fees are excessive.  But Plaintiffs admit that not all share classes pay

GWL&A an administrative fee.[1]

## C.   The Great-West Funds-of-Funds

The "Asset Allocation Funds" are among three types of Funds offered by Great-West.  *See id.* ¶¶ 62-90, 91-119, 120-40.  The Asset Allocation Funds are "fund[s]-of-funds[,]" *id.* ¶ 74,—*i.e.*, mutual funds that invest in other mutual funds ("underlying funds"), rather than in individual stocks, bonds, or other securities.  Great-West's Asset Allocation Funds "come in 3 families, the Lifetime Funds, the SecureFoundation® Lifetime Funds, and the Profile Funds."  *Id.* ¶ 64.  Each of the Lifetime Funds invests in approximately 20 underlying funds, and Plaintiffs allege that the underlying funds are primarily (but not entirely) other Great-West Funds.[2]  GWCM receives two types of payments from the Lifetime Funds—(i) a 12 basis point fee for managing the Funds themselves, *see id.* ¶ 67, and (ii) a payment "referred to as Acquired Funds Fees and Expenses, or 'AFFE[,]'" which "is comprised almost entirely of management or investment advisory fees for the underlying funds in which the Lifetime Funds are invested."  *Id.* ¶ 69.  As discussed below, Count IV of the CAC, brought by the *Duplass* 401(k) Plan, concerns the Lifetime Funds' AFFE.  *See id.* ¶¶ 258-60.

---

[1]  *See id.* ¶ 53 (GWL&A "provide[s] for all Initial Class and L Class shares of the Funds these purported administrative services at a cost of 35 bps of Fund assets"); *id.* ¶ 73 ("[T]he Lifetime Funds also pay a 35 bps administrative services fee (except for the Institutional Share Class) to GWLA."); *id.* ¶ 76 (the "SecureFoundation® Lifetime Funds also pay a 35 bps administrative services fee (except for the Institutional Share Class) to GWLA"); *id.* ¶ 79 ("All but the Institutional Class of each [Profile] fund also pay a 35 bps administrative services fee.").

[2]  *See id.* ¶ 70 (alleging that in the past 5 years Lifetime Funds have invested 68%–83% in other Great-West Funds).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a court will dismiss claims as to which the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The constitutional elements of standing (injury, causation, and redressability) "must exist before federal courts will exercise jurisdiction."  *Schutz v. Thorne*, 415 F.3d 1128, 1133 (10th Cir. 2005).  A court "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a court will dismiss claims for which a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In reviewing a Rule 12(b)(6) motion to dismiss, the court must "determine whether the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"  *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (citation omitted).

## **ARGUMENT**

### I.   THE *OBESLO* PLAINTIFFS CANNOT PURSUE CLAIMS ON BEHALF OF FUNDS IN WHICH THEY DO NOT CURRENTLY OWN SHARES

The *Obeslo* Individual Shareholders' two counts (Counts I and V) are grossly overbroad insofar as they purport to include "each and every" one of the more than 60 Funds in the Great-West complex, even though the *Obeslo* Individual Shareholders only allege that they are current shareholders of 19 of the Funds.  *See* CAC ¶¶ 250, 262; Appendix A attached hereto.

Courts have consistently held that both Article III and the "security holder"

language in Section 36(b) require that a plaintiff currently own shares in those funds on whose behalf the claim is brought.  *See Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.)*, 677 F.3d 178, 185 (3d Cir. 2012) (affirming dismissal of Section 36(b) claim where plaintiff sold shares in fund); *Kasilag v. Hartford Inv. Fin. Servs., LLC*, Nos. 11-1083 (RMB/KMW), 14-1611 (RMB/KMW), 2016 WL 1394347, at *9 (D.N.J. Apr. 7, 2016) ("Ownership is a requirement for Section 36(b) actions." (citation omitted)); *Siemers v. Wells Fargo & Co.*, No. C 05-04518 WHA, 2006 WL 2355411, at *20-21 (N.D. Cal. Aug. 14, 2006) (no standing to assert Section 36(b) claim where plaintiff failed to allege ownership of at-issue funds); *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 119-20 (D. Mass. 2006) (dismissing Section 36(b) claims on behalf of funds in which plaintiffs did not hold shares); *In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, No. 04 Civ. 4885 (SWK), 2005 WL 2677753, at *9 (S.D.N.Y. Oct. 19, 2005) (plaintiffs lacked standing "to sue on behalf of forty-eight AllianceBernstein mutual funds in which they [did] not own shares"), *partial reconsideration of*, 2006 WL 74439 (S.D.N.Y. 2006); *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 41 (D. Mass. 2003) (same).

The *Obeslo* Individual Shareholders previously have argued that they are entitled to assert Section 36(b) claims on behalf of all of the Great-West Funds because the Funds are organized as "series" rather than as separately registered investment companies.[3]  This argument fails because "[b]oth courts and the SEC have concluded

---

[3] As a technical matter, each individual fund in a mutual fund complex may be organized as a separate registered investment company or as a "series" of a single,

that, for a series company . . ., 'each [u]nderlying [f]und should be treated as a "registered investment company" for the purposes of applying § 36(b) because they are, for all practical purposes, separate mutual funds.'" *American Chems. & Equip. Inc. 401(k) Ret. Plan v. Principal Mgmt. Corp.*, 864 F.3d 859, 865 (8th Cir. 2017) (hereinafter "*Principal*") (citing cases and SEC guidance); *see also Curran v. Principal Mgmt. Corp., LLC*, No. 4:09-cv-00433 RP-CFB, 2011 WL 223872, at *2 n.3 (S.D. Iowa Jan. 24, 2011) (each "series" fund treated as registered investment company, even though one trust was registered with SEC); *In re Mut. Funds Inv. Litig.*, 519 F. Supp. 2d 580, 590 (D. Md. 2007) (plaintiffs could not assert Section 36(b) claims on behalf of "series" funds they did not own because "the text of Section 36(b) . . ., SEC pronouncements, and well-reasoned case law provide overwhelming support for treating an individual mutual fund as a 'registered investment company'"); SEC, *IM Guidance Update No. 2014-03* (June 2014), *available at* https://www.sec.gov/divisions/investment/guidance/im-guidance-2014-03.pdf ("Each series . . . is a separate investment company for purposes of the investor protections afforded by the [ICA]").[4]

---

overarching registered investment company.  *See Curran v. Principal Mgmt. Corp., LLC*, No. 4:09-cv-00433 RP-CFB, 2011 WL 223872, at *2 n.3 (S.D. Iowa Jan. 24, 2011).

[4] Plaintiffs previously have pointed to two cases—*Batra v. Investors Research Corp.*, No. 89-0528-CV-W-6, 1992 WL 278688, at *1-3 (W.D. Mo. Oct. 4, 1991), and *Barrett v. Van Kampen Merritt, Inc.*, No. 93-366, 1993 WL 95832, at *2-3 (N.D. Ill. Mar. 26, 1993)—in support of their contention that a shareholder in one "series" fund can sue on behalf of all of the other series in a fund complex.  But these cases did not include the rigorous standing analysis to be found in more recent cases reaching the opposite conclusion, and *Batra* is no longer precedential in light of the Eighth Circuit's recent decision on this point in *Principal*.  *See Principal*, 864 F.3d at 865.  No court has followed the brief *Barrett* opinion with respect to its decision on standing.

Indeed, if owning shares of one fund in a mutual fund complex entitled a shareholder to sue on behalf of all of the Funds in the complex, as the *Obeslo* Individual Shareholders contend, the *Duplass* 401(k) Plan would have sued on behalf of every fund in the complex as well.  The fact that the *Duplass* 401(k) Plan has not done so is telling, and negates the *Obeslo* Individual Shareholders' expansive claim.

Separately, it is well-established that a plaintiff cannot assert a Section 36(b) claim on behalf of (i) a fund that no longer exists, or (ii) a fund that still exists but in which no plaintiff *currently* holds shares.[5]  Accordingly, the *Obeslo* Plaintiffs cannot assert claims in regard to (i) the Great-West Stock Index Fund (which no longer exists— *see* CAC ¶ 23) and (ii) the Great-West Federated Bond Fund or the Great-West Loomis Sayles Bond Fund (in which no Plaintiff is alleged to have a current interest).  *See id.* ¶¶ 19, 22.

Finally, it is also well-established that a plaintiff who once held shares of a fund, but sells or no longer holds such shares, has no right of action under Section 36(b). *See Santomenno*, 677 F.3d at 185 (affirming dismissal of Section 36(b) action where plaintiffs sold shares); *Forsythe*, 417 F. Supp. 2d at 117 ("Former security holders may not bring a claim on behalf of an investment company that they formerly held shares in, but no longer do.").  Because the CAC alleges that two of the *Obeslo* Individual Shareholders, Steve Migotti and Valerie Migotti, are only "former shareholder[s]" of

---

[5] *See Kasilag*, 2016 WL 1394347, at *9 ("Ownership is a requirement for Section 36(b) actions." (citation omitted)); *Siemers*, 2006 WL 2355411, at *20-21 (dismissing plaintiff that failed to allege current ownership of any at-issue funds).

Great-West Funds, CAC ¶¶ 16-17, they must be dismissed from the action.

Accordingly, as to Counts I and V asserted by the *Obeslo* Plaintiffs:  (i) Mr. and Mrs. Migotti should be dismissed as Plaintiffs, and (ii) only the following currently owned and currently existing Funds should remain subject to the remaining *Obeslo* Individual Shareholders' Section 36(b) claims:

1. Great-West S&P 500® Index Fund
2. Great-West S&P Small Cap 600® Index Fund
3. Great-West Bond Index Fund
4. Great-West Real Estate Index Fund
5. Great-West Ariel Mid Cap Value Fund
6. Great-West Money Market Fund
7. Great-West T. Rowe Price Mid Cap Growth Fund
8. Great-West MFS International Growth Fund
9. Great-West T. Rowe Price Equity Income Fund
10. Great-West Templeton Global Bond Fund
11. Great-West MFS International Value Fund
12. Great-West Guaranteed Government Fund
13. Great-West Portfolio Fund
14. Great-West U.S. Government Mortgage Securities Fund
15. Great-West Lifetime 2015 Fund
16. Great-West SecureFoundation® 2015 Fund
17. Great-West SecureFoundation® 2020 Fund
18. Great-West Moderate Profile Fund
19. Great-West Conservative Profile Fund

## II. COUNT V MUST BE DISMISSED BECAUSE THE *OBESLO* PLAINTIFFS DO NOT ALLEGE THAT THEY OWN SHARE CLASSES THAT PAY THE ADMINISTRATIVE FEE

The Great-West Funds are offered in multiple types of shares, known as "share classes."  Each share class of a Fund is invested in the same portfolio of securities as the other share classes of that same Fund, but different share classes of a Fund have different fee and expense structures.  As noted, the CAC alleges that only certain share classes of the Funds pay the administrative fee.  *See supra* p. 5 n.1.  But the *Obeslo*

Individual Shareholders nowhere allege that they own shares classes of the Funds that actually pay the administrative fee.  Plaintiffs therefore fail to allege facts showing that they would benefit from any recovery stemming from their claim of an excessive administrative fee, such that they have standing to assert that claim.  *See Turner ex rel. Davis N.Y. Venture Fund v. Davis Selected Advisers, LP*, 626 F. App'x 713, 718 (9th Cir. 2015) (dismissing Section 36(b) claim where plaintiff did not own share class that paid fee, and "regardless of whether that distribution fee is excessive, [plaintiff] has not suffered an injury from it, and he therefore lacks standing to challenge it"); *Kasilag v. Hartford Inv. Fin. Servs., LLC*, No. 11-1083 (RMB/KMW), 2012 WL 6568409, at *9 (D.N.J. Dec. 17, 2012) (dismissing Section 36(b) claim challenging fees charged to non-owned share classes where "the record is factually barren with respect to standing").

## III.    THE *DUPLASS* 401(K) PLAN IS NOT A PROPER PLAINTIFF

"The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing"—among other standing prerequisites—that it "suffered an injury in fact[.]" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  Claims of standing based on attenuated or nebulous interests in a potential recovery are insufficient.[6]   With respect to a derivative claim (such as a Section 36(b) claim), the "injury in fact" element requires that a plaintiff have "a stake in the outcome of the litigation[,]" such that "any recovery

---

[6] *See, e.g.*, *Burton v. Central Interstate Low-Level Radioactive Waste Compact Comm'n*, 23 F.3d 208, 209 (8th Cir. 1994) (plaintiffs lacked standing to sue over taxation of public power entities because they alleged "only the most attenuated connection" between taxes and their interests and did not explain how taxes affected their rights "in any concrete or particularized way[,]" and "nebulous claims" that they were "less well off" as result of taxes were insufficient (citation omitted)).

would inure to the benefit" of that particular plaintiff.  *Santomenno*, 677 F.3d at 184.

The CAC alleges that the *Duplass* 401(k) Plan is "a shareholder of Great-West Funds, Inc. *on behalf of its plan participants* . . . ."  *See* CAC ¶ 24 (emphasis added).  Thus, it is the *Duplass plan participants*, not the *Duplass 401(k) Plan*, who hold the beneficial interest in the 8 Great-West Funds in which those individuals allegedly are invested.  Indeed, even the *Obeslo* Individual Shareholders have noted that "the plaintiff in *Duplass* is not a shareholder, . . . but rather is a 401(k) plan."  Pls.' Resp. to Def.'s Mot. to Consolidate 14, ECF No. 57.  The CAC fails to allege that the *Duplass* 401(k) Plan itself has suffered any "concrete and particularized" injury, or that any recovery on Counts II, III, and IV "would inure to [its] benefit."  Nor does the Plan allege that the Plan (as opposed to its participants) even pays the challenged fees.

For the same reasons, the *Duplass* 401(k) Plan cannot be considered a "security holder" of Great-West Funds that is entitled to bring an action under Section 36(b).  *See* 15 U.S.C. § 80a-35(b).  The *Duplass* 401(k) Plan *participants* are clearly the actual *investors* in the Funds.  *See* CAC ¶ 24; *see also Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 338 (2010) ("A mutual fund is a pool of assets . . . belonging to the *individual investors* holding shares in the fund." (emphasis added) (citation omitted)).  Section 36(b) does not empower a third party to bring an action "on behalf of" security holders of a mutual fund; it empowers only those security holders *themselves* to bring an action.[7]

---

[7] In *Principal*, the defendant chose not to dispute that the plaintiff (a 401(k) plan) had standing and a statutory right of action to assert Section 36(b) claims.  *See Principal*, 864 F.3d at 863 ("[Plaintiff] is admittedly a 'security holder' in the [at-issue] [f]unds . . . .").  The Eighth Circuit instead affirmed judgment for the defendant on grounds that (i) the plaintiff had no right of action under Section 36(b) with respect to AFFEs associated

Only those participant investors have an economic stake in the Funds necessary for standing.  *See Sivolella v. AXA Equitable Life Ins. Co.*, No. 11-4194 (PGS), 2012 WL 4464040, at *5 (D.N.J. Sept. 25, 2012) (holding plaintiff who, among other things, paid the challenged fees, bore the risk of poor fund performance, and paid taxes on her investments had standing rather than the separate account that legally owned the shares); *see also Curran*, 2011 WL 223872, at *4 (no standing where plaintiffs "do not enjoy any of the incidents of ownership or possession[,]" such as voting rights and the receipt of dividends and liquidations).  Plaintiff does not allege that it enjoys any of the "incidents of ownership" those cases identify, nor could it as a 401(k) Plan.

In addition, sound policy reasons support dismissal of the *Duplass* 401(k) Plan as a Plaintiff.  Under ERISA, the *Duplass* 401(k) Plan trustees owe a fiduciary duty to plan participants who are the beneficial owners of the Funds and are liable to participants if the fees of the Funds—which the trustees selected as Plan investment options—are excessive.  It is unseemly for a retirement plan like the *Duplass* 401(k) Plan to claim that the fees charged to the plan's funds violate Section 36(b), yet continue to offer those very funds as investment options to its plan participants.  Indeed, the Individual *Obeslo* Shareholders have noted that the *Duplass* 401(k) Plan's attempt to act as a Plaintiff in this case "raises questions of . . . whether there is an inherent conflict of interest between the plan and its fiduciaries, if the fiduciaries are seen as having violated their

---

with funds-of-funds, and (ii) the organization of funds in a complex as "series" funds did not entitle the plaintiff to assert a Section 36(b) claim on behalf of all of those funds. *See id.* at 863-65.

own duties by investing in funds for which Defendant charged such [alleged] manifestly excessive fees." Pls.' Resp. to Def.'s Mot. to Consolidate 14, ECF No. 57.

All of this is underscored by the fact that the *Obeslo* Individual Shareholders hold their interests in certain Great-West Funds through retirement plans, *see* CAC ¶¶ 15-23, yet those retirement plans are not plaintiffs in this action. It cannot be that *both* the actual beneficial owners of shares of a mutual fund, and the retirement plan through which beneficial owners hold those shares, have standing to assert a Section 36(b) claim. There is no question that individual beneficial owners of a mutual fund have standing. The *Duplass* 401(k) Plan does not, and it should be dismissed from this case.

## IV. COUNT IV MUST BE DISMISSED BECAUSE "FUND-OF-FUNDS" SHAREHOLDERS HAVE NO CLAIM CONCERNING FEES CHARGED TO "UNDERLYING FUNDS" THEY DO NOT OWN

Even if the *Duplass* 401(k) Plan were a proper plaintiff in this action (it is not), its Count IV should be dismissed because Section 36(b) does not entitle a shareholder in a fund-of-funds to assert a claim with respect to underlying funds in which that fund-of-funds invests. Count IV alleges that the AFFE associated with four Lifetime Funds is excessive insofar as that AFFE is largely comprised of "an excessive and unreasonable investment advisory fee on the Funds underlying" those Lifetime Funds. *See* CAC ¶ 258. Thus, the *Duplass* 401(k) Plan is asserting that based solely on its participants' alleged ownership of (for example) the Great-West Lifetime 2025 Fund, a Section 36(b) claim exists with respect to the fees charged to every underlying fund (including, potentially, funds from outside of the Great-West complex) in which the Lifetime 2025 Fund invests. But as the Eighth Circuit recently reaffirmed, a fund-of-funds shareholder

has no right of action under Section 36(b) with respect to AFFEs paid by that fund. *See Principal*, 864 F.3d at 863-65 (dismissing claim that AFFE associated with fund-of-funds was excessive, because "Section 36(b) limits shareholder suits to breaches of fiduciary duty regarding compensation or payments *paid by* the mutual fund or its shareholders," and "the acquired fund fees at issue were *paid by* the underlying funds"); *see also Curran*, 2011 WL 223872, at *4 (fund-of-funds investor not a "security holder" with respect to underlying funds because the investor did not "directly own or possess shares of the [u]nderlying [f]unds"). Accordingly, even if the *Duplass* 401(k) Plan could bring a Section 36(b) claim, it would still lack standing to bring claims regarding the underlying funds that neither it nor its participants own.

## CONCLUSION

For these reasons, GWCM and GWL&A respectfully request that the Court:

1.      Dismiss the *Obeslo* Individual Shareholders' claims as to all Great-West Funds other than the 19 specific funds identified at page 10, *supra*, and Appendix A attached hereto;

2.      Dismiss Steve Migotti and Valerie Migotti as Plaintiffs;

3.      Dismiss Count V asserted by the *Obeslo* Individual Shareholders;

4.      Dismiss the *Duplass* 401(k) Plan as a Plaintiff in this action; and

5.      If the Court does not dismiss the *Duplass* 401(k) Plan entirely, dismiss Count IV asserted by the *Duplass* 401(k) Plan.[8]

---

[8] Dismissal *with prejudice* is appropriate because Plaintiffs cannot cure the deficiencies with respect to standing and the right of action under Section 36(b) discussed herein. *See Allen Oil & Gas, LLC v. Klish*, 113 F. App'x 869, 871-72 (10th Cir. 2004).

Dated:  October 11, 2017                    Respectfully submitted,


/s Sean M. Murphy
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone: 212.530.5688
Facsimile: 212.822.5688
smurphy@milbank.com

Robert J. Liubicic
Milbank, Tweed, Hadley & McCloy, LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424.386.4525
Facsimile: 213.629.5063
rliubicic@milbank.com

James D. Whooley
Milbank, Tweed, Hadley & McCloy, LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone: 424.386.4429
Facsimile: 213.892.4729
jwhooley@milbank.com

Edward C. Stewart (#23834)
Wheeler Trigg O'Donnell, LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
stewart@wtotrial.com

Robert Michael Little
Great-West Life & Annuity Insurance Company
8515 East Orchard Road, 2T3
Greenwood Village, CO 80111
Telephone: 303.737.5089
Facsimile: 303.737.1699
bob.little@greatwest.com

*Attorneys for Defendants, Great-West Capital Management, LLC and Great-West Life and Annuity Insurance Company*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 11, 2017, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

- **Kyle Geoffrey Bates**
  kbates@schneiderwallace.com
- **Lydia M. Floyd**
  lfloyd@prwlegal.com
- **Stephen M. Hoeplinger**
  shoeplinger@uselaws.com
- **Mark T. Johnson**
  mjohnson@schneiderwallace.com
- **Robert Michael Little**
  bob.little@greatwest.com
- **Robert Liubicic**
  rliubicic@milbank.com
- **Sean Miles Murphy**
  smurphy@milbank.com
- **Lisa Marie Damm Northrup**
  lnorthrup@milbank.com
- **Joseph C. Peiffer**
  jpeiffer@prwlegal.com

- **Benjamin James Reed**
  breed@milbank.com
- **Adam Michael Regoli**
  adam.regoli@greatwest.com
- **Jerome Joseph Schlichter**
  jschlichter@uselaws.com
- **Thomas W. Snyder**
  thomas.snyder@kutakrock.com
- **Sean E. Soyars**
  ssoyars@uselaws.com
- **Edward Craig Stewart**
  stewart@wtotrial.com
- **James D. Whooley**
  jwhooley@milbank.com
- **Michael Armin Wolff**
  mwolff@uselaws.com

*/s Sean M. Murphy*
Sean M. Murphy
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY 10005
Telephone: 212.530.5688
Facsimile: 212.822.5688
smurphy@milbank.com

*Attorney for Defendants, Great-West Capital Management, LLC and Great-West Life and Annuity Insurance Company*

## APPENDIX A

| **Fund** | **Plaintiff With A Current Interest** | **Plaintiff With A Past Interest** |
|---|---|---|
| **Index Funds** | | |
| Great-West S&P 500® Index Fund | • Obeslo (*see* CAC ¶ 15)<br>• Duplass Plan (*see* CAC ¶ 24)<br>• Tapp (*see* CAC ¶ 23) | • S. Migotti (*see* CAC ¶ 16)<br>• V. Migotti (*see* CAC ¶ 17) |
| Great-West S&P Small Cap 600® Index Fund | • Obeslo (*see* CAC ¶ 15)<br>• Duplass Plan (*see* CAC ¶ 24) | • S. Migotti (*see* CAC ¶ 16)<br>• V. Migotti (*see* CAC ¶ 17)<br>• Hall (*see* CAC ¶ 19) |
| Great-West Bond Index Fund | • Obeslo (*see* CAC ¶ 15)<br>• Hall (*see* CAC ¶ 19)<br>• Gorell-Deyerle (*see* CAC ¶ 22) | • S. Migotti (*see* CAC ¶ 16)<br>• V. Migotti (*see* CAC ¶ 17) |
| Great-West Real Estate Index Fund | • Hall (*see* CAC ¶ 19)<br>• Gorell-Deyerle (*see* CAC ¶ 22)<br>• Duplass Plan (*see* CAC ¶ 24) | |
| Great-West S&P Mid Cap 400® Index Fund | • Duplass Plan (*see* CAC ¶ 24) | |
| Great-West Stock Index Fund[9] | • Hall (*see* CAC ¶ 19)<br>• Gorell-Deyerle (*see* CAC ¶ 22) | • Tapp (*see* CAC ¶ 23) |
| **Actively Managed Funds** | | |
| Great-West Ariel Mid Cap Value Fund | • Obeslo (*see* CAC ¶ 15)<br>• Hall (*see* CAC ¶ 19)<br>• Gorell-Deyerle (*see* CAC ¶ 22) | • S. Migotti (*see* CAC ¶ 16)<br>• V. Migotti (*see* CAC ¶ 17) |

---

[9] The CAC makes inconsistent allegations about the Great-West Stock Index Fund.  On the one hand, the CAC alleges that Hall and Gorell-Deyerle "continue[] to invest" in that fund.  See CAC ¶¶ 19, 22.  On the other hand, the CAC alleges, as to Tapp, that "[u]ntil July 2017, she was invested in the Great-West Stock Index Fund[,]" but "[i]n July 2017 GWCM merged the Great-West Stock Index Fund into the Great-West S&P 500® Index Fund, at which point Ms. Tapp became an investor in the Great-West S&P 500® Index Fund."  CAC ¶ 23.  In light of this statement, Plaintiffs' characterization of Hall and Gorell-Deyerle as current investors in the Great-West Stock Index Fund should not be credited.

| | | |
|---|---|---|
| Great-West Money Market Fund | • Obeslo (*see* CAC ¶ 15) | • S. Migotti (*see* CAC ¶ 16)<br>• V. Migotti (*see* CAC ¶ 17) |
| Great-West T. Rowe Price Mid Cap Growth Fund | • Obeslo (*see* CAC ¶ 15)<br>• Hall (*see* CAC ¶ 19)<br>• Gorrell-Deyerle (*see* CAC ¶ 22) | • S. Migotti (*see* CAC ¶ 16) |
| Great-West MFS International Growth Fund | • Hall (*see* CAC ¶ 19) | • Gorrell-Deyerle (*see* CAC ¶ 22) |
| Great-West T. Rowe Price Equity Income Fund | • Hall (*see* CAC ¶ 19)<br>• Gorrell-Deyerle (see CAC ¶ 22)[10] | |
| Great-West Templeton Global Bond Fund | • Hall (*see* CAC ¶ 19) | • Gorrell-Deyerle (*see* CAC ¶ 22) |
| Great-West MFS International Value Fund | • Hall (*see* CAC ¶ 19)<br>• Gorrell-Deyerle (*see* CAC ¶ 22) | • Obeslo (*see* CAC ¶ 15)<br>• S. Migotti (*see* CAC ¶ 16)<br>• V. Migotti (*see* CAC ¶ 17) |
| Great-West Guaranteed Government Fund | • Hall (*see* CAC ¶ 19)<br>• Gorrell-Deyerle (*see* CAC ¶ 22) | |
| Great-West Portfolio Fund | • Hall (*see* CAC ¶ 19)<br>• Gorrell-Deyerle (*see* CAC ¶ 22) | |
| Great-West U.S. Government Mortgage Securities Fund | • Hall (*see* CAC ¶ 19)<br>• Gorrell-Deyerle (*see* CAC ¶ 22)<br>• Tapp (*see* CAC ¶ 23) | |
| Great-West Federated Bond Fund | | • Hall (*see* CAC ¶ 19)<br>• Gorrell-Deyerle (*see* CAC ¶ 22) |
| Great-West Loomis Sayles Bond Fund | | • Hall (*see* CAC ¶ 19) |

---

[10] The CAC alleges that Gorrell-Deyerle is invested in the "Great-West T. Rowe Price Equity *Index* Fund," a fund that does not exist.  *See* CAC ¶ 22; *see also Prospectuses & Fund Documents*, GREAT-WEST FUNDS, INC., http://greatwestfunds.com/prospectuses-reports.html (last visited Oct. 11, 2017) (listing Great-West Funds).  In contrast, the CAC alleges that Hall is invested in the Great-West T. Rowe Price Equity *Income* Fund.  *See* CAC ¶ 19.  It appears that Plaintiffs intended to allege that Gorrell-Deyerle is invested in the Great-West T. Rowe Price Equity *Income* Fund.

| Asset Allocation Funds (*i.e.*, Funds of Funds) | | |
|---|---|---|
| Great-West Lifetime 2015 Fund | • DiMaggio (*see* CAC ¶ 18) | |
| Great-West SecureFoundation® 2015 Fund | • Hall (*see* CAC ¶ 19) | • Gorrell-Deyerle (*see* CAC ¶ 22) |
| Great-West SecureFoundation® 2020 Fund | • Hall (*see* CAC ¶ 19) | • Gorrell-Deyerle (*see* CAC ¶ 22) |
| Great-West Moderate Profile Fund | • Reynon-Longoria (*see* CAC ¶ 20)<br>• Bernal (*see* CAC ¶ 21) | |
| Great-West Conservative Profile Fund | • Reynon-Longoria (*see* CAC ¶ 20) | |
| Great-West Lifetime 2025 Fund | • Duplass Plan (*see* CAC ¶ 24) | |
| Great-West Lifetime 2035 Fund | • Duplass Plan (*see* CAC ¶ 24) | |
| Great-West Lifetime 2045 Fund | • Duplass Plan (*see* CAC ¶ 24) | |
| Great-West Lifetime 2055 Fund | • Duplass Plan (*see* CAC ¶ 24) | |

3