# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 16-cv-00230-CMA-SKC (consolidated for all purposes with
Civil Action No. 16-cv-01215-CMA-SKC and Civil Action No. 16-cv-03162-CMA-SKC)

JOAN OBESLO,
JAMES DIMAGGIO,
ANNE HALL,
CAROL A. REYNON-LONGORIA,
CYNTHIA BERNAL,
TINA GORRELL-DEYERLE, on behalf of Great West Funds, Inc.,

    Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK APLC 401 (K) PLAN,

    Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

JOAN OBESLO,
JAMES DIMAGGIO,
ANNE HALL,
CAROL A. REYNON-LONGORIA,
CYNTHIA BERNAL, and
TINA GORRELL-DEYERLE, on behalf of Great-West Funds, Inc.,

    Plaintiffs,

v.

GREAT-WEST LIVE & ANNUITY INSURANCE CO, and
GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE AND
GRANTING DEFENDANTS' MOTION TO DISMISS**

---

This matter is before the Court on Defendants Great-West Capital Management, LLC and Great-West Life & Annuity Insurance Company, LLC's Motion in Limine to Exclude Claims and Evidence Relating to Funds not Continuously Owned throughout Litigation and Unregistered Investment Products (Doc. # 306) as well as Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 337). Plaintiffs filed Responses (Doc. ## 314, 343) to both Motions. For the following reasons, the Court grants each Motion.

## I.     BACKGROUND

This case is a shareholder derivative action that arises under § 36(b) of the Investment Company Act ("ICA"), 15 U.S.C. § 80a-35(b). As with derivative actions generally, a continuous ownership requirement "**throughout the pendency of the litigation** assures that the plaintiff will adequately represent the interests of the security holders in obtaining a recovery for the benefit of the company." (Doc. # 270 at 10.) (emphasis added) (quoting *Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co.*, 677 F.3d 178, 182 (3d Cir. 2012)). Thus, a plaintiff who "disposes of his or her holdings in the company . . . no longer has a stake in the outcome of the litigation

because any recovery would inure to the benefit of existing securities holders, not former ones." (*Id.*) (quoting *Santomenno*, 677 F.3d at 184).

## II.     DISCUSSION

In the Motions at issue, Defendants assert that Plaintiffs should be precluded from introducing evidence at trial or seeking recovery on funds that they have not continuously owned. (Doc. # 306.) Defendants further assert that various Plaintiffs should be dismissed for lack of standing because they no longer meet the continuous ownership requirement. (Doc. # 337.) The Court will address Defendants' Motion to Dismiss before turning to the Motion in Limine.

### A.     DEFENDANTS' MOTION TO DISMISS

The constitutional elements of standing ". . . injury, causation, and redressibility . . . must exist before federal courts will exercise jurisdiction." *Schutz v. Throne*, 415 F.3d 1128, 1133 (10th Cir. 2005). "A court lacking jurisdiction cannot render judgment but **must dismiss the cause at any stage of the proceedings** in which it becomes apparent that jurisdiction is lacking." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (emphasis added) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). As the party seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

In this Court's prior September 11, 2018 Order, the Court concluded that extending a continuous ownership requirement to ICA claims is "the logical extension of the Tenth Circuit's continuous ownership requirement in shareholder derivative actions," and it advances the purposes of the ICA. (Doc. # 270 at 10.) The Court incorporates by reference its analysis as set forth in the September 11, 2018 Order.

Plaintiffs concede that Carol Reynon-Longoria, Cynthia Bernal, and James DiMaggio no longer satisfy the continuous ownership requirement. (Doc. # 337-1.) Therefore, those Plaintiffs are dismissed from this case because they lack standing to bring claims on behalf of any investment company within the Great-West Funds, Inc. complex. *See generally* (Doc. # 270) (Order on Defendants' Motion to Dismiss). Similarly, Plaintiffs' claims on behalf of the Great-West Profile Funds **and** the Great-West SecureFoundation Lifetime 2015 Fund are dismissed because Plaintiffs concede that no Plaintiff currently owns shares of those funds. (Doc. # 337-1.)[1]

**B.     DEFENDANTS' MOTION IN LIMINE**

Defendants' Motion in Limine asserts that Plaintiffs should be precluded from introducing evidence—or raising arguments—about "any Funds in which Plaintiffs have not owned shares from the inception of and throughout the pendency of this litigation . . . ." (Doc. # 306 at 9.) Defendants assert that, according to the continuous[2] ownership

---

[1] The Court notes that in their Motion in Limine, Defendants indicate that they intend to introduce evidence which indicates that Plaintiffs do not satisfy the continuous ownership requirement with regard to additional funds. (Doc. # 306 at 6.) If Plaintiffs cannot meet their burden to establish continuous ownership, their claims will be dismissed for the same reasons the Court has articulated in this Order.

[2] Plaintiff argues that **present** ownership is sufficient to satisfy the continuous ownership requirement. (Doc. # 314 at 4.) The Court disagrees. Ownership must be **continuous**, which

4

requirement, Plaintiffs lack standing to raise claims regarding those funds. The Court agrees that such matters should not be raised at trial.

Federal Rule of Evidence 401 indicates that evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Additionally Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As a preliminary matter, if Plaintiffs lack standing to raise claims about a particular Fund, evidence about that Fund is not relevant. Assuming, *arguendo*, that evidence about those Funds were to have some relevance to the claims at issue, any probative value would be substantially outweighed by a danger of confusing the issues, undue delay, wasting time, and needlessly presenting cumulative evidence. In addition, limiting the presentation of evidence to Funds for which Plaintiffs have standing to raise claims will make trial more efficient and it will conserve both the Court's and the Parties' resources.

Therefore, evidence about Funds for which Plaintiffs lack standing will be excluded at trial. Those Funds include, but are not necessarily limited to, the following:

---

means that Plaintiffs have standing only if "they own[ed] shares at the time the action is initiated and continue to own shares throughout the pendency of the litigation." *Redus-Tarchis v. New York Life Inv. Mgmt. LLC*, No. CV 14-7991, 2018 WL 5307546, at *5 (D.N.J. Oct. 10, 2018) (citing *Santomenno*, 677 F.3d at 182–83); *see, e.g.*, *Siemers v. Wells Fargo & Co.*, No. C 05-04518WHA, 2007 WL 760750, at *20 (N.D. Cal. Mar. 9, 2007) (same).

5

- Great-West MFS International Growth Fund;

- Great-West Goldman Sachs Mid Cap Value Fund;

- Great-West Stock Index Fund;

- Great-West SecureFoundation® Lifetime 2020 Fund;

- Great-West SecureFoundation® Lifetime 2025 Fund; and

- Great-West Conservative Profile Fund.

(Doc. # 306 at 5.)[3]

Defendants' Motion in Limine also asserts that, because this case arises under the ICA,[4] information relating to investment products not registered under the ICA is not relevant and Plaintiffs should be precluded from introducing evidence about such investment products. Plaintiffs do not address Defendants' argument in their Response. *See* (Doc. # 314). However, pursuant to the ICA, an investment advisor's fiduciary duty with respect to the receipt of compensation applies only to registered investment companies. *See* 15 U.S.C. § 80a-35(b). Moreover, as the Final Pretrial Order indicates, all of Plaintiffs' claims arise under the ICA (Doc. # 282 at 2), which means that the investment companies and products at issue must be registered in order for the relevant fiduciary duty to arise.

---

[3] The list in Defendants' Motion has been modified to exclude the three Funds that Plaintiffs represent are "no longer at issue." (Doc. # 314 at 3.)

[4] The ICA provides that shareholders may challenge compensation "paid by [a] **registered** investment company . . . ." 15 U.S.C. § 80a-35(b) (emphasis added).

6

Therefore, evidence involving investment products that are not registered according to the terms of the ICA are outside the scope of Plaintiffs claims. As a result, such information is not relevant and will be excluded at trial.

### III.     CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Defendants' Motion in Limine (Doc. # 306) is GRANTED. Therefore, the following evidence will be excluded at trial:
    - Evidence involving Funds for which Plaintiffs lack standing, and
    - Evidence regarding investment products that are not registered under the ICA.
- Defendants' Motion to Dismiss Pursuant to 12(b)(1) (Doc. # 337) is GRANTED. Accordingly:
    - Plaintiffs Carol Reynon-Longoria, Cynthia Bernal, and James DiMaggio are DISMISSED WITH PREJUDICE because they lack standing to bring claims on behalf of any investment company within the Great-West Funds, Inc. complex, and
    - Plaintiffs' claims on behalf of the Great-West Profile Funds **and** the Great-West SecureFoundation Lifetime 2015 Fund are DISMISSED WITH PREJUDICE because Plaintiffs concede that no Plaintiff currently owns shares of those funds.
    - Dismissal with prejudice is warranted because Plaintiffs have conceded that they cannot satisfy the continuous ownership requirement and

7

amendment could not cure that defect. Thus, Plaintiffs "cannot prevail on the facts [they] allege and it would be futile to give [them] opportunity to amend." *Guy v. Lampert*, 748 F. App'x 178, 181 (10th Cir. 2018) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)).

DATED: December 23, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge