# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00230-CMA-SKC (consolidated for all purposes with Civil Action No. 16-cv-01215-CMA-SKC and Civil Action No. 16-cv-03162-CMA-SKC)

JOAN OBESLO, *et al.*,

    Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC, *et al.*,

    Defendants.

## AFFIDAVIT OF ROBERT MICHAEL LITTLE

The affiant below, having been duly sworn by an officer authorized to administer oaths, states as follows:

1. My name is Robert M. Little. I am Associate General Counsel, Litigation, for Empower Retirement LLC, an affiliate of Great-West Capital Management, LLC ("GWCM") and Great-West Life & Annuity Insurance Company ("GWLA") (collectively, "Defendants"). I have personal knowledge of the matters set forth below related to the attorneys' fees and expenses that Defendants incurred and paid in connection with the trial of the above-captioned matter and court-ordered post-trial briefing.

2. Plaintiffs' Complaint was directed at important facets of Defendants' businesses. Plaintiffs attacked the Great-West Funds Board of Directors as unqualified, self-interested and uninformed (Dkt. 377 at 9-11), and attacked certain fees as so excessive as to violate fiduciary duties. (Dkt. 377 at 48-49). Finally, Plaintiffs, through retained expert Christopher Meyer, sought to recover tens of millions of dollars in

damages from Defendants. All of these factors required that I retain and manage a group of highly-qualified and diligent attorneys both with extensive experience in defending cases under the Investment Company Act of 1940 and in conducting trials in the United States District Court for the District of Colorado.

4. Defendants retained attorneys at Milbank LLP due to the firm's experience in successfully defending companies in cases involving claims very similar to Plaintiffs' claims against Defendants, and in particular, the expertise and accomplishments of lead trial counsel Sean Murphy. Prior to doing so, Defendants conducted an extensive search for qualified outside counsel and identified no Denver-based attorneys with the requisite experience litigating cases under the Investment Company Act of 1940. The qualifications and experience of Mr. Murphy and other members of the Milbank trial team are further detailed in the Affidavit of Kevin Shea and the exhibits thereto.

5. Defendants retained attorneys at Wheeler Trigg O'Donnell LLP due the firm's reputation as a premier trial law firm, with significant experience successfully trying cases in this District.

6. As the Court has noted, the eleven-day trial of this case involved 13 fact witnesses and three expert witnesses. (Dkt. at 6.) In addition, three independent board members testified. (*Id*. at 7-8.) Due to the breadth and seriousness of Plaintiffs' allegations and the fact-intensive nature of the defense of those claims, Defendants presented the testimony of a Senior Vice President, Chief Financial Officer, Associate General Counsel, Senior Investment Analyst, Chief Business Development Officer and Vice President of Investment Administration. (*Id*. at 8.) Finally, the parties prepared

and submitted contested deposition designations for an additional seven witnesses.  (*Id.* at 10.)  Trial proceeded from January 13-28, 2020, and the parties submitted Proposed Findings of Fact and Conclusions of Law on April 17 and May 15, 2020. (Dkt. 377 and 378).

7. In my role as Associate General Counsel and one of the counsel of record in this matter, I attended all trial proceedings and both managed and observed the daily preparation and performance of Defendants' retained trial counsel, their associates and their support staff.  Given the complexity of the case, the amounts at issue, the number of witnesses and volume of exhibits, I believed the staffing and hours committed to the defense of the case was reasonable and necessary.

8. Also in my role as Associate General Counsel, I personally reviewed and approved all invoices for legal services (and related costs and expenses) submitted by the above-referenced professionals for the period of January 13, 2020 through September 1, 2020.  Those invoices are attached as Exhibit A to this Affidavit under seal, and provide "a detailed description of the services rendered, the amount of time spent, and the hourly rate charged…." D.C.COLO.LCivR 54.3(b((2)[1].  Defendants have paid all invoices in Exhibit A and the actual amount of fees reasonably incurred from January 13, 2020 to September 1, 2020, and reflected on those invoices, totals

---

[1] Certain portions of those invoices have been redacted because they contain administrative information not relevant to the Court's review, contain entries for which Defendants' do not seek reimbursement, or contain entries for fees incurred outside of the relevant time period.

3

$1,482,928.13, which excludes expert witness expenses and fees incurred by multiple Milbank support personnel. A chart reflecting this calculation is attached as Exhibit B.

9. I am aware of Tenth Circuit case law providing that district courts have the discretion to award attorneys' fees under Section 1927 either based on the actual rates charged and paid, or on the hourly rates for services in the relevant market applicable to the particular case at issue. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1207 (10th Cir. 2008). Should the Court choose to apply the relevant rates applicable to the Denver market, Defendants retained Attorney Kevin Shea to provide an expert opinion regarding the reasonable rates for high-exposure, complex commercial litigation and trial work in the Denver market during the relevant time period identified above. For the billing attorneys, Mr. Shea has opined that the following rates are reasonable in Denver:

- Sean Murphy: $850 - $900
- Robert Liubicic: $750 - $800
- James Whooley: $500 - $525
- Ben Reed: $450 - $480
- Ayana Sumiyasu: $340 - $375
- Kevin Maggio: $300 - $340
- Jacqueline Rosen: $280 - $300
- Ed Stewart: $454

In addition, for purposes of this calculation, Defendants seek reimbursement for the fees incurred by two support staff at Wheeler Trigg O'Donnell LLP at the actual rates billed:[2]

- Murfy Powell: $178.50
- Robert Mason : $238

Using those rates and the number of hours billed by each individual above from January 13, 2020 to September 1, 2020, as reflected in Exhibit B, yields, at the low-end of Mr. Shea's range $1,112,716.05 and at the high-end of Mr. Shea's range $1,182,638.55.

10. In addition to those fees, Defendants also incurred certain necessary and reasonable expenses. The largest component of these expenses is associated with the testimony of Professor Arthur Laby and Dr. Glenn Hubbard. Their qualifications and the nature of their trial testimony is set forth in Dkt. 384 at 9-10. Attached as Exhibit C are the invoices submitted for Professor Laby, Dr. Hubbard and their support staff in connection with Professor Laby's and Dr. Hubbard's trial testimony. I understand that some courts have awarded expert witness fees under 28 U.S.C. § 1927, and consistent with the statute and the Court's Order on the Motion for Sanctions, these were expenses that were reasonably incurred. (Dkt. 400 at 18 ("Plaintiffs' attorneys are personally liable for Defendants' excess costs, expenses, and attorney fees reasonably

---

[2] Defendants have excluded from this calculation multiple support staff from Milbank LLP whose fees were reasonably incurred during the relevant period and are reflected on the various invoices.

incurred....").) In my role as Defendants' Associate General Counsel, I approved payment for these necessary and reasonable expenses in the amount of $344,140 for work performed during the relevant time period.[3]

11. Finally, both I and Adam Regoli, Senior Counsel Litigation for Empower Retirement, LLC spent many dozens of hours in attending trial, directing trial strategy, assisting in preparing company witnesses, researching and reviewing relevant case law, and drafting, reviewing and revising post-trial motions. The above amounts do not account for this time.

Dated: October 16, 2020

s/ Robert M. Little
Robert M. Little

STATE OF COLORADO ) 
) SS
COUNTY OF Denver )

Subscribed and sworn to before me by Robert Michael Little this 16th day of October, 2020.

Christine Keitlen
Notary Public
State of Colorado
My Commission Expires: 05/06/2021

ELIZABETH CHRISTINE KEITLEN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20054018361
MY COMMISSION EXPIRES 05/06/2021

---

[3] While the total amounts reflected on these invoices are higher, Defendants have limited their request for reimbursement to the time period commencing on January 13, 2020 in accordance with the Court's Order.