## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 16-cv-00230-CMA-SKC (consolidated for all purposes with
Civil Action No. 16-cv-01215-CMA-SKC and Civil Action No. 16-cv-03162-CMA-SKC)

JOAN OBESLO,
ANNE HALL, and
TINA GORRELL-DEYERLE, on behalf of Great West Funds, Inc.,

    Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK APLC 401 (K) PLAN,

    Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

JOAN OBESLO,
ANNE HALL, and
TINA GORRELL-DEYERLE, on behalf of Great-West Funds, Inc.,

    Plaintiffs,

v.

GREAT-WEST LIVE & ANNUITY INSURANCE CO, and
GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO REVIEW TAXATION OF COSTS**

This matter is before the Court on Defendants' Motion to Review Taxation of Costs (Doc. # 439). The Motion is denied for the following reasons.

## I. BACKGROUND

This case was a shareholder derivative action brought under the Investment Company Act ("ICA"). After an 11-day bench trial, the Court entered judgment in favor of Defendants. (Doc. # 385). Defendants then filed a Proposed Bill of Costs, seeking $573,635.21 in litigation expenses. (Doc. # 386). After considering both sides' briefs on the issue, the Clerk of Court awarded Defendants $151,362.89 in costs. (Doc. # 436)

Defendants now challenge the Clerk's cost award. They argue that the Clerk erred by declining to award certain costs related to electronic discovery, preparing trial exhibits, and recording depositions. (Doc. # 439). Plaintiffs counter that these costs are not awardable because they do not fall within the categories of awardable costs listed in 28 U.S.C. § 1920. The Court agrees with Plaintiffs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). However, not every litigation expense is an awardable "cost." Generally, only the expenses enumerated in 28 U.S.C. § 1920 may be awarded as "costs" under Rule 54(d). *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1179 (10th Cir.2005). These costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920.

"The burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled[.]" *Allison v. Bank One-Denver*, 289 F. 3d 1223, 1248-49 (10th Cir. 2002).

### III.   ANALYSIS

Defendants argue that the Clerk erred by declining to award the following cost items:

> (1) "$233,008.43 for services related to the copying and production of electronically-stored information ('ESI') Plaintiffs requested";
>
> (2) "$156,115.04 for services related to the copying of trial exhibits"; and

>   (3) "$14,362.00 for fees of the court reporter for deposition exhibits and videotaped testimony necessarily obtained for use in the case."

(Doc. # 439, p. 1).

The Court will address each of these items in turn.

## A. DISCOVERY COSTS RELATED TO "PROCESSING ESI"

Defendants first argue that the Clerk erred by refusing to award certain costs "for services related to the copying and production of electronically-stored information ('ESI') Plaintiffs requested." (Doc. # 439, p. 3). Specifically, Defendants seek reimbursement, of $297,713.93 they paid to a third-party vendor to help process information and documents that were responsive to Plaintiff's discovery requests. (Doc. # 436, pp. 72-82; Doc. # 439, 4-5). The Clerk awarded Defendants just a fraction of that amount – $64,707.50 – for uploading ESI and converting it to a usable format. (Doc. # 436, p. 144; Doc. # 439, pp. 3-4). Defendants now argue that the Clerk erred by failing to award them the full amount requested.

Under 28 U.S.C. § 1920(4), a prevailing party can recover "the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(4). When a case involves ESI, this provision allows a party to recover some costs related to the processing of ESI. *Peterson v. Nelnet Diversified Sols., LLC*, No. 17-CV-01064-NYW, 2020 WL 3978756, at *7 (D. Colo. May 20, 2020). However, "not all costs associated with the processing of electronic data is recoverable under § 1920. *Id.* Taxable e-discovery costs under Section 1920(4) are generally limited to "the

costs of making copies, including the cost of initially uploading data and converting native files to other formats, such as TIFF and PDF." *Id.* at *6.

Applying these principles, the Clerk reviewed the vendor bills in question and found that two line-items qualified as "costs of making copies" under § 1920(4): $36,625 to "Create Tiff, Endorse, and Produce" (Doc. # 436 at 72); and $28,080.50 for "native processing" (Doc. # 436 at 73–74). The Clerk awarded these costs, but declined to award the remaining line-items, which included costs for things like "Technical Analyst/Litigation Support," "Project Min Chrg," "External Hard Drive," and "Project Manager." (Doc. # 436, pp. 75-82). The Court finds no error in this decision.

"Expenses not specifically authorized by statute are not recoverable as costs." *Medina v. Catholic Health Initiatives*, 1:13-cv1249-REB-KLM, 2017 WL 219314 at *1 (D. Colo. 2017). Section 1920 does not allow the Clerk to award costs "associated with the making of copies, or even [costs] necessary to the production of copies." *Id.* at *2. In fact, even costs that "may have promoted efficiency and economy in the discovery process" are not necessarily recoverable. *Id.* Rather, "[t]he language of the statute is narrow and controlling." *Id.* The statute provides that only the "costs of making copies" are recoverable. 28 U.S.C. § 1920(4). In this case, the Clerk properly limited awarded such costs and declined to award costs that fell outside the statute's narrow cost allowance.

Defendants argue, however, that because the ESI in question was responsive to Plaintiffs' discovery requests, Plaintiffs should have to pay the cost of processing that ESI: "Plaintiffs made the choice to demand an exceedingly broad and expensive ESI

5

collection effort . . . [and] Defendants incurred substantial costs through the retention of a third-party vendor to process the ESI Plaintiffs demanded of them." (Doc. # 402, p. 6). This argument is unavailing. Discovery costs do not become awardable merely because "the expansiveness of the opposing party's discovery requests may have contributed to the need for them." *Medina*, 2017 WL 219314 at *1. "Absent specific statutory authorization," discovery costs are not recoverable – regardless of how "viscerally compelling" a party's contrary arguments may be. *Id.* at *2. In this case, the Clerk correctly concluded that there was no "specific statutory authorization" for the remaining e-discovery costs Defendants sought, and the Clerk properly declined to award those costs.

Defendants argue, however, that this Court's decision in *Comprehensive Addiction Treatment Center, Inc. v. Leslea*, 11-CV-03417-CMA-MJW, 2015 WL 638198 (D. Colo. Feb. 13, 2015), compels the opposite conclusion. The Court disagrees. In *Leslea*, the defendant retained an "outside consultant to retrieve and convert [] ESI into a retrievable format." *Leslea*, 2015 WL 638198 at *1. The Court found that these costs amounted to "the costs of making copies," and were therefore awardable under Section 1920(4). Here, by contrast, Defendants seek reimbursement for numerous expenses that cannot fairly be called "the costs of making copies" – including expenses like "Technical Analyst/Litigation Support," "Project Min Chrg," "External Hard Drive," and "Project Manager." (Doc. # 436, pp. 75-82). Unlike the costs awarded in *Leslea*, these

6

expenses do not fall within the narrow cost allowance set forth in Section 1920(4). Therefore, the Clerk correctly concluded that these charges were not awardable.

**B.    COPYING CHARGES FOR TRIAL EXHIBITS**

Defendants next contend that the Clerk erred by declining to award costs for "preparing additional sets of exhibits reasonably necessary for Defendants' counsel and witnesses to prepare for and participate in trial proceedings." (Doc. # 439, p. 6). Defendants requested a total of $206,331.30 in costs related to copying trial exhibits: $50,216.26 for preparing exhibit binders for trial (which were required by this Court's practice standards), and an additional $156,115.04 for copying "several sets of exhibits" for Defendants and their attorneys to use at trial. (Doc. # 402, p. 10). (Doc. # 436, pp. 83-89). While the Clerk agreed that the former charge was necessary and awardable under Section 1920(4), the Clerk declined to award the latter charge. Defendants now argue that these extra copies of exhibits were "necessary for use in the case," and were therefore awardable under Section 1920(4). The Court disagrees.

Items proposed by prevailing parties "as costs should always be given careful scrutiny." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988), *overruled on other grounds as recognized by Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir.1996). A prevailing party may recover the cost of copies "necessarily obtained for use in the case," 28 U.S.C. § 1920(2) & (4), but it cannot recover the costs of materials that merely "added to the convenience of counsel." *Touche Ross*, 854 F.2d at 1245. In this case, Defendants have failed to establish that the additional copies were "necessarily obtained for use in the case" rather than merely

7

for the "convenience of counsel." Therefore, the Clerk properly declined to award costs for those additional copies.

Defendants argue, however, that they are entitled to recover these costs because their witnesses were very important people who could not be expected to share exhibits:

> Defendants were required to prepare and present [as] witnesses . . . some of Defendants' highest-ranking executives, including its Senior Vice President, Chief Financial Officer, Associate General Counsel and Chief Business Development Officer, among others. Having those witnesses trying to review the documents necessary to provide accurate testimony under oath by crowding around a single set of trial exhibits in a small waiting room outside the courtroom would be unworkable."

(Doc. # 439, p. 7).

This argument is unavailing. Defendants have failed to explain why these witnesses could not have used electronic copies of the exhibits – as the Court did – to prepare for their testimony. Further, the Court is not convinced that the only way to avoid preparing witnesses in a "small waiting room outside the courtroom," was to incur over $100,000 in copying costs. Even if they had been required to use a shared hard copy of the exhibits, the defense witnesses could have prepared for their testimony in the comfort of counsel's offices. In short, Defendants have failed to demonstrate that the additional

$156,115.04 they seek was "necessarily" incurred for use in this case. Therefore, the Court did not err by declining to award those costs.

## C.   DEPOSITION VIDEOS AND EXHIBITS

Finally, Defendants argue that the Clerk erred by denying an award of costs for certain deposition videos and exhibits. The clerk awarded Defendants over $33,832.98 in deposition costs, but declined to award an additional $6,518.25 for "exhibits to the deposition of Duplass Plaintiffs' representative, Michael Pfister," and an additional $7,843.75 for "the cost of all videotaped depositions which were not submitted to the Court for review during trial." (Doc. # 439, p. 7). Defendants contend that these additional costs are recoverable because (1) costs "incident to the taking of a deposition" are recoverable (Doc. # 439, p. 7); and (2) "videotaping costs are presumed to be awardable in the Tenth Circuit." (Doc. # 439, p. 7). These arguments fail.

The party seeking costs bears the burden of showing what costs should be awarded. *See Allison*, 289 F.3d at 1249 (the party seeking costs must provide "an adequate explanation for the necessity of the requested costs[.]"). In this case, Defendants have failed to provide an adequate explanation as to why they should be awarded additional deposition costs. Defendants' Motion provides no information about what exhibits were introduced at the Pfister deposition, why it was necessary to copy those exhibits, or why Defendants should recover the costs of deposition tapes that were never used.[1] It is not the Court's job to scour the record in search of support for

---

[1] Defendants attempt to cure this deficiency in their reply, arguing that it was "prudent" to videotape the depositions in question in case they were needed to "rehabilitate Defendants' witnesses" or substitute for live testimony. (Doc. # 446). The Court need not address this

Defendants' arguments. *See, e.g. Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it."). Because Defendants' Motion fails to provide sufficient factual support for their argument on this point, the Motion must fail.

Further, Defendants fail to cite any statutory provision that would allow them to recover these costs. They simply argue that such costs are generally "recoverable" or "presumed to be awardable." (Doc. # 439, p. 7). This vague and conclusory argument does not justify overturning the Clerk's cost award.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Review Taxation of Costs (Doc. # 439) is DENIED. The Clerk's cost award (Doc. # 436) is AFFIRMED. It is

---

argument. As the Tenth Circuit has explained, raising an argument for the first time in a reply brief "robs the [other party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). As a result, "arguments raised for the first time in a reply brief are generally deemed waived," *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).

10

FURTHER ORDERED that costs in the amount of $151,362.89 are awarded to Defendants and against Plaintiffs as stated in the Clerk's cost award (Doc. # 436).

DATED: August 25, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge