**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 16-cv-00230-CMA-SKC (consolidated for all purposes with
Civil Action No. 16-cv-01215-CMA-SKC and Civil Action No. 16-cv-03162-CMA-SKC)

JOAN OBESLO,
ANNE HALL, and
TINA GORRELL-DEYERLE, on behalf of Great West Funds, Inc.,

    Plaintiffs,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK APLC 401 (K) PLAN,

    Plaintiff,

v.

GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendant.

---

JOAN OBESLO,
ANNE HALL, and
TINA GORRELL-DEYERLE, on behalf of Great-West Funds, Inc.,

    Plaintiffs,

v.

GREAT-WEST LIVE & ANNUITY INSURANCE CO, and
GREAT-WEST CAPITAL MANAGEMENT, LLC,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS
AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS**

This matter is before the Court on two post-judgment issues: (1) the amount of attorney fees and expenses due to Defendants pursuant to 28 U.S.C. § 1927 (Doc. # 407); and (2) the question of who owes the fees and expenses (Doc. # 418). For the following reasons, the Court awards $1,500,000.00 in attorney fees and expenses against Schneider Wallace Cottrell Konecky LLP and Schlichter Bogard & Denton LLP, jointly and severally.

## I.    BACKGROUND

This case was a consolidated shareholder derivative action under § 36(b) of the Investment Company Act ("ICA"), 15 U.S.C. § 80a-35(b). Plaintiffs alleged that the fees charged by Defendants Great-West Capital Management, LLC ("GWCM") and Great-West Life & Annuity Insurance Co. ("GWL&A") violated § 36(b) of the ICA, which prohibits fees that are "so disproportionately large that [they] bear[] no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010) (citing *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923 (2d Cir. 1982)). After an eleven-day bench trial, the Court entered judgment in favor of Defendants. (Docs. ## 384, 385).

In the wake of trial, both sides sought sanctions against the other pursuant to 28 U.S.C. § 1927. (Docs. ## 389, 395). That statute provides, in relevant part, that "[a]ny attorney . . . who so multiplies proceedings in any case unreasonably and vexatiously . .

. may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Court determined that Plaintiffs' evidence was plainly insufficient, and that Plaintiffs' counsel "recklessly proceeded to trial in violation of their duty to objectively analyze their case." (Doc. # 400, p. 8). Therefore, the Court granted Defendants' motion for sanctions, but the Court did not issue a final award of fees at that time. (Doc. # 400). Instead, the Court ordered Defendants to submit documentation to support their fee request, (Doc. # 400), and to clarify "against whom judgment is sought with respect to an award of fees." (Doc. # 415). The Court also capped any damage award at $1,500,000 and limited any fee award to "excess costs, expenses, and attorney fees reasonably incurred from the period beginning on the first day of trial and ending on the date Defendants filed [their § 1927 motion]." Doc. # 400, p. 8).

Defendants now seek an award of $1,403,452.87 in attorney fees and $340,740 in expert fees against the two law firms who represented Plaintiffs in this action.[1] (Docs. ## 407, 418, 430).

## II. LEGAL STANDARD

When evaluating a motion for attorney fees, the Court follows the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987). The first step in determining a fee award is to determine the number of hours

---

[1] However, because the Court has already capped the fee award at $1,500,000 (Doc. 400, p. 8), Defendants limit their total award request to $1,500,000.

reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. Time spent by counsel that is "excessive, redundant, or otherwise unnecessary" is not compensable. *Hensley*, 461 U.S. at 434. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

Next, the Court must determine a reasonable hourly rate of compensation. *Ramos*, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018. The party seeking the award has the burden of persuading the Court that the hours expended, and the hourly rate, are reasonable. *Id.*

Finally, at step three, the Court must multiply the reasonable hourly rate by the number of hours reasonably expended to determine the lodestar amount. *Id.*

### III.   DISCUSSION

**A.   AMOUNT OF FEES**

Plaintiffs' counsel challenge Defendants' fee request on three primary grounds: They argue that (1) Defendants are seeking an excessive amount of attorney fees; (2) that expert fees are not awardable under 28 U.S.C. § 1927; and (3) that Defendants' claimed expert fees are excessive. (*See generally* Doc. # 424). The Court rejects these arguments.

1.   Amount of Attorney Fees

Plaintiffs' counsel first argue that the number of hours Defendants billed for the trial was excessive. They point out that eight defense attorneys billed "a total of

2,194.55 hours, the equivalent of more than 91 24-hour days, for an eleven-day trial[.]" (Doc. # 424, p. 1). Defendants counter that the fees were appropriate to the case: they point out that Plaintiffs sought tens of millions of dollars in damages, "challenged important facets of Defendants' businesses," and asserted claims that "had the potential to cause significant reputational harm to Defendants if Plaintiffs were successful." (Doc. # 430, p. 2). "Under these circumstances," Defendants argue "there is no basis for [Plaintiffs' counsel] to second-guess Defendants' staffing decisions . . . . The results speak for themselves." (Doc. # 430, p. 2). The Court agrees with Defendants.

This was a high-stakes case: If Plaintiffs had prevailed at trial, they would have been entitled to an eight-figure damage award, plus costs and interest. Defendants' victory at trial was, in part, the product of a well-prepared defense team and a well-tried defense case, and the hours billed appear reasonable in light of the work involved in preparing such a case. Having made the decision to proceed to trial, Plaintiffs' counsel cannot now challenge the Defense's choices about how to staff its trial team and litigate that trial. The Court finds that the time spent on the trial and post-trial proceedings was reasonable under the circumstances.

Next, the Court finds that the rates charged by defense counsel were reasonable. Defendants have provided evidence that such rates are reasonable and consistent with the rates charged for similar work by similarly qualified attorneys, and Plaintiffs' counsel do not challenge those rates.

Multiplying defense counsel's reasonably hourly rate by the number of hours reasonably expended, the Court finds that an award of $1,403,452.87 is reasonable and appropriate.[2]

Plaintiffs contend, however, that "[m]any of the billing entries for the [defense] attorneys . . . are so vague that they do not indicate what the attorneys did[.]" (Doc. # 424, p. 2). Therefore, they argue, the Court cannot award fees for those entries. The Court disagrees. The entries in question are sufficiently clear to show that the work in question was related to Defendants' trial preparation. Having already limited Defendants' total recovery to fees and expenses after the start of trial, and having further restricted that recovery to no more than $ 1.5 million, the Court finds no basis to further reduce the fee award.

2. Awardable Expenses

Plaintiffs next contend that expert fees are not awardable under § 1927. The Court disagrees.

There is evidently conflicting case law on the question of whether expert fees are awardable under Section 1927. In the absence of any binding Tenth Circuit authority on this issue, the Court finds no reason to exclude expert fees from the awardable expenses in this case. As Defendants correctly point out, the purpose of § 1927 is "to compensate victims of abusive litigation practices[.]" (Doc. # 430, p. 5 (quoting *Hamilton*

---

[2] The Court notes that this number is arguably lower than the true lodestar amount. Defense counsel acknowledge that they failed to file invoices for work incurred in August 2020 (Doc. # 430), which they had used to calculate the lodestar amount. However, they have stipulated that they will not seek the fees billed in the missing invoices, resulting in a lodestar amount of $1,403,452.87.

*v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008)). This purpose would be thwarted if Defendants were unable to recover the expert fees incurred to defend this case at trial. Therefore, the Court finds that expert fees are recoverable here.

Plaintiffs' counsel next contend that, even if expert fees are awardable, the expert fees in this case were excessive. (Doc. # 424, pp. 3-5). The Court need not address this argument. The Court has already capped the total amount available to Defendants at $1.5 million, which precludes them from recovering more than $200,000 in expert fees. Plaintiffs' proposed reductions to Defendants' expert witness fees total far less than $200,000. Therefore, Defendants' fee award has already been reduced, and the Court finds no basis to reduce it further.

**B.     WHO IS LIABLE FOR THE FEE AWARD**

All parties agree that, if fees are awarded, they should be awarded against the law firms that represented Plaintiffs rather than against any individual attorney. However, the law firm of Schneider Wallace Cottrell Konecky LLP – which represented Plaintiff Duplass, Zwain, Bourgeois, Pfister & Weinstock APLC 401(k) Plan – argues that only lead counsel, the law firm of Schlicter Bogard & Denton LLP, should be sanctioned. The Court disagrees. Having reviewed the relevant briefing, the Court finds no basis for assigning more fault to one firm over the other. Both firms were responsible for choosing to take the case to trial, unreasonably prolonging the litigation. Further, neither firm provides a clear principle upon which the Court could assign damages proportionally between them. Thus, while it is theoretically possible that one firm may bear more fault than the other, the Court is without a basis to make that determination

on the briefs alone, and it therefore declines to do so. Fees are awarded against both Schneider Wallace Cottrell Konecky LLP and Schlichter Bogard & Denton LLP, jointly and severally.

## IV.  CONCLUSION

Based on the foregoing, the Court ORDERS that, pursuant to 28 U.S.C. § 1927, Defendants are entitled to an award of $1,403,452.87 in attorney fees and $96,547.13 in expert witness fees and related expenses, for a total award of $1,500,000. It is

FURTHER ORDERED that the clerk shall enter judgment in the amount of $1,500,000 in favor of Defendants and against the law firms of Schneider Wallace Cottrell Konecky LLP and Schlichter Bogard & Denton LLP, jointly and severally. It is

FURTHER ORDERED that Defendants' Motion for Status Update and Request for Ruling (Doc. # 452) is DENIED AS MOOT in light of the foregoing.

DATED: August 16, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge